CEM

**FILED**
**JANUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RASIC, | ) | **08 C 104** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **JUDGE DARRAH** |
| | ) | **MAGISTRATE JUDGE SCHENKIER** |
| | ) | Plaintiff Demands |
| CITY OF NORTHLAKE, CHIEF | ) | Trial by Jury |
| DENNIS A. KOLETSOS, individually, | ) | |
| and the CITY OF NORTHLAKE | ) | |
| POLICE AND FIRE COMMISSION, | ) | |
| Roberta Larson, Manuel Ferra, and | ) | |
| Gary Merchant, | ) | |
| | ) | |
| Defendants. | ) | |

**FMLA COMPLAINT AND PETITION FOR ADMINISTRATIVE REVIEW**

Plaintiff, DANIEL RASIC (hereinafter "Rasic"), by and through his attorneys, CAFFARELLI & SIEGEL LTD., for his Complaint, complains against Defendants the CITY OF NORTHLAKE (hereinafter "Northlake" or the "City"), CHIEF DENNIS A. KOLETSOS, individually (hereinafter "Koletsos"), and the CITY OF NORTHLAKE POLICE AND FIRE COMMISSION, Roberta Larson, Manuel Ferra, and Gary Merchant (hereinafter the "Commission") as follows:

**NATURE OF ACTION**

1.  This is an action for damages and injunctive relief, in the alternative, caused by the Defendants' interference with Plaintiff's rights and retaliation against Plaintiff for exercising those rights in violation of the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. § 2615 *et seq*. This action also includes a petition for administrative review of the

Commission's decision to terminate Plaintiff's employment, pursuant this Court's supplemental jurisdiction and the Administrative Review Law of the State of Illinois, 735 Ill. Comp. Stat. 5/3.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617. The Court has jurisdiction over the Illinois state administrative claim pursuant to 28 U.S.C. § 1367(a) and the reasoning set forth in University of Tennessee v. Elliott, 478 U.S. 788 (1986), which recognized the ability of a federal district court to review state administrative decisions pursuant to the general rules of supplemental jurisdiction.

3. The unlawful employment practices described herein were committed within the State of Illinois, in Defendant Northlake's offices in Northlake, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, Daniel Rasic, is a resident of Cook County, Illinois. He was employed in the police department of the City of Northlake from 1999 until approximately November of 2007. Plaintiff was an "employee" of Northlake within the meaning of the FMLA during the relevant times of this Complaint. He had worked for at least 12 months prior to the date he was on FMLA leave and prior to the date he was terminated and worked more than 1,250 hours during the previous year.

5. Defendant Northlake is a "public agency" within the meaning of the FMLA. It maintains its central offices at 55 East North Avenue, Northlake, Illinois 60164. Northlake was the "employer" of Plaintiff within the meaning of the FMLA at all times relevant to this action. During the relevant time through today, it employs more than fifty employees within seventy-five miles of its central offices in Northlake, Illinois.

6. Defendant Koletsos is an "employer" within the meaning of the FMLA. At all relevant times, Defendant Koletsos was the Chief of the City of Northlake Police Department. At all relevant times, he acted in the interest of and on the behalf of the City of Northlake in relation to Plaintiff. He is the also the party who initiated the termination proceedings against Plaintiff with the Commission.

7. The City of Northlake Police and Fire Commission is the entity that determined the employment of Plaintiff should be terminated. It is a Respondent for purposes of the Count III administrative review claim only.

## FACTUAL ALLEGATIONS

8. Rasic began working for Defendants in 1999 as a police officer.

9. In or about May of 2007, Rasic informed Defendants that he would need to take time off of work, pursuant to the FMLA, for the upcoming birth of his child. Rasic estimated that his leave would most likely begin in July of 2007.

10. Defendants approved Rasic's request for FMLA leave for the birth of his child, and Rasic's FMLA leave began in July of 2007.

11. In the first month of his FMLA leave, Rasic's father was required to have several unexpected surgeries, including hip replacement surgery. Those surgeries were potentially life-threatening due to Rasic's father's advanced age and medical history.

12. As a result of his father's serious health condition and need for treatment, Rasic requested Defendants to extend his FMLA leave so that he could take care of his father, as well as to continue to be with his newborn baby.

