**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL RASIC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 104 |
| | ) | |
| **CITY OF NORTHLAKE, CHIEF** | ) | Judge Darrah |
| **DENNIS A. KOLETSOS, individually,** | ) | |
| and the **CITY OF NORTHLAKE** | ) | Magistrate Judge Schenkier |
| **POLICE AND FIRE COMMISSION,** | ) | |
| Roberta Larson, Manuel Ferra, and | ) | |
| Gary Merchant, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DENNIS KOLETSOS' MEMORANDUM**
**OF LAW IN SUPPORT OF MOTION TO DISMISS**

I.  **Introduction.**

For purposes of this Motion the facts can be stated simply. Plaintiff, Daniel Rasic ("Rasic") was a police officer employed by the City of Northlake. Defendant, Dennis Koletsos ("Chief Koletsos") is the Northlake Chief of Police. Chief Koletsos filed Charges against Rasic seeking the termination of his employment as a police officer. The City's Fire and Police Commission, the local body charged by statute with handling police officer disciplinary matters, 65 ILCS 5/10-2.1-17, found that there was cause to terminate Rasic's employment and Rasic's employment was in fact terminated.

Rasic has filed a three-count Complaint. Counts I and II seek relief against the City and Koletsos under the Family and Medical Leave Act (FMLA), 29 USC § 2611, et seq. Count I seeks to allege an "interference/entitlement" claim, while Count II seeks to allege

a "discrimination/retaliation" claim.  See, generally, Kauffman v. Federal Express, 426 F.3d 880, 884 (7th Cir. 2005).  Count III invokes this Court's supplemental jurisdiction for purposes of state law administrative review of the termination decision.

The key allegation of the Complaint for purposes of this Court's adjudication of the present Motion to Dismiss is the first sentence of Paragraph 6.  It alleges: "Defendant Koletsos is an 'employer' within the meaning of the FMLA."  For the reasons set forth below, this contention is erroneous as a matter of law.  Individuals like Koletsos who are employees of public agencies are not subject to individual liability under FMLA.  In the alternative, Koletsos is entitled to qualified immunity.

## II. Individual Employees of Public Agencies Such as the City of Northlake Are Not Subject to Individual Liability Under FMLA.

FMLA guarantees eligible employees up to twelve weeks unpaid leave per year for various reasons including birth of a child, or care for a member of the immediate family. 29 USC § 2612(a).  Under 29 USC § 2615(a)(1), it is unlawful for an employer to "interfere with, restrain or deny the exercise of or the attempt to exercise any right provided under this subchapter."

The "definitions" section of the Act is found in Section 2611.  Section 2611(4) has a number of separate and distinct definitions of Employer:

> (A)  In general.
> The term "employer" –
> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
> (ii) includes –
> (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

  (II) any successor in interest of an employer;
  (iii) <u>includes any "public agency", as defined in section 3(x) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(x))</u>; and
  (iv)  includes the General Accounting Office and the Library of Congress.
  (B)  Public agency
  For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce. [Emphasis added].

Section 3(x) of the Fair Labor Standards Act defines "Public Agency" to mean, among other things, "the Government of a state or political subdivision thereof … a state or political subdivision of a state …"

 Chief Koletsos respectfully submits that the statutory definitions make it clear that a public employee is not subject to individual FMLA liability.  The Seventh Circuit has not ruled on this issue and there is a split among the circuits.  The Eleventh Circuit and Sixth Circuit have held that individual employees of public agencies are not subject to FMLA liability.  <u>Wascura v. Carver</u>, 169 F.3d 683, 685-7 (11th Cir. 1999); <u>Mitchell v. Chapman</u>, 343 F.3d 811, 829-30 (6th Cir. 2003).  The Fifth and Eighth Circuits have held that public employees may be potential FMLA defendants.  <u>Modica v. Taylor</u>, 465 F.3d 174, 186 (5th Cir. 2006); <u>Darby v. Bratch</u>, 287 F.3d 673, 681 (8th Cir. 2002).

 Chief Koletsos respectfully submits that this Court should use a straightforward statutory interpretation analysis and follow the Sixth Circuit's approach in <u>Mitchell</u>.  Such analysis leads to the conclusion that FMLA does not impose any individual liability on public agency employees.  While Section 2611(A) generally includes "Persons" within the definition of "Employer," there is an entirely separate definition identifying "Public Agencies."  Neither that definition nor the cross-reference definition to FLSA contains any reference to "Persons" other than the agencies (or governments) themselves.

Although the Fourth Circuit has likewise not spoken to this issue, district courts have followd the Sixth Circuit.  See <u>Miller v. County of Rockingham</u>, 2007 WL 990135 (W.D. Va. 2007).  After reviewing the conflict and the definition structure, the Court endorsed the <u>Mitchell</u> view, stating (internal citations omitted):

> The Court agrees with the Sixth Circuit that the FMLA's text and structure reveal that the statute does not impose individual liability on public agency employers.  First and foremost, the section defining "the Employer" explicitly separates the public agency provision from the individual liability provision.  Second, the commingling of clauses (i) – (iv) [of Section 2611(4)] renders other provisions of the statute superfluous.  Finally, as evidenced by other provisions of the FMLA, the statute distinguishes its definition of Employer from that provided in the FLSA by separating the individual liability and public agency provisions. … The court concludes that the FMLA's individual liability provision does not extend to employees of public agencies.

