**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**DANIEL RASIC**                                )
                            **Plaintiff,**        )
          **v.**                                )          **NO.  08 C 104**
                                                )
**CITY OF NORTHLAKE, CHIEF**                    )
**DENNIS A. KOLETSOS, individually,**           )          **JUDGE DARRAH**
**and the CITY OF NORTHLAKE**                   )          **MAGISTRATE JUDGE SCHENKIER**
**POLICE AND FIRE COMMISSION,**                 )
**ROBERTA LARSON, MANUEL**                      )
**FERRA and GARY MERCHANT,**                    )
                                                )
                            **Defendants. )**


**DEFENDANTS' ANSWER TO FMLA COMPLAINT**
**AND PETITION FOR ADMINISTRATIVE REVIEW**

        **NOW COME** the Defendants, CITY OF NORTHLAKE AND THE CITY OF

NORTHLAKE POLICE COMMISSION[1], ROBERTA LARSON, MANUEL FERRA, AND

GARY MERCHANT, by and through their attorneys, ODELSON & STERK, LTD., and in

answer to Plaintiff's FMLA Complaint and Petition for Administrative Review, state as

follows:

<u>**NATURE OF ACTION**</u>

        1.        This is an action for damages and injunctive relief, in the alternative, caused

by the Defendants' interference with Plaintiff's rights and retaliation against Plaintiff for

exercising those rights in violation of the Family and Medical Leave Act of 1993 (hereinafter

"FMLA"). 29 U.S.C. § 2615 et seq. This action also includes a petition for administrative

review of the Commission's decision to terminate Plaintiff's employment, pursuant this

_____

        [1]The City of Northlake has a Police Commission, not a Police and Fire
Commission as alleged in Plaintiff's Complaint.

Court's supplemental jurisdiction and the Administrative Review Law of the State of Illinois,

735 Ill. Comp. Stat. 5/3.

**ANSWER:**    Defendant City of Northlake, admits Plaintiff has filed an action seeking

damages and injunctive relief pursuant to the Family and Medical Leave Act

("FMLA") and the Administrative Review Act.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29

U.S.C. §2617. The Court has jurisdiction over the Illinois state administrative claim pursuant

to 28 U.S.C. § 1367(a) and the reasoning set forth in *University of Tennessee v. Elliott*, 478

U.S. 788 (1986), which recognized the ability of a federal district court to review state

administrative decisions pursuant to the general rules of supplemental jurisdiction.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 2.


3.    The unlawful employment practices described herein were committed within

the State of Illinois, in Defendant Northlake's offices in Northlake, Illinois. Accordingly, venue

in the Northern District of Illinois is proper pursuant to 28 U.S.C. §1391(b).

**ANSWER:**    Defendant City of Northlake admits this matter is in the proper venue but

denies the remaining allegations in paragraph 3.


4.    Plaintiff, Daniel Rasic, is a resident of Cook County, Illinois. He was employed

in the police department of the City of Northlake from 1999 until approximately November of

2007. Plaintiff was an "employee of Northlake within the meaning of the FMLA during the

relevant times of this Complaint.  He had worked for at least 12 months prior to the date he

2

was on FMLA leave and prior to the date he was terminated and worked more than 1,250 hours during the previous year.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 4.

5.    Defendant Northlake is a "public agency" within the meaning of the FMLA. It maintains its central offices at 55 East North Avenue, Northlake, Illinois 60164. Northlake was the "employer" of Plaintiff within the meaning of the FMLA at all times relevant to this action. During the relevant time through today, it employs more than fifty employees within seventy- five miles of its central offices in Northlake, Illinois.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 5.

6.    Defendant Koletsos is an "employer" within the meaning of the FMLA. At all relevant times, Defendant Koletsos was the Chief of the City of Northlake Police Department. At all relevant times, he acted in the interest of and on the behalf of the City of Northlake in relation to Plaintiff. He is the also the party who initiated the termination proceedings against Plaintiff with the Commission.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 6.

7.    The City of Northlake Police and Fire Commission is the entity that determined the employment of Plaintiff should be terminated. It is a Respondent for purposes of the Count III administrative review claim only.

**ANSWER:**    The City of Northlake admits the Police commission terminated Plaintiff's employment with the Police Department and is named a defendant for Count III only.

