BEFORE THE POLICE COMMISSION
OF THE CITY OF NORTHLAKE
COOK COUNTY, ILLINOIS

CHIEF DENNIS KOLETSOS,            )
                                  )
            Complainant,           )
    v.                            )
                                  )
DANIEL RASIC,                      )
            Respondent.            )

## FINDINGS AND DECISION

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................... 1

II.  SUMMARY OF RELEVANT TESTIMONY ............................ 2
     Testimony of Assistant State's Attorney Sean O'Callaghan .......... 2
     Testimony of Assistant State's Attorney Colin Simpson ............. 3
     Testimony of Deputy Chief Norman Nissen ......................... 4
     Testimony of Officer Daniel Rasic ................................ 4
     Testimony of Chief Dennis Koletsos .............................. 6
     Testimony of Officer Daniel Rasic ................................ 6
     Testimony of Deputy Chief Norman Nissen (Rebuttal) ............... 7

III. FINDINGS OF FACT .............................................. 9

IV.  DETERMINATION OF THE CHARGES ............................. 12

V.   THE CONDUCT OF DANIEL RASIC WHICH HAS
     BEEN PROVEN, CONSTITUTES CAUSE FOR THE
     TERMINATION OF DANIEL RASIC'S EMPLOYMENT ............... 17

VI.  DECISION ..................................................... 18

BEFORE THE POLICE COMMISSION
OF THE CITY OF NORTHLAKE
COOK COUNTY, ILLINOIS

| | |
|---|---|
| CHIEF DENNIS KOLETSOS, | ) |
| | ) |
| Complainant, | ) |
| v. | ) |
| | ) |
| DANIEL RASIC, | ) |
| Respondent. | ) |

## FINDINGS AND DECISION

### I. INTRODUCTION

This matter comes before the City of Northlake Police Commission ("the Commission") for hearing on charges brought against Respondent Daniel Rasic ("Rasic"), a Police Officer employed by the City of Northlake Police Department. Hearings were held before the Commission on September 27 2007, October 4, 2007, October 23 2007, and November 13, 2007. All parties were represented by counsel.

This Decision will be divided into five sections, including this Introduction. The second section will be a summary of all pertinent testimony adduced at the hearing. The third section will set forth the Commission's Findings of Fact. The following section will analyze the evidence in light of the Commission's Findings. The fifth section will be the Commission's Conclusion and Decision on this matter.

For the reasons set forth below and pursuant to authority vested in the Commission by 65 ILCS 5/10-2.1-17, the Commission finds cause exists to terminate the employment of Rasic from the Northlake Police Department.

1

## II. SUMMARY OF RELEVANT TESTIMONY

### Assistant State's Attorney Sean O'Callaghan

Sean O'Callaghan is an Assistant in the Cook County State's Attorney's Office. (Tr. p. 24) Mr. O'Callaghan explained that a subpoena is a court order directing an individual to appear before the court. He was responsible for prosecuting a driving under the influence case known as *People v. John Galvez*. Officer Rasic, who was the arresting officer on that case, was subpoenaed to testify in court on July 20, 2007, the day the criminal trial began. (Tr. p. 25-27)

Officer Rasic failed to report to court on July 10, 2007. Mr. O'Callaghan was able to begin the trial on that day by presenting civilian witnesses. Officer Rasic, however, was very important to the prosecution of the case, as Officer Rasic was the arresting officer and necessary to prove one of the elements of driving under the influence of alcohol. (Tr. p. 28) The trial was continued to August 7, 2007.

