BEFORE THE POLICE COMMISSION
CITY OF NORTHLAKE

City of Northlake,                          )
                    Complainant,            )
            v.                              )
                                            )
Daniel Rasic                                )
                    Respondent.

## CHARGES AND SPECIFICATIONS

**NOW COMES** Dennis Koletsos, Chief of Police and Director of Public Safety for the City of Northlake, by his attorney John B. Murphey and Rosenthal, Murphey & Coblentz and brings the following Charges and Specifications against Daniel Rasic ("Officer Rasic" or "Rasic") employed by the City of Northlake, as follows:

### STATEMENT OF FACTS

1.      At all times relevant hereto, Dennis Koletsos ("Chief Koletsos") has been and is employed as the Police Chief in the City of Northlake.

2.      At all times relevant hereto, Officer Rasic was and is employed as an officer in the Northlake Police Department, holding the rank of patrol officer.

3.      On July 24th, 2007 at 12:42 p.m., Officer Rasic called Chief Koletsos at the police station on recorded phone line extension 5755.

4.      During that phone conversation, Officer Rasic addressed the Chief stating "Okay King".

5.      During that phone conversation, Officer Rasic stated to Chief Koletsos that "You're harassing me. I'll see you in Federal court."

6.      During that phone conversation, Officer Rasic stated to Chief Koletsos "God you're out of control."



EXHIBIT
# 1 .Commiss
9-27-07

00350

7.    During the July 24th phone call, which occurred at 12:42 p.m., Chief Koletsos ordered Officer Rasic not to call the state's attorney regarding a subpoena for court, but to go to court.

8.    During that conversation, Chief Koletsos told Officer Rasic he had to go to court if he was subpoenaed.

9.    During that conversation, Officer Rasic acknowledged that he understood that he was under orders by the Chief to attend court if he was subpoenaed.

10.    During that conversation, Officer Rasic acknowledged that he understood that the Chief ordered him not to call the State's Attorney.

11.    On July 24th, 2007, Officer Rasic called Assistant State's Attorney O'Callaghan, contrary to the direct order, attempting to be excused from a subpoena.

12.    On July 27th, Officer Rasic called the State's Attorney Supervisor, Colin Simpson, regarding his refusal to attend court per the subpoena.

13.    During that conversation, Supervisor Simpson advised Officer Rasic that he would be held in contempt of court if he failed to appear in court on August 7th, 2007, per his subpoena.

14.    On July 24th, 2007, Officer Rasic called the Northlake Police Department and spoke with Deputy Chief Norm Nissen, who advised him he would need to appear in court if subpoenaed.

15.    On July 24th, 2007, Officer Rasic was advised by Sergeant James Tzinis of the Northlake Police Department, at approximately 8:56 a.m., that the Chief had told Sgt. Tzinis to tell Officer Rasic he needed to go to court per a subpoena on August 7th, 2007.

16.    Officer Rasic was mailed, via Certified Mail, a subpoena requesting his appearance in court on August 1st, 2007. Officer Rasic signed for the letter.

17.    Officer Rasic called Assistant State's Attorney Pat Finley between July 25th through July 27th, 2007, regarding his appearance in court per a subpoena issued for a case scheduled for August 1st, 2007.

18.    Officer Rasic failed to attend court on August 1st, 2007.

19.    Officer Rasic failed to attend court on August 7th, 2007.

## I. FIRST CHARGE (Rule 101)

20.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 101 of the Rules of Conduct for Officer of the Northlake Police Department in that Rasic committed acts which constitute violations of the Rules and Regulations and Directives of the Department.

## II. SECOND CHARGE (Rule 102)

21.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 102 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic's failure to appear in court brought discredit to the Department and impaired the operation of the Department.

## III. THIRD CHARGE (Rule 105)

22.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 105 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic failed to attend court pursuant to a court subpoena for August 1st, 2007.

## IV. FOURTH CHARGE (Rule 105)

23.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 105 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic failed to attend court pursuant to a court subpoena for August 7th, 2007.

00371

## V. FIFTH CHARGE (Rule 106)

24.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic failed to comply with a legal court ordered subpoena on August 1st, 2007.

## VI. SIXTH CHARGE (Rule 106)

25.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that r Rasic failed to comply with a legal court ordered subpoena on August 7th, 2007.

## VII. SEVENTH CHARGE (Rule 106)

26.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic disobeyed a direct order from the Chief not to call a State's Attorney, which he did on July 25th, 2007.

## VIII. EIGHTH CHARGE (Rule 106)

27.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic disobeyed a direct order from the Chief not to call a State's Attorney, which he did between July 25th through July 27th, 2007.

## IX. NINTH CHARGE (Rule 106)

28.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that

Rasic disobeyed a direct order from the Chief not to call a State's Attorney, which he did on July 27th, 2007.

## X. TENTH CHARGE (Rule 119)

29.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 119 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic was disrespectful on July 24th, 2007, to the Chief when he stated "Okay King" to the Chief.

## XI. ELEVENTH CHARGE (Rule 119)

30.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 119 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic was disrespectful on July 24th, 2007 to the Chief when he stated "You're harassing me. " and "I'll see you in Federal court."