13. Defendants approved Rasic's second FMLA request. A written document signed by Defendant Koletsos indicating that Rasic was approved for leave to take care of both his child and his father is attached hereto as Exhibit A.

14. The birth of Rasic's child involved several medical complications. The child was born with the umbilical cord wrapped around her neck and had to remain in the hospital after birth for quite some time.

15. According to the Defendants' requirements, Rasic called in every Monday to apprise Defendants of the status of his leave.

16. On or about July 23 2007, Defendant Koletsos called Rasic at home while he was out on leave. Defendant Koletsos left a voicemail message and Rasic shortly returned his telephone call.

17. Although Rasic was on approved FMLA leave and although he had been calling in every Monday to apprise the Defendants of his status, Defendant Koletsos asked him "when he was planning to come back to work."

18. As Rasic had previously apprised Defendants, he responded that he was planning on returning from his FMLA leave on September 1, 2007.

19. Defendant Koletsos, in violation of the FMLA, responded "yeah, well, we need you back before that, so start making some plans, okay?"

20. Rasic responded that he would try to return to work as soon as he could.

21. During this telephone discussion, Defendant Koletsos also said, in violation of the FMLA, "I'm not letting you take off the summer anymore like this, Dan, okay. Everybody else has kids. You need to start making some plans to come back, okay."

22. In response, Rasic reminded Defendant Koletsos that not only was he on leave because of his child but also because of his father, who was recovering from major surgery.

23. Defendant Koletsos responded by saying, in violation of the FMLA, "I understand that. Everybody – you know, a lot of people are dealing with elderly parents that are sick and terminally ill…you got to come to work though, you know. I mean, you know, you're going to be off all summer here. It's a busy summer. We got a lot of people filling in for you and stuff. You got to start thinking of the department too, you know, okay?"

24. Despite Defendants' prodding to do so, Rasic asserted his FMLA rights and declined to return to work before the scheduled completion of his approved FMLA leave.

25. The day after the telephone conversation between Rasic and Defendant Koletsos, Defendants asked a sergeant in the police department to call Rasic and demand that he return to duty for the alleged reason that Rasic had received a subpoena to appear in court, although Koletsos had not mentioned anything about a subpoena the day before. According to City rules, appearing on a subpoena constitutes an official "return to duty."

26. Defendants' reliance on the subpoena as a basis to require Rasic to return to work while on FMLA leave constitutes FMLA interference and is pretext for FMLA retaliation because Defendants had possessed the subpoena for weeks, but neglected and failed to bring it to Rasic's attention until the day after Rasic asserted his FMLA rights on the telephone.

27. Defendants' reliance on the subpoena as a basis to require Rasic to return to work while on FMLA leave also constitutes FMLA interference and is pretext for FMLA retaliation because court appearances are routinely and often rescheduled if an officer is otherwise unavailable for any other reason.

28. The usual procedure for police offices in the City of Northlake is that an officer who cannot attend court pursuant to a subpoena should contact the police department and the state's attorney to indicate that the officer could not attend court.

29. Pursuant to this procedure, Rasic contacted both the police department and the state's attorney to inform them that he was out on FMLA leave and could not attend the scheduled court date for that reason.

30. Rasic also informed both the police department and the state's attorney that he believed that having to attend the court date would violate his rights to take leave under the FMLA and was therefore an unlawful order, given that such dates are routinely rescheduled.

31. Moreover, pursuant to City and police department rules, an officer has the right to refuse a request without consequence if he or she believes that it is an unlawful order.

32. After Rasic asserted his FMLA rights, while Rasic was still out on FMLA leave, he was suspended and Defendant Koletsos scheduled a disciplinary hearing before the City of Northlake Police and Fire Commission

33. Although Rasic attempted to present the FMLA as a "defense" to the charges against them, the Commission, which is not a court of competent jurisdiction, refused to consider the FMLA in any substantive manner and terminated Rasic's employment.

34. As a result of the FMLA violations alleged above, Rasic has suffered and has continued to suffer loss of income, loss of benefits, and has been required to retain an attorney to litigate this matter.

### COUNT I – INTERFERENCE WITH RASIC'S FMLA RIGHTS

35. Plaintiff incorporates Paragraphs 1 through 34, as if fully rewritten herein.

36. By July of 2007, Rasic had been continuously employed by Defendants for approximately eight years, and worked at least 1,250 hours during the twelve months immediately proceeding the date his FMLA leave began.