<u>Miller v. County of Rockingham</u>, <u>supra</u>, at *4.[1]  See also <u>Keene v. Rinaldi</u>, 127 F.Supp.2d, 770, 774-5 (D. MDNC 2000) (FMLA definition of language "was not intended to impose individual liability on public agency supervisors.").  This conclusion is consistent with numerous decisions of the Seventh Circuit and district court analyzing similar non-discrimination statutes such as the Age Discrimination and Employment Act and Equal Pay Act.  See <u>Anderson v. Aurora Township</u>, 1997 WL 769461 (ND Ill. 1997) (collecting cases).  Finally, the most comprehensive law review article to date on this issue strongly argues against finding individual liability. Sperino, "Under Construction: Questioning Whether Statutory Construction Principles Justify Individual Liability Under the Family and Medical Leave Act," <u>71 Missouri Law Review</u> 71 (Winter 2006) (concluding at 112-13 that "[i]n the end, Supreme Court precedent, the policy behind

---

[1] The interpretation of no individual liability is consistent with the consensus interpretation that Title VII that does not impose individual liability on supervisory employees.  <u>Williams v. Banning</u>, 72 F.3d 552, 554 (7th Cir. 1995).

FMLA, and the FMLA itself all suggest that individual liability is not appropriate under the Act.")

For all of the above reasons, Chief Koletsos respectfully requests that he be dismissed either on the 12(b)(2) basis or a 12(b)(6) basis. This Court should find that Chief Koletsos is not subject to individual liability under FMLA and that Counts I and II should be dismissed as to Koletsos.

**III.    Chief Koletsos is Entitled to Qualified Immunity.**

Chief Koletsos acknowledges that ordinarily qualified immunity is an affirmative defense. Under appropriate circumstances, it is appropriate to resolve the applicability of qualified immunity on a motion to dismiss. Jacobs v. City of Chicago, 215 F.3d 758, 765 (7th Cir. 2000); Bilal v. Wolf, 2007 WL 1687253 (ND Ill. 2007). Resolving the qualified immunity inquiry now is appropriate where the ultimate inquiry is a pure question of law.

Would a reasonable public official in Chief Koletsos' shoes know that he was subject to individual liability under FMLA based on a decision seeking to terminate a police officer's employment? The answer to that question must be "No." The reason is obvious. The Supreme Court has not decided the individual liability issue. The Seventh Circuit has not decided the individual liability issue. The other circuits are in conflict. There are strong arguments favoring our interpretation. Leading academics support our view.

This is a pure law question and Koletsos is entitled to dismissal of this action based on his qualified immunity. At the time, Koletsos took the actions resulting in the termination of plaintiff's employment, the law was not clearly established that public

5

employees are subject to individual FMLA liability. Indeed, one of the cases holding that individual public employees may be subject to FMLA possibility also finds that the inter-circuit uncertainty entitles that employee to qualified immunity. Modica v. Taylor, 465 F.3d 174, 188 (5th Cir. 2006) (holding that an individual public employee alleged to have terminated plaintiff in violation of FMLA rights "is entitled to qualified immunity against [plaintiff's] FMLA claim because it was not clearly established that public employees are subject to individual liability under the FMLA when Humphrey terminated [plaintiff's] employment, and the District Court erred in failing to grant Humphrey's Motion for Summary Judgment on this ground.").

Given this doctrinal uncertainty, Koletsos should be dismissed from this litigation based on his qualified immunity. The Supreme Court has repeatedly emphasized that because "qualified immunity protects governmental officials from suit as well as from liability, it is essential that qualified immunity claims be resolved at the earliest possible stage of litigation." Hunter v. Bryant, 502 U.S. 224, 233-4 (1991). Since this case involves a pure question of statutory interpretation, resolving the qualified immunity inquiry at this earliest possible stage of the litigation will not give rise to any risk that this Court would be in a position "to take inherently factual questions away from the jury." Brosseau v. Haugen, 543 U.S. 194, 206 (2004) (Stevens, J., dissenting).

Chief Koletsos respectfully submits that this Court grant the Motion to Dismiss on the merits by finding that individual public employees are not subject to personal liability under FMLA. In the alternative, Chief Koletsos requests that this Court find Koletsos is

6

entitled to qualified immunity and dismiss Koletsos from Counts I and II of this litigation.[2]

                                       Respectfully submitted,

                                       Dennis Koletsos

                                       By:   /s/ John B. Murphey
                                                         His Attorney

JOHN B. MURPHEY
ARDC#1992635
Rosenthal, Murphey & Coblentz
30 N. LaSalle St., Suite. 1624
Chicago, Illinois 60602
Tel. (312) 541-1072
Fax (312) 541-9191

---

[2] Chief Koletsos would remain in nomino prior to the administrative review action but since the administrative review action involves no fact finding and no individual liability, then for all intents and purposes granting the Motion as to Counts I and II will resolve all individual liability issues for Chief Koletsos.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Alejandro Caffarelli  
Jessica Judith Fayerman  
Caffarelli & Siegel Ltd.  
Two Prudential Plaza  
180 North Stetson Avenue  
Suite 3150  
Chicago, Illinois 60601  

Mark H. Sterk  
Michael Joseph Hayes, Jr.  
Michael J. McGrath  
Odelson & Sterk, Ltd.  
3318 West 95th Street  
Evergreen Park, Illinois 60805  

    /s/    Douglas M. Doty  
ROSENTHAL, MURPHEY & COBLENTZ  
Attorney for Dennis Koletsos  
30 North LaSalle Street, Suite 1624  
Chicago, Illinois 60602  
Tel. (312) 541-1070  
Fax: (312) 541-9191