3

## FACTUAL ALLEGATIONS

8.      Rasic began working for Defendants in 1999 as a police officer.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 8.


9.      In or about May of 2007, Rasic informed Defendants that he would need to take time off of work, pursuant to the FMLA, for the upcoming birth of his child. Rasic estimated that his leave would most likely begin in July of 2007,

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 9.


10.     Defendants approved Rasic's request for FMLA leave for the birth of his child, and Rasic's FMLA leave began in July of 2007.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 10.


11.     In the first month of his FMLA leave, Rasic's father was required to have several unexpected surgeries, including hip replacement surgery. Those surgeries were potentially life- threatening due to Rasic's father's advanced age and medical history.

**ANSWER:**    Defendant City of Northlake admits that Plaintiff's father had hip replacement surgery, but lacks sufficient knowledge as to the remaining allegations in paragraph 11.


12.     As a result of his father's serious health condition and need for treatment, Rasic requested Defendants to extend his FMLA leave so that he could take care of his father, as well as to continue to be with his newborn baby.

4

**ANSWER:**    Defendant City of Northlake admits that Plaintiff requested an extension of the FMLA leave to care for his newborn child but deny he property requested an extension of his FMLA to provide care for his father.

13.    Defendants approved Rasic's second FMLA request. A written document signed by Defendant Koletsos indicating that Rasic was approved for leave to take care of both his child and his father is attached hereto as Exhibit A.

**ANSWER:**    Defendant City of Northlake admits Chief Koletsos approved an extension to Plaintiff's FMLA leave, but deny the remaining allegations in paragraph 13 as no exhibits were attached to the complaint served on the Police Commission.

14.    The birth of Rasic's child involved several medical complications. The child was born with the umbilical cord wrapped around her neck and had to remain in the hospital after birth for quite some time.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 14.

15.    According to the Defendants' requirements, Rasic called in every Monday to apprise Defendants of the status of his leave.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 15.

16.    On or about July 23 2007, Defendant Koletsos called Rasic at home while he was out on leave. Defendant Koletsos left a voicemail message and Rasic shortly returned his telephone call.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 16.

17.     Although Rasic was on approved FMLA leave and although he had been calling in every Monday to apprise the Defendants of his status, Defendant Koletsos asked him "when he was planning to come back to work."

**ANSWER:**     Defendant City of Northlake admits the allegations contained in paragraph 17.

18.     As Rasic had previously apprised Defendants, he responded that he was planning on returning from his FMLA leave on September 1, 2007.

**ANSWER:**     Defendant City of Northlake admits the allegations contained in paragraph 18.

19.     Defendant Koletsos, in violation of the FMLA, responded "yeah, well, we need you back before that, so start making some plans, okay?"

**ANSWER:**     Defendant City of Northlake admits Chief Koletsos spoke with Plaintiff and
                made the statement contained in paragraph 19, but deny the statement
                violated the FMLA.

20.     Rasic responded that he would try to return to work as soon as he could.

**ANSWER:**     Defendant City of Northlake admits the allegations contained in paragraph 20.

21.     During this telephone discussion, Defendant Koletsos also said, in violation of the FMLA, "I'm not letting you take off the summer anymore like this, Dan, okay. Everybody else has kids. You need to start making some plans to come back, okay."

**ANSWER:**    Defendant City of Northlake admits Chief Koletsos spoke with Plaintiff and made the statement contained in paragraph 21, but deny the statement violated the FMLA.

22.    In response, Rasic reminded Defendant Koletsos that not only was he on leave because of his child but also because of his father, who was recovering from major surgery.

**ANSWER:**    Defendant City of Northlake admits the conversation took place between Plaintiff with Chief Koletsos on or about July 23, 2007.

23.    Defendant Koletsos responded by saying, in violation of the FMLA, "I understand that. Everybody - you know, a lot of people are dealing with elderly parents that are sick and terminally ill ... you got to come to work though, you know. I mean, you know, you're going to be off all summer here. It's a busy summer. We got a lot of people filling in for you and stuff. You got to start thinking of the department too, you know, okay?"

**ANSWER:**    Defendant City of Northlake admits a conversation took place between Chief Koletsos with Plaintiff and all of the comments have been recorded. The City of Northlake denies any of the statements made by Chief Koletsos violated FMLA.