Shortly after July 10, 2007, Officer Rasic had a conversation with Mr. O'Callaghan, wherein he asked to be released from the August 7, 2007 subpoena. Mr. O'Callaghan explained that he could not release him from the subpoena because the trial had begun and he was needed on the next date. Officer Rasic stated that he was on family leave and asked if O'Callaghan could explain the Family Leave Act to the Northlake Police Department. O'Callaghan stated he would not do this and told Officer Rasic if he did not appear in court, the case would be dismissed. (Tr. p. 30) O'Callaghan advised his supervisor of the conversation with Officer Rasic. O'Callaghan's Supervisor, Colin Simpson, told him he was correct in stating the Family

Medical Leave Act did not release Officer Rasic from honoring the subpoena. Officer Rasic failed to appear on August 7, 2007. O'Callaghan was able to continue the trial to September 4, 2007. O'Callaghan issued another subpoena to Officer Rasic for that date. Officer Rasic did not appear in court on September 4, 2007. (Tr. pp. 31-35) O'Callaghan dismissed the criminal charge against defendant Galvez, because Rasic failed to appear in court on September 4, 2007.

### Assistant State's Attorney Colin Simpson

Colin Simpson is the Supervisory State's Attorney in the Fourth Municipal District. On July 27, 2007, Simpson had a conversation with Rasic. Simpson told Rasic he had to appear in court because a subpoena was issued, and if he did not appear, the judge could hold him in contempt. He advised Rasic the case had already begun, he was a necessary party, and if Rasic did not appear, the defendant would end up in a not guilty. (Tr. pp. 40-44)

When Rasic told Simpson he was on family leave, Simpson advised Rasic that was between Rasic and the police department and he had to appear in court. Simpson advised Rasic there was a child care center in the courthouse. Rasic did not respond. Simpson told O'Callaghan that Rasic's subpoena could not be excluded and Rasic had to come to court. Rasic failed to appear. The case was continued to another date and Rasic failed to appear. (Tr. pp. 45-47) Simpson explained it is absolutely critical that police officers comply with subpoenas . Simpson explained that officers who are on vacation or furlough are expected to testify. (Tr. p. 50)

### **Deputy Chief Norman Nissen**

Deputy Chief Nissen conducted the internal investigation in this case. Nissen secured the tape recording of a conversation between Rasic and Chief Koletsos on July 24, 2007. Nissen spoke with O'Callaghan and requested the trial be continued because the department had prior dealings with defendant Galvez and the department wanted to see the case prosecuted. (Tr. pp. 54-59) Rasic never spoke to anybody in the police department asking for some sort of accommodation to help coordinate his personal situation with his obligation to go to court. Nissen advised Rasic that Chief Koletsos ordered Rasic to appear in court. (Tr. pp. 60-65)

### **Officer Daniel Rasic**

Officer Daniel Rasic has worked for the police department for eight (8) years. Rasic testified a police officer's obligation included making arrests and attending court in order to provide the evidence necessary to obtain convictions. (Tr. pp. 69-70)

Rasic understands what subpoenas are. He also understands police departments are paramilitary organizations where it is necessary for subordinates to obey the orders and directives of their superiors. (Tr. p. 71) Rasic acknowledged subordinate officers must be respectful to their superiors.

Rasic admitted that he was an important and essential witness in the Galvez case. (Tr. p. 73) He requested leave pursuant to the Family Medical Leave Act and Chief Koletsos granted his request. Rasic's leave began on July 6, 2007, at which time there were cases pending in court on which he was the arresting officer. He received a subpoena to appear in court on August 7, 2007 in the Galvez matter. (Tr. p. 74-77)

Chief Koletsos ordered Rasic to go to court on August 7, 2007, and Rasic disobeyed that order. (Tr. p. 78)   Rasic testified that he could not go because he was on family leave. (Tr. p. 89)   Rasic admitted to giving cyclical and sarcastic responses to Chief Koletsos during their phone conversation. (Tr. p. 90)   Although Chief Koletsos ordered Rasic not to contact the State's Attorney's Office in reference to the subpoena, Rasic disobeyed Chief Koletsos' order on multiple occasions by contacting that office. (Tr. pp.91-53)   When Chief Koletsos ordered Rasic not to call the State's Attorney's Office, Officer Rasic responded by saying "Okay, King!" (Tr. p. 93)   Rasic claims he was talking to his son at the time.  Rasic also said to the Chief, during the same conversation, "God, you are out of control." (Tr. p. 97)   At the time of his conversation with Chief Koletsos, Rasic had already planned on filing a federal lawsuit based upon the Family Medical Leave Act, believing his rights were restricted, and stated he could not appear in court. (Tr. pp. 99-100)

Rasic was subpoenaed to appear in court on a juvenile matter on August 1, 2007, and Rasic intentionally did not obey the subpoena. (Tr. p. 101).