## XII. TWELTH CHARGE (Rule 119)

31.    The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 119 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic was disrespectful to the Chief on July 24th, 2007, when he state to the Chief "You're out of control."

## XIII. THIRTEENTH CHARGE (Cause Under Applicable Illinois Law)

32.    The conduct described in paragraphs 1-19 otherwise constitutes "cause" for termination of employment of Rasic.

WHEREFORE, Chief Koletsos respectfully requests:

A.    That this Commission accept the Charges as filed and cause them to be served on Rasic.

B.     That this Commission conduct a hearing on the Charges and Specifications herein pursuant to 65 ILCS 5/10-2.1-17.

C.     That pending hearing of the Charges, this Commission suspends Rasic without pay from his employment as a police officer in the City of Northlake.

D.     That following hearing on said Charges, this Commission finds Rasic guilty of one or more of the Charges set forth hereinabove.

E.     That upon such finding, this Commission discharge and terminate the employment of Rasic as a Northlake police officer.

Respectfully submitted,

Dennis Koletsos, Chief of Police and Director,
Public Safety, for City of Northlake, Complainant

By: _____
                    Chief of Police

John B. Murphey
Rosenthal, Murphey & Coblentz
30 No. LaSalle – Suite 1624
Chicago, IL 60602
Telephone # (312) 541-1071 / Fax # (312) 541-9191

00374

BEFORE THE POLICE COMMISSION
CITY OF NORTHLAKE

City of Northlake,                          )
                        Complainant,        )
            v.                              )
                                            )
Daniel Rasic                                )
                        Respondent.

## CHARGES AND SPECIFICATIONS

NOW COMES Dennis Koletsos, Chief of Police and Director of Public Safety for the City of Northlake, by his attorney John B. Murphey and Rosenthal, Murphey & Coblentz and brings the following Charges and Specifications against Daniel Rasic ("Officer Rasic" or "Rasic") employed by the City of Northlake, as follows:

### STATEMENT OF FACTS

1.      At all times relevant hereto, Dennis Koletsos ("Chief Koletsos") has been and is employed as the Police Chief in the City of Northlake.

2.      At all times relevant hereto, Officer Rasic was and is employed as an officer in the Northlake Police Department, holding the rank of patrol officer.

3.      On July 24th, 2007 at 12:42 p.m., Officer Rasic called Chief Koletsos at the police station on recorded phone line extension 5755.

4.      During that phone conversation, Officer Rasic addressed the Chief stating "Okay King".

5.      During that phone conversation, Officer Rasic stated to Chief Koletsos that "You're harassing me. I'll see you in Federal court."

6.      During that phone conversation, Officer Rasic stated to Chief Koletsos "God you're out of control."



7.      During the July 24th phone call, which occurred at 12:42 p.m., Chief Koletsos ordered Officer Rasic not to call the state's attorney regarding a subpoena for court, but to go to court.

8.      During that conversation, Chief Koletsos told Officer Rasic he had to go to court if he was subpoenaed.

9.      During that conversation, Officer Rasic acknowledged that he understood that he was under orders by the Chief to attend court if he was subpoenaed.

10.     During that conversation, Officer Rasic acknowledged that he understood that the Chief ordered him not to call the State's Attorney.

11.     On July 24th, 2007, Officer Rasic called Assistant State's Attorney O'Callaghan, contrary to the direct order, attempting to be excused from a subpoena.

12.     On July 27th, Officer Rasic called the State's Attorney Supervisor, Colin Simpson, regarding his refusal to attend court per the subpoena.

13.     During that conversation, Supervisor Simpson advised Officer Rasic that he would be held in contempt of court if he failed to appear in court on August 7th, 2007, per his subpoena.

14.     On July 24th, 2007, Officer Rasic called the Northlake Police Department and spoke with Deputy Chief Norm Nissen, who advised him he would need to appear in court if subpoenaed.

15.     On July 24th, 2007, Officer Rasic was advised by Sergeant James Tzinis of the Northlake Police Department, at approximately 8:56 a.m., that the Chief had told Sgt. Tzinis to tell Officer Rasic he needed to go to court per a subpoena on August 7th, 2007.

16.     Officer Rasic was mailed, via Certified Mail, a subpoena requesting his appearance in court on August 1st, 2007. Officer Rasic signed for the letter.

2

17.     Officer Rasic called Assistant State's Attorney Pat Finley between July 25th through July 27th, 2007, regarding his appearance in court per a subpoena issued for a case scheduled for August 1st, 2007.

18.     Officer Rasic failed to attend court on August 1st, 2007.

19.     Officer Rasic failed to attend court on August 7th, 2007.

### I. FIRST CHARGE (Rule 101)

20.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 101 of the Rules of Conduct for Officer of the Northlake Police Department in that Rasic committed acts which constitute violations of the Rules and Regulations and Directives of the Department.

### II. SECOND CHARGE (Rule 102)

21.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 102 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic's failure to appear in court brought discredit to the Department and impaired the operation of the Department.

### III. THIRD CHARGE (Rule 105)

22.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 105 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic failed to attend court pursuant to a court subpoena for August 1st, 2007.