37. Defendants initially approved Rasic for a leave pursuant to the FMLA for the birth of his child.

38. Defendants subsequently approved Rasic for a leave pursuant to the FMLA to take care of his father as well as for the birth of his child.

39. Rasic's father's surgeries constitute "serious health conditions" within the meaning of the FMLA.

40. Rasic was entitled to a family and medical leave in order to care for his father and also for the birth of his child under the FMLA.

41. While Rasic was out on an approved FMLA leave, Defendant Koletsos contacted him at home and tried to induce him to return to duty prior to the completion of his leave.

42. Rasic declined to return to work prior to the completion of his scheduled leave.

43. Defendants then demanded that Rasic return to duty prior to the completion of his scheduled leave by pretextually asking him to appear in court for a subpoena.

44. In this manner, Defendants interfered with Rasic's entitlement to leave under the Family and Medical Leave Act.

45. Defendants' aforementioned actions constitute violations of the FMLA, 29 U.S.C. § 2615.

46. As a direct and proximate result of said acts, Rasic has suffered and continues to suffer loss of income, loss of other employee benefits, and has been required to retain an attorney to litigate this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rasic respectfully requests that this Court enter judgment in his favor and against Defendants Koletsos and City of Northlake by:

(a) Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

(b) Enjoining and permanently restraining these violations of the FMLA;

(c) Awarding Rasic back wages and lost benefits due to Defendant's violations of the FMLA;

(d) Awarding Rasic front pay to or, in the alternative, directing Defendants to reinstate Rasic to his previous position of police officer;

(e) Awarding Rasic interest on any compensation denied or lost to him because of Defendants' unlawful acts;

(f) Awarding Rasic liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

(g) Awarding reasonable attorneys' fees and costs incurred by Rasic in connection with the instant action; and

(h) Awarding Rasic such further and additional relief as the Court may deem just and proper.

**COUNT II – RETALIATION AGAINST RASIC FOR TAKING FMLA LEAVE**

47. Plaintiff incorporates Paragraphs 1 through 46, as if fully rewritten herein.

48. While Rasic was out on approved FMLA leave, Defendant Koletsos contacted at home in an attempt to induce him to return to work prior to the scheduled completion of his FMLA leave.

49. Rasic declined to return to work prior to the scheduled completion of his FMLA leave and asserted his FMLA rights.

50. Defendants then demanded that Rasic return to duty prior to the completion of his scheduled leave by pretextually asking him to appear in court for a subpoena.

51. The court date was going to occur on a date when Rasic was still scheduled to be away from work on approved FMLA leave.

52. Pursuant to City rules, appearing in court on a subpoena constitutes an official "return to duty."

53. Court appearances are routinely rescheduled when an officer is otherwise unavailable and, pursuant to City rules, when an officer cannot appear in court on a given date, he or she is required to contact both the police department and the state's attorney to indicate that he or she cannot appear.

54. Despite this usual procedure, Defendants instructed Rasic that he could not contact the state's attorneys office.

55. Defendants did not want Rasic to contact the state's attorneys office about the subpoena because they wanted to have a pretextual reason to terminate Rasic's employment when he did not appear for the subpoena.

56. Rasic contacted the department and the state's attorney to indicate that he could not appear because he was out on FMLA leave.

57. When Rasic did not appear for the subpoena, Defendants scheduled Rasic for a hearing in front of the City of Northlake Police and Fire Commission for termination.

58. Rasic's employment was terminated in approximately November of 2007.

59. This termination was in retaliation for Rasic having exercised his rights under the FMLA. Defendants' rationale for terminating Rasic is pretext in order to disguise FMLA retaliation. But for having taken FMLA leave and exercising his rights, Rasic would not have been terminated.

60. Had Defendant not deliberately attempted to induce Rasic to return from his approved FMLA early, Rasic would not have been terminated.