24.    Despite Defendants' prodding to do so, Rasic asserted his FMLA rights and declined to return to work before the scheduled completion of his approved FMLA leave.

**ANSWER:**   Defendant City of Northlake admits Plaintiff asserted his FMLA right, and did not return to work before the scheduled completion of his approved FMLA. Defendant City of Northlake denies the remaining allegations in paragraph 24.

25.   The day after the telephone conversation between Rasic and Defendant Koletsos, Defendants asked a sergeant in the police department to call Rasic and demand that he return to duty for the alleged reason that Rasic had received a subpoena to appear in court, although Koletsos had not mentioned anything about a subpoena the day before, According to City rules, appearing on a subpoena constitutes an official "return to duty."

**ANSWER:**   Defendant City of Northlake admits Plaintiff received a subpoena to appear in court and Plaintiff was advised of the subpoena. Defendant City admits there were conversations between Plaintiff and Chief Koletsos, and further admits a portion of the City rules pertain to appearing on a subpoena, and contains language "report for duty."

26.   Defendants' reliance on the subpoena as a basis to require Rasic to return to work while on FMLA leave constitutes FMLA interference and is pretext for FMLA retaliation because Defendants had possessed the subpoena for weeks, but neglected and failed to bring it to Rasic's attention until the day after Rasic asserted his FMLA rights on the telephone.

**ANSWER:**   Defendant City of Northlake denies the allegations contained in paragraph 26.

27.   Defendants' reliance on the subpoena as a basis to require Rasic to return tp work while on FMLA leave also constitutes FMLA interference and is pretext for FMLA

8

retaliation because court appearances are routinely and often rescheduled if an officer is otherwise unavailable for any other reason.

**ANSWER:**    Defendant City of Northlake denies the allegations contained in paragraph 27.

28.    The usual procedure for police offices in the City of Northlake is that an officer who cannot attend court pursuant to a subpoena should contact the police department and the state's attorney to indicate that the officer could not attend court.

**ANSWER:**    Defendant City of Northlake admits a procedure exists when an officer cannot attend court pursuant to a subpoena when illness prevents that officer from appearing. The City of Northlake denies the remaining allegations in paragraph 28.

29.    Pursuant to this procedure, Rasic contacted both the police department and the state's attorney to inform them that he was out on FMLA leave and could not attend the scheduled court date for that reason.

**ANSWER:**    Defendant City of Northlake admits Plaintiff failed to appear in court after being sent subpoenas from the State's Attorney's Office, and that Plaintiff contacted  the Police Department and the State's Attorney's Office advising them he would not appear because of his FMLA. Defendant City of Northlake denies the remaining allegations in paragraph 29.

30.    Rasic also informed both the police department and the state's attorney that he believed that having to attend the court date would violate his rights to take leave under

the FMLA and was therefore an unlawful order, given that such dates are routinely

rescheduled.

**ANSWER:**    Defendant City of Northlake admits Plaintiff informed the Police Department

and the State's Attorney's Office that he believed attending court would violate

FMLA, but deny the remaining allegations in paragraph 30.


31.    Moreover, pursuant to City and police department rules, an officer has the

right to refuse a request without consequence if he or she believes that it is an unlawful

order.

**ANSWER:**    Defendant City of Northlake admits the Police Department rules have a

provision pertaining to unlawful orders but deny the remaining allegations in

paragraph 31.


32.    After Rasic asserted his FMLA rights, while Rasic was still out on FMLA leave,

he was suspended and Defendant Koletsos scheduled a disciplinary hearing before the City

of Northlake Police and Fire Commission.

**ANSWER:**    Defendant City of Northlake admits charges were filed against Plaintiff while

Plaintiff was still on FMLA, but denies the remaining allegations in paragraph

32.


33.    Although Rasic attempted to present the FMLA as a "defense" to the charges

against them, the Commission, which is not a court of competent jurisdiction, refused to

consider the FMLA in any substantive manner and terminated Rasic's employment.

**ANSWER:**    Defendant City of Northlake admits Plaintiff presented FMLA as a defense and at the conclusion of the hearing the Police Commission terminated Plaintiff's employment. Defendant City of Northlake denies the remaining allegations in paragraph 33.

34.    As a result of the FMLA violations alleged above, Rasic has suffered and has continued to suffer loss of income, loss of benefits, and has been required to retain an attorney to litigate this matter.