Colin Simpson explained to Rasic that a subpoena is an order from the court and not his boss, Chief Koletsos, to appear in court. (Tr. p. 103)   Rasic said he had no choice under the Family Medical Leave Act, he had to take care of his father, rather than appear in court. (Tr. p. 107) [1]   Rasic testified that his father was critically ill, and he was needed everyday, despite the fact his father was located in Loyola Hospital. (Tr. p.117) The court dates that Rasic missed were dates he was tending to his father

---

[1] Rasic's request under the Family Medical Leave Act was for his newborn.

at Loyola Hospital. (Tr. p. 126)  Rasic testified that he made a decision to give moral support to his father rather than show up in court. (Tr. p.128).

### Chief Dennis Koletsos [2]

Chief Koletsos has been the Northlake Police Chief approximately ten (10) years and has been in law enforcement for thirty-five (35) years. (Tr. pp.146-147)  Chief Koletsos testified that he expects officers to honor subpoenas and appear in court. Chief Koletsos also expects his officers to obey his orders. (Tr. p. 148).  He issued a memo in March or 2002 to his department that states "all officers will honor all subpoenas received unless directed to do so otherwise by the State's Attorney, Chief of Police, or his designee." (Tr. p. 150)

On July 23, 2007, Chief Koletsos had a phone conversation with Rasic. (Tr. p.164)  Chief Koletsos did not order Rasic back to regular duty during this conversation. (Tr. p. 160)   Chief Koletsos ordered Rasic to honor the subpoena and further ordered him not to contact the State's Attorney's Office to try to get out of honoring the subpoena. (Tr. pp.169-172)  At which time Rasic responded, "Okay, King!" a statement Chief Koletsos considered to be an act of insubordination. (Tr. p. 174)

### Officer Daniel Rasic

Rasic has been a Northlake Police Officer since December 30, 1998, (Tr. p. 215) Rasic testified he did not appear in court on August 1, 2007 and August 7, 2007, because of his family crisis. (Tr. p. 228)  Rasic claimed he was caring for his father, although his father was in a 24-hour health care facility. (Tr. 233.)

---

[2] Transcript testimony contained in hearing transcript dated October 4, 2007

6

## Rebuttal Testimony of Deputy Chief Norman Nissen

Nissen mailed a memorandum to Rasic on August 31, 2007, in regards to Rasic's family medical leave. (Tr. p. 240)  Rasic left a voice mail requesting his family leave be extended.

Nissen testified that defendant Galvez' blood alcohol level was .13 (Tr. p. 249)

Nissen identified a taped recording made by Rasic to the police department on September 4, 2007. (Tr. pp. 269-273)[3]  During that taped message, Rasic mentioned his newborn child and his father being ill.

The Police Commission went into executive session to determine whether or not the charges against Rasic had been proven.  When the Commission came out of executive session, the Commission found the charges had been proven by a 3-0 vote. (Tr. p. 302-303)  The Commission then considered matters in aggravation and mitigation.  In January of 2007, Rasic was suspended for failing to appear in court.  In 2004, he received a two-day suspension for failing to appear in court after being issued a subpoena.  In 2004, he received a 20 day suspension for insubordination.  Rasic has a total of 30 days of prior suspensions.  In mitigation, Rasic offered several letters of commendations, along with positive performance reviews. (Tr. p. 305-307)

The Commission went into executive session to consider the appropriate discipline to impose.  The Commission, by a 3-0 vote, found cause to terminate Rasic from the Northlake Police Department. (Tr. p. 308)

---

[3] Transcript pages are from hearing transcript dated November 13, 2007.