### IV. FOURTH CHARGE (Rule 105)

23.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 105 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic failed to attend court pursuant to a court subpoena for August 7th, 2007.

3

## V. FIFTH CHARGE (Rule 106)

24.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic failed to comply with a legal court ordered subpoena on August 1st, 2007.

## VI. SIXTH CHARGE (Rule 106)

25.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that r Rasic failed to comply with a legal court ordered subpoena on August 7th, 2007.

## VII. SEVENTH CHARGE (Rule 106)

26.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic disobeyed a direct order from the Chief not to call a State's Attorney, which he did on July 25th, 2007.

## VIII. EIGHTH CHARGE (Rule 106)

27.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic disobeyed a direct order from the Chief not to call a State's Attorney, which he did between July 25th through July 27th, 2007.

## IX. NINTH CHARGE (Rule 106)

28.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 106 of the Rules of Conduct for Officers of the Northlake Police Department in that

4

Rasic disobeyed a direct order from the Chief not to call a State's Attorney, which he did on July 27th, 2007.

## X. TENTH CHARGE (Rule 119)

29.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 119 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic was disrespectful on July 24th, 2007, to the Chief when he stated "Okay King" to the Chief.

## XI. ELEVENTH CHARGE (Rule 119)

30.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 119 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic was disrespectful on July 24th, 2007 to the Chief when he stated "You're harassing me. " and "I'll see you in Federal court."

## XII. TWELTH CHARGE (Rule 119)

31.     The conduct described in paragraphs 1-19, inclusive, constitutes a violation of Section 119 of the Rules of Conduct for Officers of the Northlake Police Department in that Rasic was disrespectful to the Chief on July 24th, 2007, when he state to the Chief "You're out of control."

## XIII. THIRTEENTH CHARGE (Cause Under Applicable Illinois Law)

32.     The conduct described in paragraphs 1-19 otherwise constitutes "cause" for termination of employment of Rasic.

WHEREFORE, Chief Koletsos respectfully requests:

A.      That this Commission accept the Charges as filed and cause them to be served on Rasic.

5

B.     That this Commission conduct a hearing on the Charges and Specifications herein pursuant to 65 ILCS 5/10-2.1-17.

C.     That pending hearing of the Charges, this Commission suspends Rasic without pay from his employment as a police officer in the City of Northlake.

D.     That following hearing on said Charges, this Commission finds Rasic guilty of one or more of the Charges set forth hereinabove.

E.     That upon such finding, this Commission discharge and terminate the employment of Rasic as a Northlake police officer.

Respectfully submitted,

Dennis Koletsos, Chief of Police and Director,
Public Safety, for City of Northlake, Complainant

By: _____
Chief of Police

John B. Murphey
Rosenthal, Murphey & Coblentz
30 No. LaSalle – Suite 1624
Chicago, IL 60602
Telephone # (312) 541-1071 / Fax # (312) 541-9191

00380

# NORTHLAKE POLICE DEPARTMENT

## RULES OF CONDUCT

### SECTION:

5-1-1:           Department Created; Members
5-1-1-1:         Deputy Chiefs of Police
5-1-2:           Chief of Police
5-1-3:           Residency Requirements
5-1-4:           Bonds
5-1-5:           Duties and Conduct of Department Members
5-1-6:           Service Process
5-1-7:           Witness Fees
5-1-8:           Rules and Regulations
5-1-8-1:         Chief of Police Rules and Regulations
5-1-8-2:         Department Rules and Regulations
5-1-9:           Resisting, Impersonating Police
5-1-10:          Police Dogs
5-1-11:          Shift Commander

**5-1-1:     Department Created; Members:**

There is hereby created the Police Department of the City of Northlake. The Police Department, in addition to the Chief of Police, shall consist of Deputy Chief of Police, duly sworn civil service personnel and such other personnel as shall be determined by the City Council in the annual budget ordinance as it pertains to the Police Department. (Ord. 0-02-95, 1-2-95)

**5-1-1-1:     Deputy Chiefs of Police:**

The positions of Deputy Chiefs of Police, as they pertain to this Title, shall be appointed by the Chief of Police. (Ord. 0-02-95, 1-2-95)

**5-1-2:     Chief of Police**

    A. Appointment: The Police Department shall be under the charge of the Chief of Police who shall be appointed by the Mayor, with the advice and consent of the City Council. (1976 Code §190102; 1992 Code; amd. Ord. 0-30-93, 10-4-93)

    B. Duties:
       1. Generally: The Chief of Police shall be responsible for the performance by the Police Department of all its functions and all persons who are members of the Department shall serve subject to the orders of the Chief of Police. He/she shall keep such records and make such reports concerning the activities of his/her Department as may be required by statute or by the City Council.