61. As a direct and proximate result of said acts, Rasic has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has suffered and continues to suffer distress, expenses, and damage to his reputation. He has likewise been required to retain an attorney to litigate this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rasic respectfully requests that this Court enter judgment in his favor and against Defendants Koletsos and City of Northlake by:

(a) Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

(b) Enjoining and permanently restraining these violations of the FMLA;

(c) Awarding Rasic back wages and lost benefits due to Defendants' violations of the FMLA;

(d) Awarding Rasic front pay or, in the alternative, directing Defendants to reinstate Rasic to his previous position of police officer;

(e) Awarding Rasic interest on any compensation denied or lost to Plaintiff because of Defendants' unlawful acts;

(f)     Awarding Rasic liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

(g)     Awarding reasonable attorneys' fees and costs incurred by Rasic in connection with the instant action; and

(h)     Awarding Rasic such further and additional relief as the Court may deem just and proper.

### COUNT III – PETITION FOR ADMINISTRATIVE REVIEW
### (against Chief Koletsos and Police and Fire Commission only)

62.     Plaintiff incorporates Paragraphs 1 through 61, as if fully rewritten herein.

63.     This is a Petition for Administrative Review of a decision of the Police and Fire Commission of the City of Northlake (hereinafter the "Commission"),

64.     Petitioner Daniel Rasic is a former police officer of the City of Northlake.

65.     On or about August 27, 2007, Chief of Police Dennis A. Koletsos filed charges with the Commission against Officer Rasic, alleging violations of certain rules and regulations of the Northlake Police Department, specifically Rules 101, 102, 105, 106, and 119.

66.     Defendant/Respondent the City of Northlake Police and Fire Commission is the body responsible for hearing and determining separation cases for police and fire employees of the City of Northlake.

67.     A decision of the Commission is subject to judicial review pursuant to the Illinois Administrative Review Law, 735 Ill. Comp. Stat. 5/3.

68.     Officer Rasic received notice of the charges and of the hearing, at least five (5) days prior to the hearing on the charges.

69.     Evidentiary proceedings were commenced in the matter entitled <u>In the Matter of City of Northlake v. Daniel Rasic</u>.  The hearing was held in front of Commission Chairperson

11

Roberta Larson and Commission members Manuel Ferra and Gary Merchant. The proceedings were conducted by Richard Bruen, attorney for the Commission.

70. Officer Rasic was represented by an attorney at the proceedings.

71. On December 17, 2007, the Commission entered its Findings and Decisions, finding Officer Rasic Guilty of all charges and ordering his termination from his position as police officer.

72. The decision of the Commission is against the manifest weight of the evidence and is contrary to law.

73. The decision of the Commission is also arbitrary, capricious, unrelated to the requirements of service, and contrary to law and sound public opinion for the following reasons:

   a. The evidence before the Commission does not support its decision;

   b. The Commission's decision and the proceedings reveal that the Commission both disregarded Officer Rasic's rights under the FMLA, does not understand the FMLA, and is not a court of competent jurisdiction for purposes of the FMLA;

   c. The Commission's decision that Officer Rasic committed insubordination by refusing to return to work while he was out on approved FMLA leave is contradictory to well-established law;

   d. The Commission erred in imposing the penalty of termination when the evidence did not support such a penalty;

   e. The Commission failed to admit certain evidence and testimony which was properly offered into evidence;

   f. The Commission improperly failed to allow Officer Rasic to make an offer of proof regarding evidence and testimony that was disallowed;

    g.  Petitioner relies on all other errors that are in the record of proceedings before the Commission in this matter.

74.  Petitioner specifies that the Commission be directed by this Honorable Court to file the transcript of proceedings had before that agency in this matter, pursuant to sections 3-106 and 3-108(b) of the Administrative Review Law, 735 Ill. Comp. Stat. 5/3-106, 3-108(b).

WHEREFORE, in addition to the relief requested in Counts I and II above, Plaintiff/Petitioner requests that this Honorable Court review the decision of the Commission and issue an order reversing the decision.

Dated: January 7, 2007                    Respectfully Submitted,

Alejandro Caffarelli #06239078
Jessica J. Fayerman, #06286140
Caffarelli & Siegel Ltd.
Two Prudential Plaza                            /s/ Alejandro Caffarelli
180 N. Stetson, Suite 3150                      One of Plaintiff's Attorneys
Chicago, Illinois 60601
(312) 540-1230
(312) 540-1231                              **JURY DEMAND**

                                                    Plaintiff demands a jury to hear and decide all issues of fact.

                                                    /s/ Alejandro Caffarelli
                                                      One of Plaintiff's Attorneys