**ANSWER:**    Defendant City of Northlake admits Plaintiff has retained an attorney, but denies the remaining allegations in paragraph 34.

### COUNT 1 - INTERFERENCE WITH RASIC'S FMLA RIGHTS

35. Plaintiff incorporates Paragraphs 1 through 34, as if fully rewritten herein.

**ANSWER:**    Defendant City of Northlake re-incorporates its answers to paragraphs 1 through 34 as its answers to paragraph 35.

36.    By July of 2007, Rasic had been continuously employed by Defendants for approximately eight years, and worked at least 1,250 hours during the twelve months immediately proceeding the date his FMLA leave began.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 36.

37.    Defendants initially approved Rasic for a leave pursuant to the FMLA for the birth of his child.

**ANSWER:**    Defendant City of Northlake admits the allegations contained in paragraph 37.

38.     Defendants subsequently approved Rasic for a leave pursuant to the FMLA to take care of his father as well as for the birth of his child.

**ANSWER:**     Defendant City of Northlake admits it approved Plaintiff's FMLA request for the birth of his child. Defendant City of Northlake denies the remaining allegations in paragraph 38.

39.     Rasic's father's surgeries constitute "serious health conditions" within the meaning of the FMLA.

**ANSWER:**     Defendant City of Northlake denies the allegations in paragraph 39.

40.     Rasic was entitled to a family and medical leave in order to care for his father and also for the birth of his child under the FMLA.

**ANSWER:**     Defendant City of Northlake admits, under the FMLA, Plaintiff was entitled to a leave to care for his newborn child but denies the remaining allegations in paragraph 40.

41.     While Rasic was out on an approved FMLA leave, Defendant Koletsos contacted him at home and tried to induce him to return to duty prior to the completion of his leave.

**ANSWER:**     Defendant City of Northlake admits Chief Koletsos contacted Plaintiff at home while Plaintiff was on approved FMLA leave, but denies the remaining allegations.

42.     Rasic declined to return to work prior to the completion of his scheduled leave.

**ANSWER:**     Defendant City of Northlake admits Plaintiff did not return to work prior to the completion of his FMLA leave.

43.     Defendants then demanded that Rasic return to duty prior to the completion of his scheduled leave by pretextually asking him to appear in court for a subpoena.

**ANSWER:**     Defendant City of Northlake denies the allegations contained in paragraph 43.

44.     In this manner, Defendants interfered with Rasic's entitlement to leave under the Family and Medical Leave Act

**ANSWER:**     Defendant City of Northlake denies the allegations contained in paragraph 44.

45.     Defendants' aforementioned actions constitute violations of the FMLA, 29 U.S.C. §2615.

**ANSWER:**     Defendant City of Northlake denies the allegations contained in paragraph 45.

46.     As a direct and proximate result of said acts, Rasic has suffered and continues to suffer loss of income, loss of other employee benefits, and has been required to retain an attorney to litigate this matter.

**ANSWER:**     Defendant City of Northlake denies the allegations contained in paragraph 46.

**WHEREFORE**, Defendant City of Northlake respectfully requests this court to enter judgment in its favor and against Plaintiff, deny all of Plaintiff's requested relief, and any other relief this court deems fit.

### COUNT II - RETALIATION AGAINST RASIC FOR TAKING FMLA LEAVE

47.     Plaintiff incorporates Paragraphs 1 through 46, as if fully rewritten herein.

**ANSWER:**     Defendant City of Northlake re-incorporates paragraphs 1 through 4 for its answer to paragraph 47.

48. While Rasic was out on approved FMLA leave, Defendant Koletsos contacted at home in an attempt to induce him to return to work prior to the scheduled completion of his FMLA leave.

**ANSWER:**     Defendant City of Northlake admits Chief Koletsos contacted Plaintiff at home while Plaintiff was on approved FMLA leave, but denies the remaining allegations.

49.     Rasic declined to return to work prior to the scheduled completion of his FMLA leave and asserted his FMLA tights.

**ANSWER:**     Defendant City of Northlake admits Plaintiff was on an FMLA leave but deny the remaining allegations in paragraph 49.

50.     Defendants then demanded that Rasic return to duty prior to the completion of his scheduled leave by pretextually asking him to appear in court for a subpoena.