## **EXHIBITS**

| | |
|---|---|
| Commission Exhibit No. 1: | Charges and Specifications |
| Chief's Exhibit No. 1: | Charges and Specifications |
| Chief's Exhibit No. 2: | Northlake Police Department Rules of Conduct |
| Chief's Exhibit No. 3: | Transcript of July 13, 2007 taped call from Rasic |
| Chief's Exhibit No. 4: | Transcript of July 13, 2007 taped call from Chief Koletsos |
| Chief's Exhibit No. 5: | Transcript of July 24, 2007 taped call between Rasic and Sergeant Tzinis |
| Chief's Exhibit No. 6: | Transcript of July 24, 2007 taped call between Rasic and Deputy Chief Nissen |
| Chief's Exhibit No. 7: | Transcript of July 24, 2007 taped call between Rasic and Chief Koletsos |
| Chief's Exhibit No. 8: | Transcript of July 24, 2007 taped call between Rasic and Chief Koletsos |
| Chief's Exhibit No. 9: | Tape recording of taped conversations |
| Chief's Exhibit No. 10: | Subpoenas to appear on August 1, 2007, August 7, 2007, and September 4, 2007 |
| Chief's Exhibit No. 11: | Printout from Cook County Clerk |
| Chief's Exhibit No. 12: | March 11, 2002 memo from Chief Koletsos |
| Chief's Exhibit No. 13: | July 25, 2003 memo from Chief Koletsos |
| Chief's Exhibit No. 14: | May 22, 2007 memo re Rasic's Family Medical Leave |
| Chief's Exhibit No. 15: | July 13, 2007 memo re Rasic's FMLA |
| Chief's Exhibit No. 16: | July 13, 2007 Family Medical Leave Request |
| Chief's Exhibit No. 17: | July 23, 2007 Message / Vacation-Sick-Personal Time Off |

| | |
|---|---|
| Chief's Exhibit No. 18: | August 31, 2007 memo from Nissen to Rasic |
| Chief's Exhibit No. 19: | Laboratory Report - Defendant Jean Galvez |
| Chief's Exhibit No. 20: | Rasic Disciplinary Summary |
| Union Exhibit No. 1: | General Order No. 13-10 |
| Union Exhibit No. 2: | General Order No. 2-1 |
| Union Exhibit No. 5: | FMLA Application |
| Union Exhibit No. 7: | May 26, 2006 e-mail |
| Union Exhibit No. 9: | Taped conversation of July 23, 2007 between Officer Rasic and Deputy Chief Nissen |
| Union Exhibit No. 10: | September 4, 2007 voice mail message from Officer Rasic to Deputy Chief Nissen |
| Union R-1 to R-14 | Letters of commendation and performance reviews for Officer Rasic |

## III. **FINDINGS OF FACT**

The Commission had the opportunity to review all of the hearing transcripts and hearing exhibits prior to reaching a decision in this matter. The Commission finds that Officer Rasic requested leave pursuant to the Family Medical Leave Act in early July 2007. Chief Koletsos granted Officer Rasic's request for leave. At the time of his request, there were criminal cases pending in the Maybrook Courthouse in which Officer Rasic was the arresting officer. The arresting officer in these type of cases are important and essential witnesses. Without the testimony of important and essential witnesses the Cook County State's Attorney's Office cannot prove their case, and the named defendant is not convicted of the crime they have been charged with.

Officer Rasic was served with subpoenas issued by the Cook County State's

Attorney's Office. A subpoena is a court order which directs a person to appear before the court. If a person fails to obey a subpoena, they can be subjected to punishment, including being held for contempt of court. The subpoenas issued to Officer Rasic were for August 7, 2007 and September 4, 2007, for a driving under the influence of alcohol case entitled, *People v. John Galvez*. Officer Rasic was also served with a subpoena to appear in court on August 1, 2007, on a separate juvenile matter. Officer Rasic did not appear in court on any of the dates he was subpoenaed to appear.