2. Custodian of Stolen Property: The Chief of Police shall be the custodian for the City of all lost and abandoned or stolen property and shall deal with the same in accordance with the ordinances of the City and statutes of the State. (Ord. 0-23-79, 11-20-70; amd. Ord. 0-30-93, 10-4-93)

C. Deputy Chief of Police, Commander and Administrative Assistants:

1. Position Created: There shall be created within the Northlake Police Department the positions of Deputy Chief of Police, Commander and Administrative Assistants of the Chief of Police of the Department. (Ord. 0-11-86, 5-19-86; amd. Ord. 0-02-87, 1-19-87, 1892 Code; Ord. 0-30-93, 10-4-93)

2. Appointment: These positions shall be appointed by the Chief of Police with the approval of the Mayor of the City. The number of Deputy Chiefs, Commanders and Administrative Assistants of the Chief of Police of the City of Northlake, appointed from time-to-time, shall be from the current personnel of the City. (Ord. 0-11-86, 5-19-86; 1992 Code; amd. Ord. 0-30-93, 10-4-93)

3. Duties: The positions of Deputy Chief, Commander and Administrative Assistants of the Chief of Police of the City shall be extended duties and responsibilities limited to such duties as may be consistent with and not contrary to the dictates of Illinois statutes. (Ord. 0-02-87, 1-19-87; 1992 Code; amd. Ord. 0-30-93, 10-4-93)

**5-1-3: Residency Requirements:**

All members of the Police Department shall reside within one (1) year of the date of hire in the area bounded by the following:

On the North – Lake Cook Road
On the South – 95th Street
On the East – Lake Michigan
On the West – Fox River

Said streets are located in Cook and DuPage Counties. (1992 Code; amd. Ord. 0-30-93, 10-4-93)

**5-1-5: Duties and Conduct of Department Members:**

A. Duties: Members of the Police Department, unless otherwise provided, shall enforce the ordinances of the City and all applicable statutes and shall preserve the order and prevent infractions of the law and arrest violators thereof.

00382

B.  Conduct: Every member of the Police Department shall conduct himself/herself in a proper and law-abiding manner, at all times, avoid the use of unnecessary force and shall obey the orders and directions of his/her superior. (Ord. 0-23-79, 11-20-79; amd. Ord. 0-30-93, 10-4-93)

**5-1-6:    Serving Process:**
No member of the Police Department shall serve any process except on command of the Chief of Police. (Ord. 0-23-79, 11-20-79; amd. Ord. 0-30-93, 10-4-93)

**5-1-7:    Witness Fees:**
Members of the Police Department shall appear as witnesses whenever necessary in a prosecution for a violation of an ordinance or of any State or Federal law. No such member shall retain any witness fee for service as witness in any action or suit to which the City is a party and fees paid for such services shall be turned over to the Chief of Police who shall deposit the same with the City Treasurer. (Ord. 0-23-79, 11-20-79; amd. Ord. 0-30-93, 10-4-93)

**5-1-8:    Rules and Regulations**

**5-1-8-1:    Chief of Police Rules and Regulations:**
The Chief of Police may make or prescribe such rules and regulations for the conduct and guidance of the members of the Police Department as he/she shall deem advisable. All such rules established by the Chief of Police must be approved by the City Council. Such rules shall be binding on such members. The respective rank and grade of the members, as to superiority within the Department, may be prescribed by regulation. (Ord. 0-23-79, 11-20-79; 1991 Code; amd. Ord. 0-30-93, 10-4-93)

**5-1-8-2:    Department Rules and Regulations:**
The following Rules and Regulations of the Police Department of the City of Northlake, Illinois are hereby adopted and approved by the City Council:

In the event any of the rules and regulations adopted herein by the Mayor and City Council shall be in conflict with any statutes of the State of Illinois, the statutes of the State of Illinois shall govern and such rules and regulations as may be in conflict are to be read and interpreted in accordance with the State statutes.

Violation of any of these rules shall be sufficient cause for counseling, reprimand, suspension and/or dismissal of any member of the Police Department.

Rules of Conduct

00383

The terms "Police Department" and "Department" apply to the Northlake Police Department. The term "members of the Police Department" applies to all employees of the Northlake Police Department, both sworn and non-sworn. The term "officer" applies only to sworn police officers of the Northlake Police Department. The term "civilian members" applies only to non-sworn employed by the Northlake Police Department.

### Rule 100 – Knowledge of Rules:
Members of the Northlake Police Department shall acquaint themselves with all State laws, City ordinances and rules and regulations of the Board of Police Commissioners and rules of the Chief of Police pertaining to the Police Department and shall strictly comply with same. Ignorance of the rules of the Police Department or Board of Police Commissioners shall be no excuse for violation of same.

### Rule 101 – Violation of Rules:
Members of the Northlake Police Department shall not commit any acts or omit any acts which constitute a violation of any of the rules, regulations, directives or orders of the Department, whether stated in this rule or elsewhere.

### Rule 102 - Unbecoming Conduct:
Members of the Northlake Police Department shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably on the Department. Unbecoming conduct shall include that which brings the Department into disrepute or reflects discredit upon the individual as a member of the Police Department, or that which impairs the operation or efficiency of the Department or the individual.

### Rule 103 – Immoral Conduct:
Officers shall maintain a level of moral conduct in their personal and business affairs. Officers shall not participate in any incident involving moral turpitude, which impairs their ability to perform as law enforcement officers or causes the Department to be brought into disrepute.