**ANSWER:**     Defendant City of Northlake denies the allegations contained in paragraph 50.

51.    The court date was going to occur on a date when Rasic was still scheduled to be away from work on approved FMLA leave.

**ANSWER:**    Defendant City of Northlake admits there were court dates during Plaintiff's FMLA leave.


52.    Pursuant to City rules, appearing in court on a subpoena constitutes an official "return to duty."

**ANSWER:**    Defendant City of Northlake denies the allegations contained in paragraph 52.


53.    Court appearances are routinely rescheduled when an officer is otherwise unavailable and, pursuant to City rules, when an officer cannot appear in court on a given date, he or she is required to contact both the police department and the state's attorney to indicate that he or she cannot appear.

**ANSWER:**    Defendant City denies that court appearances are routinely rescheduled but admit a procedure exists when an officer cannot attend when illness prevents the officer from appearing in court.


54.    Despite this usual procedure, Defendants instructed Rasic that he could not contact the state's attorneys office.

**ANSWER:**    Defendant City of Northlake admits it instructed Plaintiff not to contact the State's Attorney's Office.

55.      Defendants did not want Rasic to contact the state's attorneys office about the subpoena because they wanted to have a pretextual reason to terminate Rasic's employment when he did not appear for the subpoena.

**ANSWER:**      Defendant City of Northlake admits it did not want Plaintiff to contact the State's Attorney's Office about the subpoena but denies the remaining allegations in paragraph 55.

56.      Rasic contacted the department and the state's attorney to indicate that he could not appear because he was out on FMLA leave.

**ANSWER:**      Defendant City of Northlake admits Plaintiff contacted the Department and the State's Attorney's Office to advise he would not appear because he was out on FMLA leave.

57.      When Rasic did not appear for the subpoena, Defendants scheduled Rasic for a hearing in front of the City of Northlake Police and Fire Commission for termination.

**ANSWER:**      Defendant City of Northlake admits charges were filed against Plaintiff for violation of various department rules.

58. Rasic's employment was terminated in approximately November of 2007.

**ANSWER:**      Defendant City of Northlake admits the allegations in paragraph 58.

59.      This termination was in retaliation for Rasic having exercised his rights under the FMLA. Defendants' rationale for terminating Rasic is pretext in order to disguise FMLA

16

retaliation, But for having taken FMLA leave and exercising his rights, Rasic would not have been terminated.

**ANSWER:**    Defendant City of Northlake denies the allegations contained in paragraph 59.

60.    Had Defendant not deliberately attempted to induce Rasic to return from his approved FMLA early, Rasic would not have been terminated.

**ANSWER:**    Defendant City of Northlake denies the allegations contained in paragraph 60.

61.    As a direct and proximate result of said acts, Rasic has suffered and continues to suffer loss of employment, loss of income, loss of other employee benefits, and has suffered and continues to suffer distress, expenses, and damages to his reputation. He has likewise been required to retain an attorney to litigate this matter.

**ANSWER:**    Defendant City of Northlake denies the allegations contained in paragraph 61.

**WHEREFORE**, Defendant City of Northlake respectfully requests that this Court enter judgment in its favor and against Plaintiff and deny all relief requested by Plaintiff, and order any other relief this Court deems fit.

### COUNT III - PETITION FOR ADMINISTRATIVE REVIEW
(against Chief KOLETSOS and Police and Fire Commission only)

62.    Plaintiff incorporates Paragraphs I through 61, as if fully rewritten herein.

**ANSWER:**    Defendant City of Northlake re-incorporates its answer to paragraph 1 through 61 as its answer to paragraph 62.

63.     This is a Petition for Administrative Review of a decision of the Police and Fire Commission of the City of Northlake (hereinafter the "Commission"),

**ANSWER:**     Defendant Police Commission admits Plaintiff is seeking Administrative

Review of its decision which terminated Plaintiff's employment with the

Northlake Police Department.


64.     Petitioner Daniel Rasic is a former police officer of the City of Northlake.

**ANSWER:**     Defendant Police Commission admits the allegations contained in paragraph

64.


65.     On or about August 27, 2007, Chief of Police Dennis A. Koletsos filed charges with the Commission against Officer Rasic, alleging violations of certain rules and regulations of the Northlake Police Department, specifically Rules 101, 102, 105, 106, and 119.

**ANSWER:**     Defendant Police Commission admits the allegations contained in paragraph

65.