On July 23, 2007, Chief Koletsos had a telephone conversation with Officer Rasic. Chief Koletsos was advised by the State's Attorney's Office that Officer Rasic failed to appear in court on the *Galvez* matter. Chief Koletsos was also advised that Officer Rasic requested the State's Attorney's Office to excuse him from appearing in court. Officer Rasic's request was denied by that office. The purpose of Chief Koletsos' call was two-fold. First, he ordered Officer Rasic to honor the subpoena that had been issued to him. Secondly, he ordered Officer Rasic to not contact the State's Attorney's Office in an effort to try to get out of his obligation of honoring the subpoena. During the conversation, Officer Rasic made statements such as "Okay, King" and "God, you are out of control." The Commission finds these statements, after listening to the tone of Officer Rasic's voice on the tape, and after observing Officer Rasic's demeanor during the proceedings, to be indicative of insubordinate statements made to a superior officer.

The record is clear that Officer Rasic contacted the State's Attorney's Office and tried to get out of honoring the subpoenas issued to him shortly after Chief Koletsos had ordered him not to do so. The Commission believes Chief Koletsos issued a proper

order which was consistent with previous memorandums issued by the Chief relating to officers appearing in court. Moreover, Chief Koletsos explained he has worked closely with the State's Attorney's Office in reference to subpoenas, and that it would be very embarrassing for an officer to be held in contempt of court for failing to honor a subpoena.

The record is clear that defendant Galvez, who had prior contacts with the Northlake Police Department, was not convicted as a result of Officer Rasic's actions.[4] The Commission does not accept Officer Rasic's defense, which is essentially invoking a blanket shield, if a person is on Family Medical Leave. The world cannot come to a standstill just because someone is on family medical leave. Moreover, the Northlake Police Department did not interfere with Officer Rasic's family medical leave. Here, Officer Rasic was aware of the pending criminal matters prior to the time he requested his family medical leave. Officer Rasic attempted to get out of honoring the subpoenas by contacting the State's Attorney's Office, which informed him he had to honor the subpoenas. Chief Koletsos ordered Officer Rasic not to contact the State's Attorney's Office. Officer Rasic disobeyed this order. Chief Koletsos ordered Officer Rasic to honor the subpoenas. Officer Rasic disobeyed Chief Koletsos' order. Officer Rasic knowingly and willingly disobeyed the subpoenas, which as stated above, are court orders to appear in court. Had Officer Rasic honored the subpoenas, he would have been in court for approximately 1.5 hours and a criminal defendant would have been convicted.

---

[4] Defendant Galvez' blood alcohol content was .13, well above the legal limit of .08.

11

The Commission further rejects Officer Rasic's claim that he could not attend court because he was attending his ill father. Officer Rasic's father was in a 24-hr. facility and he was being cared for by the staff of the facility.

The Commission finds the testimony of O'Callaghan, Simpson, Deputy Chief Nissen and Chief Koletsos to be credible. The Commission finds Officer Rasic violated all of the charges brought against him.

## IV. DETERMINATION ON THE CHARGES

### FIRST CHARGE (RULE 101)

**Rule 101 - Violation of Rules:**

Definition of Rule: Members of the Northlake Police Department shall not commit any acts or omit any acts which constitute a violation of any of the rules, regulations, directives or orders of the Department, whether stated in this rule or elsewhere.

The Commission finds Officer Rasic has violated Rule 101 when he failed to honor the subpoena, report to court, and failed to follow other orders of Chief Koletsos.

### SECOND CHARGE (RULE 102)

**Rule 102 - Unbecoming Conduct:**

Definition of Rule: Members of the Northlake Police Department shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably on the Department. Unbecoming conduct shall include that which brings the Department into disrepute or reflects discredit upon the individual as a member of the

12

Police Department, or that which impairs the operation or efficiency of the Department or the individual.