### Rule 104 – Conformance to Laws:
Members of the Police Department shall obey all laws of the United States and of any state or local jurisdictions in which the members are present. A conviction of the violation of any law shall be prima facie evidence of a violation of this section.

### Rule 105 – Reporting for Duty:
Members of the Police Department shall report for duty at the time and place required by assignment or orders and shall be properly equipped so that they may immediately assume their duties. Judicial subpoenas and Department-approved off-duty details shall constitute an order to report for duty under this section.

00384

### Rule 106 – Neglect of Duty:

Members of the Police Department shall not commit any acts expressly forbidden or omit any acts that are specifically required by the laws of this State, the ordinances of this City, these Rules of Conduct, or any other orders, policies, procedures or directives of the Police Department. Members shall not engage in any activity or personal business that could cause them to neglect or be inattentive to duty.

### Rule 107 – Fictitious Illness or Injury Reports:

Members of the Police Department shall not feign illness or injury, falsely report themselves ill or injured, or otherwise deceive or attempt to deceive any official of the Department as to the condition of their health.

### Rule 108 – Sleeping on Duty:

Members of the Department shall remain awake while on duty. If unable to do so, they shall so report to their superior officers who shall determine the proper course of action.

### Rule 109 – Leaving Duty Post:

Members of the Police Department shall not leave their assigned duty post during a tour of duty except when authorized by proper authority.

### Rule 110 – Leaving City:

Officers shall not leave City limits during duty hours except on official business.

### Rule 111 – Meals:

Members of the Police Department shall be permitted to suspend patrol or other assigned activity, subject to immediate call at all times, for the purpose of having meals during their tour of duty, but only for such period of time and at such time and place as established by Department procedures.

### Rule 112 – Unsatisfactory Performance – Sworn Officers:

Officers shall maintain sufficient competency to properly perform their duties and assume the responsibility of their positions. Officers shall perform their duties in a manner which will maintain the highest standards of efficiency in carrying out the functions and objectives of the Department. Unsatisfactory performance may be demonstrated by a lack of knowledge of the application of laws required to be enforced; an unwillingness or inability to perform assigned tasks; the failure to conform to work standards established for the officer's rank, grade, or position; the failure to take appropriate action on the occasion of a crime, disorder, or other condition deserving police attention; or absence without leave. In addition to other indicators of unsatisfactory performance, the following will be considered prima facie evidence of unsatisfactory performance: repeated poor evaluations or a written record of repeated infractions of rules, regulations, directives or orders of the Department.

00335

### Rule 113 – Unsatisfactory Performance – Civilian Members:

Civilian members of the Police Department shall maintain sufficient competency to properly perform their duties and assume the responsibility of their positions. Civilian members shall perform their duties in a manner which will maintain the highest standards of efficiency in carrying out the functions and objectives of the Department. Unsatisfactory performance may be demonstrated by a lack of knowledge of Department policy and procedures; an unwillingness or inability to perform assigned tasks; the failure to conform to work standards established for the civilian member's position; the failure to take appropriate action within the responsibilities of the civilian member's assignment; or absence without leave. In addition to other indicators of unsatisfactory performance, the following will be considered prima facie evidence of unsatisfactory performance: repeated poor evaluations or a written record of repeated infractions of rules, regulations, directives or orders of the Department.

### Rule 114 – Alcoholic Beverages and Drugs in Police Facility:

Members of the Police Department shall not store or bring into the police facility or vehicle alcoholic beverages, controlled substances, narcotics, or hallucinogens, except alcoholic beverages, controlled substances, narcotics, or hallucinogens which are to be submitted into evidence for safekeeping or for disposal.

### Rule 115 – Possession and Use of Drugs:

Members of the Department shall not use any controlled substances, narcotics, or hallucinogens which could affect or impair their ability to function in their job, except when prescribed in the treatment of members by a physician or dentist. Members of the Department shall not possess any controlled substance, narcotics, or hallucinogens except when prescribed in the treatment of members by a physician, dentist, or in the performance of official police duties. When any controlled substance, narcotics, or hallucinogens are prescribed, members shall notify the Chief of Police.

### Rule 116 – Use of Alcohol On Duty:

Members of the Police Department shall not consume intoxicating beverages while in uniform or on duty except in the performance of duty and while acting under proper and specific orders from a superior officer. Members of the Police Department shall not appear for duty or be on duty while under the influence of intoxicants to any degree whatsoever, or with an odor of intoxicants on their breath.

### Rule 117 – Use of Alcohol Off Duty:

Members of the Police Department while off duty shall refrain from consuming intoxicating beverages to the extent that it results in impairment, intoxication, or obnoxious or offensive behavior which discredits them or the Department, or renders the members unfit to report for their next regular tour of duty.

### Rule 118 – Use of Tobacco:

Officers, when in uniform, may use tobacco as long as they are not in a formation, they do not have to leave their assignment or post for the sole

00386

purpose of doing so, and they are not engaged in traffic direction or control. Officers are prohibited from using tobacco when they are in direct contact with the public or inside of City vehicles or buildings designated as non-smoking facilities.