66.     Defendant/Respondent the City of Northlake Police and Fire Commission is the body responsible for hearing and determining separation cases for police and fire employees of the City of Northlake.

**ANSWER:**     Defendant Police Commission admits the allegations contained in paragraph

66.

67.    A decision of the Commission is subject to judicial review pursuant to the Illinois Administrative Review Law-, 735 Ill. Comp. Stat. 5/3.

**ANSWER:**    Defendant Police Commission admits the allegations contained in paragraph 67.

68.    Officer Rasic received notice of the charges and of the hearing, at least five (5) days prior to the hearing on the charges.

**ANSWER:**    Defendant Police Commission admits the allegations contained in paragraph 68.

69.    Evidentiary proceedings were commenced in the matter entitled In the Matter of City of Northlake v. Daniel Rasic. The hearing was held in front of Commission Chairperson Roberta Larson and Commission members Manuel Ferra and Gary Merchant. The proceedings were conducted by Richard Bruen, attorney for the Commission.

**ANSWER:**    Defendant Police Commission admits the allegations contained in paragraph 69.

70.    Officer Rasic was represented by an attorney at the proceedings.

**ANSWER:**    Defendant Police Commission admits the allegations contained in paragraph 70.

71.    On December 17, 2007, the Commission entered its Findings and Decisions, finding Officer Rasic Guilty of all charges and ordering his termination from his position as police officer.

**ANSWER:**   Defendant Police Commission admits the allegations contained in paragraph

71.


72.    The decision of the Commission is against the manifest weight of the

evidence and is contrary to law.

**ANSWER:**   Defendant Police Commission denies the allegations contained in paragraph

72.


73.    The decision of the Commission is also arbitrary, capricious, unrelated to the

requirements of service, and contrary to law and sound public opinion for the following

reasons:

   a.    The evidence before the Commission does not support its decision;

   b.    The Commission's decision and the proceedings reveal that the Commission both disregarded Officer Rasic's rights under the FMLA, does not understand the FMLA, and is not a court of competent jurisdiction for purposes of the FMLA;

   c.    The Commission's decision that Officer Rasic committed insubordination by refusing to return to work while he was out on approved FMLA leave is contradictory to well-established law;

   d.    The Commission erred in imposing the penalty of termination when the evidence did not support such a penalty;

   e.    The Commission failed to admit certain evidence and testimony which was properly offered into evidence;

   f.    The Commission improperly failed to allow Officer Rasic to make an offer of proof regarding evidence and testimony that was disallowed;

   g.    Petitioner relies on all other errors that are in the record of proceedings before the Commission in this matter.

**ANSWER:**     Defendant Police Commission denies the allegations in paragraph 73 and

specifically denies subparts (a) through (g).


74.     Petitioner specifies that the Commission be directed by this Honorable Court

to file the transcript of proceedings had before that agency in this matter, pursuant to

sections 3-106 and 3-108(b) of the Administrative Review Law. 735 111. Comp. Stat.

5/3-106, 3-108(b).

**ANSWER:**     Defendant Police Commission has prepared the entire record from the
hearing, including exhibits. Said record is Bate stamped 00001 to 00638 and
will be filed with the court.



**WHEREFORE**, in addition to the relief requested in Counts land II above,

Defendant City of Northlake and the Northlake Police Commission requests that this

Honorable Court review the decision of the Commission and issue an order upholding the

decision to terminate Plaintiff's employment with the Northlake Police Department.


### <u>AFFIRMATIVE DEFENSE #1</u>

Plaintiff was terminated for cause.

### <u>AFFIRMATIVE DEFENSE #2</u>

Defendant City of Northlake did not violate the FMLA.



Dated: February 15, 2008                     Respectfully Submitted,

                                             CITY OF NORTHLAKE, CHIEF DENNIS A.
                                             KOLETSOS, INDIVIDUALLY, AND THE CITY OF
                                             NORTHLAKE POLICE AND FIRE

COMMISSION, ROBERTA LARSON, MANUEL
FERRA, AND GARY MERCHANT


By: /s/Michael J. McGrath


ODELSON & STERK, LTD.
3318 West 95th Street
Evergreen Park, IL 60805
708-424-5678

S:\Joanne\McGrath\Northlake\LITIGATION\RASIC 08 C 104\Answer.wpd