The Commission finds Officer Rasic has violated Rule 102 by failing to appear in court after being served with subpoenas from the Cook County State's Attorney's Office, which brought discredit to the police department and impaired the orderly operation of the department.

### THIRD CHARGE (RULE 105)

#### Rule 105 - Reporting for Duty:

Definition of Rule:  Members of the Police Department shall report for duty at the time and place required by assignment or orders and shall be properly equipped so that they may immediately assume their duties.  Judicial subpoenas and Department-approved off-duty details shall constitute an order to report for duty under this section.

The Commission finds Officer Rasic has violated Rule 105 by failing to attend court pursuant to a subpoena for August 1, 2007.

### FOURTH CHARGE (RULE 105)

#### Rule 105 - Reporting for Duty:

Definition of Rule:  Members of the Police Department shall report for duty at the time and place required by assignment or orders and shall be properly equipped so that they may immediately assume their duties.  Judicial subpoenas and Department-approved off-duty details shall constitute an order to report for duty under this section.

The Commission finds Officer Rasic has violated Rule 105 by failing to attend court pursuant to a subpoena for August 7, 2007.

## FIFTH CHARGE (RULE 106)

### Rule 106 - Neglect of Duty:

Definition of Rule:   Members of the Police Department shall not commit any acts expressly forbidden or omit any acts that are specifically required by the laws of this State, the ordinances of this City, these Rules of Conduct, or any other orders, policies, procedures or directives of the Police Department.  Members shall not engage in any activity or personal business that could cause them to neglect or be inattentive to duty.

The Commission finds Officer Rasic violated Rule 106 by failing to comply with the court ordered subpoena to appear in court on August 1, 2007.

## SIXTH CHARGE (RULE 106)

### Rule 106 - Neglect of Duty:

Definition of Rule:   Members of the Police Department shall not commit any acts expressly forbidden or omit any acts that are specifically required by the laws of this State, the ordinances of this City, these Rules of Conduct, or any other orders, policies, procedures or directives of the Police Department.  Members shall not engage in any activity or personal business that could cause them to neglect or be inattentive to duty.

The Commission finds Officer Rasic violated Rule 106 by failing to comply with the court ordered subpoena to appear in court on August 7, 2007.

## SEVENTH CHARGE (RULE 106)

### Rule 106 - Neglect of Duty:

Definition of Rule:   Members of the Police Department shall not commit any acts expressly forbidden or omit any acts that are specifically required by the laws of this State, the ordinances of this City, these Rules of Conduct, or any other orders, policies, procedures or directives of the Police Department. Members shall not engage in any activity or personal business that could cause them to neglect or be inattentive to duty.

The Commission finds Officer Rasic violated Rule 106 by disobeying Chief Koletsos' direct order not to contact the State's Attorney's Office, which he did on July 25, 2007.

## EIGHTH CHARGE (RULE 106)

### Rule 106 - Neglect of Duty:

Definition of Rule:   Members of the Police Department shall not commit any acts expressly forbidden or omit any acts that are specifically required by the laws of this State, the ordinances of this City, these Rules of Conduct, or any other orders, policies, procedures or directives of the Police Department. Members shall not engage in any activity or personal business that could cause them to neglect or be inattentive to duty.

The Commission finds Officer Rasic violated Rule 106 by disobeying Chief Koletsos' direct order not to contact the State's Attorney's Office, which he did between July 25 and July 27, 2007.

00016

## NINTH CHARGE (RULE 106)

### Rule 106 - Neglect of Duty:

Definition of Rule:   Members of the Police Department shall not commit any acts expressly forbidden or omit any acts that are specifically required by the laws of this State, the ordinances of this City, these Rules of Conduct, or any other orders, policies, procedures or directives of the Police Department.  Members shall not engage in any activity or personal business that could cause them to neglect or be inattentive to duty.