### Rule 119 – Insubordination:

Members of the Police Department shall promptly obey any lawful orders of a superior officer. This will include orders relayed from a superior officer by any member of the Police Department. Members of the Police Department shall not be disrespectful to a superior officer or supervisor.

### Rule 120 – Conflicting or Illegal Orders:

Members of the Police Department who are given an otherwise proper order, which is in conflict with a previous order, rule, regulation, or direction shall respectfully inform the superior officer issuing the order of the conflict. If the superior officer issuing the order does not alter or retract the conflicting order, the last given order shall stand. Under these circumstances, the responsibility for the conflict shall be upon the superior officer. Members shall obey the conflicting order and shall not be held responsible for disobedience of the order, rule, regulation, or directive previously issued. Members of the Police Department shall not obey any order that they know, or should reasonably know, would require them to commit any illegal act. If in doubt as to the legality of the order, officers shall request the issuing officer to clarify the order or to confer with higher authority.

### Rule 121 – Gifts, Gratuities, Bribes or Rewards:

Members of the Police Department shall not solicit or accept from any person, business, or organization any gift (including money, tangible or intangible personal property, food, beverage, loan promise, service or entertainment) that may, in the public mind, be interpreted as capable of influencing their judgment in the discharge of their duties.

### Rule 122 – Abuse of Position:

Members of the Police Department shall not use their official position, identification or stars for personal or financial gain or privilege or to avoid the consequences of illegal acts. They shall not permit the use of their names, photographs or official titles in connection with testimonials or advertisements of any product or commercial enterprise without the approval of the Chief of Police; nor shall they lend to another person their identification cards or stars, or permit them to be photographed or reproduced without authorization from the Chief of Police.

### Rule 123 – Endorsements and Referrals:

Members of the Police Department shall not recommend or suggest in any manner, except in the transaction of personal business, the employment or procurement of a particular product, professional service, or commercial service (such as an attorney, ambulance service, towing service, bondsman, mortician, etc.). In the case of ambulance or towing service, when such service is necessary and the person needing the service is unable or unwilling to procure it or request assistance, members shall proceed in accordance with established Department procedures.

00387

**Rule 124 – Identification:**
Officers should carry their badges and identification cards on their persons at all times, except when impractical or dangerous to their safety or to an investigation. They shall furnish their name and star number to any person requesting that information when they are on duty or while holding themselves out as having an official capacity, except when the withholding of such information is necessary for the performance of police duties or is authorized by proper authority.

**Rule 125 – Identification – Civilian Members:**
Civilian members of the Police Department shall furnish their name and unit assignment to any person requesting that information when they are on duty or while holding themselves out as having an official capacity, except when the withholding of such information is necessary for the performance of police duties or is authorized by proper authority.

**Rule 126 – Citizen Complaints:**
Members of the Department shall courteously and promptly record, in writing, any formal complaint made by a citizen against any member of the Department and refer it to an on-duty supervisor for handling. Members taking the complaint may attempt to resolve the complaint but shall never attempt to dissuade any citizen from lodging a complaint against any member of the Department. Members shall follow established Department procedures for processing complaints as outlined in General Order 7-1.

**Rule 127 – Personal Appearance:**
Members of the Police Department on duty shall wear uniforms or other clothing in accordance with General Order 5-1, except when acting under proper and specific orders from a superior officer. Members on duty shall maintain a neat, well-groomed appearance in accordance with General Order 5-1.

**Rule 128 – Political Activity:**
A. Officers shall be permitted to:
  1. Register and vote in any election.
  2. Express opinions as individuals privately and publicly on political issues and candidates.
  3. Attend and address political conventions, rallies, fundraisers and similar political functions.
  4. Assume active roles, as candidates, officers, management, organization, or financial activities of partisan, or nonpartisan, political parties.
  5. Initiate, circulate and sign political petitions as individuals.
  6. Solicit votes in support of, or in opposition to, any partisan candidate while off duty.
  7. Make financial contributions to political organizations.
  8. Serve as a delegate to a political party convention.
  9. Endorse or oppose a candidate for public office.

Rules of Conduct

00388

B. Officers are prohibited from:
1. Engaging in any permitted political activity while on duty as a Police Officer.
2. Using their official capacity to influence or interfere with, or affect the results of, an election or to coerce or persuade any person to follow any course of political action.
3. Serving as an elected official of the City of Northlake.
4. Otherwise engaging in prohibited political activity on the federal, state, county or municipal level.

## Rule 129 – Telephones and Addresses:
Members of the Police Department shall have a telephone in their residence and shall immediately report any changes in telephone numbers or addresses to their superior officers and to such other persons as may be appropriate.

## Rule 130 – Intervention:
A. Officers shall not interfere with cases being handled by other officers of the Department or by any other governmental agency unless:

1. Ordered to intervene by a superior officer, or
2. The intervening officer believes beyond a reasonable doubt that a manifest injustice would result from failure to take immediate action.

B. Officers shall not undertake any investigation or other official action not part of their regular duties without obtaining permission from their superior officer, unless the urgency of the situation requires immediate police action.