The Commission finds Officer Rasic violated Rule 106 by disobeying Chief Koletsos' direct order not to contact the State's Attorney's Office, which he did on July 27, 2007.

## TENTH CHARGE (RULE 119)

### Rule 119 - Insubordination:

Definition of Rule:   Members of the Police Department shall promptly obey any lawful orders of a superior officer.  This will include orders relayed from a superior officer by any member of the Police Department. Members of the Police Department shall not be disrespectful to a superior officer or supervisor.

The Commission finds Officer Rasic violated Rule 119 by being disrespectful to Chief Koletsos on July 24, 2007, when Officer Rasic stated, "Okay, King" to Chief Koletsos.

00017

## ELEVENTH CHARGE (RULE 119)

### Rule 119 - Insubordination:

Definition of Rule:   Members of the Police Department shall promptly obey any lawful orders of a superior officer.  This will include orders relayed from a superior officer by any member of the Police Department.  Members of the Police Department shall not be disrespectful to a superior officer or supervisor.

The Commission finds Officer Rasic violated Rule 119 by being disrespectful to Chief Koletsos on July 24, 2007, when Officer Rasic stated, "You're harassing me" and "I'll see you in Federal Court."

## TWELFTH CHARGE (RULE 119)

### Rule 119 - Insubordination:

Definition of Rule:   Members of the Police Department shall promptly obey any lawful orders of a superior officer.  This will include orders relayed from a superior officer by any member of the Police Department.  Members of the Police Department shall not be disrespectful to a superior officer or supervisor.

The Commission finds Officer Rasic violated Rule 119 by being disrespectful to Chief Koletsos on July 24, 2007, when Officer Rasic stated, "You're out of control" to Chief Koletsos.

### V. OFFICER RASIC'S CONDUCT CONSTITUTES CAUSE FOR TERMINATION OF HIS EMPLOYMENT

Having determined that Officer Rasic's conduct violated the Rules and Regulations of the Department as set forth herein above, the Commission must next determine whether that conduct constitutes cause for discharge. Under 65 ILCS 5/10-

2.1-17, "Cause" for determination is defined as "some substantial shortcoming which renders the employee's continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognized as good cause for his no longer occupying the place. <u>Walsh v. Board of Fire and Police Commissioners</u>, 96 Ill. 2d 101, 105, 70 Ill. Dec. 240, 449 N.E. 2d 115 (1983). A single episode of misconduct may be sufficient to establish cause. *Laurinus v. Board of Fire & Police Commissioners*, 151 Ill. 2d 419 (1992).

A single violation of a department rule authorizes dismissal of public employee. *McCleary v. Board of Fire & Police Commission of the City of Woodstock*, 251 Ill. App. 3d 988 (2nd Dist. 1983).

With that background, the Commission finds cause exists to discharge Daniel Rasic. The Commission has carefully considered the evidence and exhibits offered both in aggravation and mitigation in making this decision.

## VI. DECISION

**BASED ON THE FOREGOING, IT IS THE DECISION OF THE POLICE COMMISSIONERS OF THE CITY OF NORTHLAKE, ILLINOIS THAT DANIEL RASIC BE DISCHARGED FROM HIS POSITION AS A POLICE OFFICER WITH THE CITY OF NORTHLAKE, EFFECTIVE FORTHWITH.**

**THIS IS A FINAL ADMINISTRATIVE DECISION. THE DECISION CAN BE REVIEWED IN THE CIRCUIT COURT. ANY ACTION TO REVIEW THIS DECISION MUST BE COMMENDED BY THE FILING OF A COMPLAINT FOR ADMINISTRATIVE**

REVIEW AND THE ISSUANCE OF A SUMMONS WITHIN THIRTY-FIVE (35) DAYS FROM THE DATE THAT A COPY OF THIS DECISION IS SERVED UPON THE PARTY AFFECTED THEREBY.

DATED THIS 17th DAY OF DECEMBER, 2007.

_____
Roberta Larson

_____
Gary Merchant

_____
Manuel Ferra