## Rule 131 – Interference of Discipline:
No member of the Police Department shall affiliate himself/herself with a clique or group of members of the Department, the result of which activity or whose purpose is to disturb and interfere with the orderly procedure of Department business.

## Rule 132 – Departmental Reports:
Members of the Police Department shall submit all necessary reports on time and in accordance with established Department procedures. Reports submitted by members shall be truthful and complete and no member shall knowingly enter or cause to be entered any inaccurate, false, or improper information, or alter, remove, or destroy any report once filed for the purpose of obstructing justice, misleading superior officers, or altering the natural order of information.

00389

**Rule 133 – Processing Property and Evidence:**
Property or evidence, which has been discovered, gathered, or received in connection with Departmental responsibilities, will be processed in accordance with established Department procedures. Members of the Police Department shall not convert to their own use, manufacture, conceal, falsify, destroy, remove, tamper with, or withhold any property or evidence in connection with an investigation or other police action, except in accordance with established Department procedure.

**Rule 134 – Abuse of Process:**
Officers shall not intentionally make false accusations in a criminal or traffic charge.

**Rule 135 – Use of Department Equipment:**
Members of the Police Department shall utilize Department equipment only for its intended purpose in accordance with established Departmental procedures and shall not abuse, willfully damage, or lose Department equipment. All Department equipment issued to members shall be maintained in a proper order.

**Rule 136 – Operating Vehicles;**
Members of the Police Department shall operate official vehicles in a careful and prudent manner and shall obey all laws and all Department orders pertaining to such operation. Loss or suspension of any driving license shall be reported to the Chief of Police immediately.

**Rule 137 – Carrying Firearms:**
Officers shall carry firearms in accordance with the law and established Department procedures.

**Rule 138 – Truthfulness:**
Upon the order of the Chief of Police, the Chief's designate, or a superior officer, members of the Police Department shall fully and truthfully answer all questions specifically directed and narrowly relating to the performance of official duties or fitness for office which may be asked of them.

**Rule 139 – Medical Examinations, Photographs, and Line-Ups:**
Upon the order of the Chief of Police, members of the Police Department shall submit to any medical, ballistics, chemical or other tests, photographs, or line-ups. All procedures carried out under this section shall be specifically directed and narrowly related to a particular internal investigation being conducted by the Department.

**Rule 140 – Treatment of Persons in Custody:**
Members of the Police Department shall not mistreat persons who are in their custody. Members shall handle such persons in accordance with the law and Department procedures.

### Rule 141 – Use of Force
Officers shall not use more force in any situation than is reasonably necessary under the circumstances. Officers shall use force in accordance with the law and Department General Order 3-1.

### Rule 142 – Use of Weapons:
Officers shall not use or handle weapons in a careless or imprudent manner. Officers shall use weapons in accordance with the law and Department procedures.

### Rule 143 – Arrest, Search and Seizure:
Officers shall not make any arrest, search, or seizure which they know, or should reasonably know, is not in accordance with the law and Department procedures.

### Rule 144 – Ethics:
Members of the Police Department shall not conspire or knowingly engage in any activity that deprives any person of their civil rights, due process, equal opportunity for employment, advancement, job opportunities, or any constitutionally or statutory guaranteed right.

### Rule 145 – Use of Police Motor Vehicles for Personal Business:
The use of police motor vehicles for personal business is prohibited under any conditions. Police motor vehicles must be used strictly for police business and no riders shall be permitted who are not in the performance of official police duties.

### Rule 146 – Courtesy:
Members of the Department shall be courteous to the public. Members shall be tactful in the performance of their duties; shall control their tempers and exercise the utmost patience and discretion; and shall not engage in argumentative discussions, even in the face of extreme provocation. In the performance of their duties, members shall not use coarse, violent, profane, offensive, or insolent language or gestures and shall not express any prejudice concerning race, sex, age, religion, politics, national origin, life style, or similar characteristics.

### Rule 147 – Requests for Assistance:
When any person requests assistance or advice or makes complaints or reports, either by telephone or in person, all pertinent information will be obtained in an official and courteous manner and will be properly and judiciously acted upon consistent with established Department procedures.

### Rule 148 – Associations:
Members of the Northlake Police Department shall avoid regular or continuous associations or dealings with persons and/or organizations whom they know, or should reasonably know, are persons under criminal investigation or indictment or who have a reputation in the community, or the Department, for present involvement in felonious or criminal behavior, except as necessary to the performance of official duties or where unavoidable because of other personal relationships of the members.

00391

### Rule 149 – Visiting Prohibited Establishments:
Members of the Police Department shall not knowingly visit or frequent a house of prostitution, gambling house or establishment wherein the laws of the United States, the State, or local jurisdiction are regularly violated, except in the performance of duty or while acting under proper and specific orders from a superior officer.

### Rule 150 – Gambling:
Members of the Police Department shall not engage or participate in any form of illegal gambling at any time except in the performance of duty and while acting under proper and specific orders from a superior officer.

### Rule 151 – Duties of Drivers:
Drivers shall be responsible for the proper working condition of police vehicles during their tour of duty.

### Rule 152 – Radio Communications:
Radio Communications shall be used for official business only.   Radio conversation shall be in a direct, business-like manner.  The use of disrespectful slurring or profane language is prohibited.

### Rule 153 – Appear as a Witness:
Members of the Police Department who are subpoenaed or requested to appear for the defense or in the prosecution in any court proceeding, shall immediately report to the Chief of Police for appropriate action.

### Rule 154 – Soliciting of Funds, Donations, Gifts:
No member of the Police Department shall solicit funds, donations, gifts, etc., or cause his/her name to be used or authorize any organization or person to solicit funds, donations or gifts in his/her behalf, for any purpose whatsoever, without first getting written permission of the Chief of Police and the written approval of the Police Commission.

### Rule 155 – Use of Intoxicants:
Members of the Police Department shall not drink intoxicating liquor while on duty or while they have firearms or weapons in their possession.

### Rule 156 – Purchase of Uniform From Other Police Officers:
Police officers shall not purchase or wear police uniforms of other officers without the approval of the Chief of Police.

### Rule 157 – Loss of Firearms:
The loss of firearms by police officers shall immediately be reported, in writing, to the Chief of Police giving full details of loss thereof.

### Rule 158 – Equipment Upon Separation:
All police officers leaving the Police Department shall return all Department property to the Chief of Police.

00392

### Rule 159 – Property Recovered not Held as Evidence:

All recovered, lost and stolen property shall at once be inventoried on forms provided for that purpose and filed with the Chief of Police without delay except when held as evidence.

### Rule 160 – Property Held as Evidence:

Property held as evidence shall be inventoried, as required in the previous paragraph. Such property shall be held at police headquarters until the case is disposed of in the courts.

### Rule 161 – Property Accountability:

Members of the Department shall be held accountable for the care and condition of all fixed and movable property under their control and for the economical use of supplies.

### Rule 162 – Discharge of Probationers:

Probationers in the Department may be recommended for discharge by the Chief of Police, subject to the approval of the Board of Police Commissioners, at any time during their probationary period which shall be one year from the date of appointment.

### Rule 163 – Members to Report Violations:

Members of the Department shall report to their commanding officer or supervisor the violation of any of the Rules and Regulations of the Northlake Police Department by any other member. Failure to report such violators shall make them accessories to the violation of such rules.

### Rule 164 – Police Officers Always On Duty:

Officers of the Northlake Police Department shall be considered as being on duty at all times. They shall be subject to special calls and special details, upon the order of a superior officer, at any time of the day or night, whether on or off duty; provided, however, that certain hours shall be designated as the working hours for each member of the Department for the performance of police duty. It shall be the duty of all members of the Department to respond and perform police duty at any time of the day or night, whether on or off duty, where he/she has the knowledge that an emergency exists and his/her services are required, whether or not notified by a superior officer.

### Rule 165 – Unauthorized Absence:

If no proper notification of absence is given, and a member of the Department is absent for five (5) successive calendar days, he/she shall be deemed to have resigned and shall forfeit all of his/her rights and privileges as a member of the Department. At the conclusion of the fifth day of absence, the Chief of Police shall notify the Board of Police Commissioners, in writing, and the Board, after due consideration, shall notify the person involved and he/she shall be dropped from the payroll of the City.

Rules of Conduct

00303

### Rule 166 – Public Statement and Appearance:

Members of the Police Department shall not publicly criticize or ridicule the Department, its policies, or other members by speech, writing, or other expression where such speech, writing or other expression is defamatory, obscene, unlawful, undermines the effectiveness of the Department, interferes with the maintenance of discipline, or is made with reckless disregard for truth or falsity. Members of the Police Department shall not address public gatherings, appear on radio or television, prepare any articles for publication, act as correspondents to a newspaper or a periodical, release or divulge investigative information or any matters of the Department while holding themselves out as representing the Department in such matters without approval of the Chief of Police. Members may lecture on police or other related subjects only with prior approval of the Chief of Police.

### Rule 167 – Confidentiality:

No member of the Police Department shall disseminate confidential police-related information to any unauthorized person for any purpose.

### Rule 168 – Information Prohibited:

No member of the Department shall give out, or cause to be given out, or release any information concerning the affairs or business of the Department without the consent of the Chief of Police.

### Rule 169 – Communications to Other Departments Prohibited:

No member of the Department shall communicate, in any manner whatsoever relative to work matters, with any City official of Northlake or any other municipality without first receiving permission from the Chief of Police.

### Rule 170 – Correspondence Requests:

A copy of all correspondence or requests to the Board of Police Commissioners by any member of the Police Department shall be first channeled through the Chief of Police and the Chief shall sign the letter to be presented to the Board of Police Commissioners. He/she may also note his/her comments if he/she so desires.

**5-1-9:    Resisting, Impersonating Police:**

A. Resisting or Interfering with Police: No person shall knowingly resist or obstruct the performance by one known to the person to be a peace officer of any authorized act within his official capacity or shall knowingly interfere or prevent a peace officer from discharging his duty as such officer and/or in any manner knowingly assist any person in the custody of any member of the Police Department to escape or attempt to escape from such custody.

For the purposes of this subsection, "resist" shall mean passive as well as active resistance.

00394