1          TRANSCRIPT OF NORTHLAKE POLICE DEPARTMENT

2            TAPE RECORDING OF INCOMING CALL ON

3              LINE 5755 RECEIVED BY THE CHIEF

4               ON JULY 24, 2007, 12:42 P.M.

5

6                     * * * * * * * * * * * * *

7

8          DISPATCHER:  Northlake Police Department.

9    Denise.

10         DAN RASIC:  Hey Denise, this is Dan.  What's

11   up?

12         DISPATCHER:  Not much.

13         DAN RASIC:  Can I talk to the Chief, and if

14   he's not there, just his voice mail.  I don't need

15   his secretary.

16         DISPATCHER:  Okay, hold on.

17         DAN RASIC:  Thanks.

18         CHIEF KOLETSOS:  Chief Koletsos.

19         DAN RASIC:  Hey Chief, it's Dan, how you

20   doing?

21         CHIEF KOLETSOS:  Okay, Dan, how are you?

22         DAN RASIC:  Pretty good, sir.  Yeah, I'm just

23   getting back here.  I heard that you wanted me to

24   attend court August 7th.

EXHIBIT
CHIEF
8

MARIE L.                    (708) 430-2520

00420

1      CHIEF KOLETSOS:  Yeah, whenever you got it

2  scheduled, yeah.  We got a subpoena.  There's a

3  subpoena for you.

4      DAN RASIC:  Yeah, I understand, but I'm on

5  the Family Medical Leave Act.

6      CHIEF KOLETSOS:  You have to go to court,

7  Dan.  I'm ordering you to go to court that day, okay.

8      DAN RASIC:  You're ordering me?

9      CHIEF KOLETSOS:  I'm ordering you.  You

10  cannot violate a subpoena whether you are on family

11  medical leave or not.  We've tried to get it

12  continued and it's not being continued.  The court

13  case has already been -- the judge has already called

14  the case up and has heard testimony already in that

15  case.

16      DAN RASIC:  Yeah, I was there and they

17  weren't ready.  I went there once or twice already

18  for subpoena and they weren't ready.

19      CHIEF KOLETSOS:  Right, okay.

20      DAN RASIC:  I have another question.  You

21  know that cop that was killed in Maywood?

22      CHIEF KOLETSOS:  Ah-ha.

23      DAN RASIC:  I was wondering, did anybody get

24  charged yet for that brutal slaying of him?

MARIE L. ROGERS, C.S.R. (708) 430-2520

1          CHIEF KOLETSOS:  No, they did not.

2          DAN RASIC:  Because that affects my job too.

3    I know we're making a big deal about all this other

4    stuff.

5          CHIEF KOLETSOS:  What other stuff?

6          DAN RASIC:  Well, about the subpoena.

7          CHIEF KOLETSOS:  What subpoena?

8          DAN RASIC:  You just said, I have to go

9    because --

10         CHIEF KOLETSOS:  Why is that a big deal all

11   of a sudden?  That's your job as a police officer --

12         DAN RASIC:  I know.  I know.

13         CHIEF KOLETSOS:  -- when you get a subpoena

14   to go to court, Dan, why is that a big deal?

15         DAN RASIC:  They should be charged with that.

16   I think that's a big deal, Chief.

17         CHIEF KOLETSOS:  It is a big deal, yeah Dan,

18   it is a big deal.

19         DAN RASIC:  Well, has anybody been charged

20   with his slaying?

21         CHIEF KOLETSOS:  I told you no, but how does

22   that play into what your situation is?

23         DAN RASIC:  Well, you're making a big deal

24   about a subpoena.

1          CHIEF KOLETSOS:  I'm making a big deal, Dan?

2   I think you're out of line here Dan, okay.

3          DAN RASIC:  Of course I'm always out of line.

4          CHIEF KOLETSOS:  You certainly are out of

5   line, okay.

6          DAN RASIC:  You're harassing me, Chief.

7          CHIEF KOLETSOS:  You certainly are.  You file

8   whatever you need to file.

9          DAN RASIC:  I will.

10          CHIEF KOLETSOS:  Okay, and do what you need

11   to do, Dan, okay, but you got to go to court.  It's a

12   subpoena.  The court case is done.  The judge will

13   not continue the case.

14          DAN RASIC:  All right, I will call --

15          CHIEF KOLETSOS:  Your testimony is needed.

16          DAN RASIC:  I will call the court.

17          CHIEF KOLETSOS:  Okay, what I'm telling you

18   -- you're not calling the court.  I'm ordering you to

19   go to court.

20          DAN RASIC:  That's fine.

21          CHIEF KOLETSOS:  Do you understand this is a

22   direct order to go to court?

23          DAN RASIC:  Okay, fine, then I will call the

24   court and find out what is going on.

1    CHIEF KOLETSOS:  You will be in court that

2  day, Dan.  I'm ordering you.

3    DAN RASIC:  Okay.

4    CHIEF KOLETSOS:  Okay.

5    DAN RASIC:  Okay, King.

6    CHIEF KOLETSOS:  All right.  What did you

7  just say?

8    DAN RASIC:  I said my son --

9    CHIEF KOLETSOS:  No, you didn't, and I'm

10  going to charge you for insubordination for that

11  also.

12    DAN RASIC:  Of course you are.  Of course you

13  are, Chief.  You're harassing me.  I'll see you in

14  federal court.

15    CHIEF KOLETSOS:  Okay, I'll see you in

16  federal court too, but I'm going to charge you for

17  insubordination for that comment.

18    DAN RASIC:  I said king to my son.

19    CHIEF KOLETSOS:  All right, Dan.

20    DAN RASIC:  God, you're out of control.

21    CHIEF KOLETSOS:  Okay.

22    DAN RASIC:  All right.

23    CHIEF KOLETSOS:  All right.

24          (END OF TAPE RECORDING.)

00424

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
JUVENILE JUSTICE AND CHILD PROTECTION DEPARTMENT
JUVENILE JUSTICE DIVISION

IN THE INTEREST OF          )
DARRELL THOMAS             )
                           )    NO. 2006JD40113
                           )    POLICE REPORT NO. 0619885
                           )    DCN NO.
· A MINOR                   )
                                              06-19885

## SUBPOENA

TO:   OFFICER D. RASIC STAR # 152
      NORTHLAKE POLICE DEPARTMENT
      55 EAST NORTH AVENUE
      NORTHLAKE, ILLINOIS 60164

**Bring Miranda Form, typed statement, bank bag, deposit slip and Polaroid photos.**

You are commanded to appear to testify before the HONORABLE JUDGE EDWARD PIETRUCHA, in CALENDAR 74 COURTROOM 7 of the Cook County Juvenile Court Building located at 1100 South Hamilton, Chicago, Illinois ON August 1, 2007 AT 09:00 AM.

YOUR FAILURE TO RESPOND TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.

Witness: July 24, 2007

DOROTHY BROWN

DOROTHY BROWN, CLERK OF THE COURT

ASSISTANT STATE'S ATTORNEY: P. FINLEY
ATTORNEY FOR:        THE PEOPLE OF THE STATE OF ILLINOIS
ADDRESS:             1100 SOUTH HAMILTON AVENUE
CITY/STATE:          CHICAGO, ILLINOIS 60612
TELEPHONE NUMBER:    (312) 433-5376
ATTORNEY NO.:        33182

I served this Subpoena by handing a copy to _____ on

____, ____.
Signed and sworn to before me on _____, _____.

_____ Notary Public

CLERK OF THE CIRCUIT COURT, COOK COUNTY OF ILLINOIS



0002



■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Dan Rasic
4424 N. Ozanam
Norridge, IL 60706

06-19885

2. Article Number
   (Transfer from service label)
   7004-2510-0005-9129-8214

PS Form 3811, February 2004          Domestic Return Receipt                    102595-02-M-1540

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                          □ Agent
                                           □ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ⊠ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)            □ Yes

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

06-19885

Sent To   Dan Rasic
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions

CERTIFIED MAIL

7004 2510 0005 9129 8214

00426

**ified Mail Provides:**
mailing receipt

PS Form 3800, June 2002 *(Reverse)*

unique identifier for your mailpiece

record of delivery kept by the Postal Service for two years

**rtant Reminders:**
ertified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.

ertified Mail is *not* available for any class of international mail.

O INSURANCE COVERAGE IS PROVIDED with Certified Mail. For luables, please consider Insured or Registered Mail.

or an additional fee, a *Return Receipt* may be requested to provide proof of livery. To obtain Return Receipt service, please complete and attach a Return ice*int (PS Form 3811) to the article and add applicable postage to cover the e    rse mailpiece "Return Receipt Requested". To receive a fee waiver for c    te return receipt, a USPS® postmark on your Certified Mail receipt is quired.

or an additional fee, delivery may be restricted to the addressee or idressee's authorized agent. Advise the clerk or mark the mailpiece with the ndorsement *"Restricted Delivery"*.

a postmark on the Certified Mail receipt is desired, please present the arti-e at the post office for postmarking. If a postmark on the Certified Mail celpt is not needed, detach and affix label with postage and mail.

ORTANT: Save this receipt and present it when making an inquiry. rnet access to delivery information is not available on mail essed to APOs and FPOs.

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •



NORTHLAKE POLICE
DEPARTMENT
55 E. NORTH AVENUE
NORTHLAKE, IL 60164-2595

00427



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

DAVID RASIC
4444 N. OZANUM
NORRIDGE, IL 60706

2. Article Number
   (Transfer from service label)
   7004 2510 0005 9109 8214

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
                           ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

06-9835

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS )
                                     )
                          VS         ) NO. YJ411 169,179,ET AL.
                                     )    Agency No.
JEAN GALVEZ                          )

## SUBPOENA

The People of the State of Illinois to all Peace Officers in the State-GREETING:

**WE COMMAND THAT YOU SUMMON:**

OFFICER RASIC * 152
NORTHLAKE POLICE DEPARTMENT
55 E. NORTH AVENUE
NORTHLAKE, ILLINOIS 60164

to appear to testify before the Honorable Judge **PRESIDING** on August 7, 2007, in the
Circuit Court, in Room 106,  1500 Maybrook Drive, Maywood, Illinois, at 1:30 P.M.

**YOUR FAILURE TO APPEAR IN COURT IN RESPONSE TO THIS SUBPOENA WILL
SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

WITNESS: July 16, 2007

*Dorothy Brown /KMM*
Clerk of the Court

Atty No.
Name            Assistant State's Attorney
Attorney for    SEAN O' CALLAGHAN
Address         The People of the State of Illinois
City            1500 Maybrook Drive, Room 252
Telephone       Maywood, Illinois 60153
                (708) 865-6080

SERVICE:
I served this Subpoena by handing a copy to _____ on _____, 2007.

_____
INVESTIGATOR

NOT VALID FOR SERVICE ON NEWS MEDIA WITHOUT ORDER OF COURT

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS )
                                     )
                  VS                 ) NO.
                                     )
        JEAN PAUL GALVEZ             )

SUBPOENA

The People of the State of Illinois to all Peace Officers in the State-GREETING:

WE COMMAND THAT YOU SUMMON:

OFFICER RASIC #152
NORTHLAKE POLICE DEPARTMENT
55 E. NORTH AVENUE
NORTHLAKE, ILLINOIS 60164

to appear to testify before the Honorable Judge PRESIDING on September 4, 2007, in the
Circuit Court, in Room 106, 1500 Maybrook Drive, Maywood, Illinois, at 1:30 P.M.

THIS MATTER IS SET FOR TRIAL PLEASE BRING COMPLETE CASE
FILE AND ALL PHYSICAL EVIDENCE. RD #10-771

YOUR FAILURE TO APPEAR IN COURT IN RESPONSE TO THIS SUBPOENA WILL
SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.

WITNESS: August 28, 2007

*Dorothy Brown/km*
Clerk of the Court

| | |
|---|---|
| Atty No. | Assistant State's Attorney |
| Name | Sean O'Callaghan |
| Attorney for | The People of the State of Illinois |
| Address | 1500 Maybrook Drive, Room 252 |
| City | Maywood, Illinois 60153 |
| Telephone | (708) 865-6080 |

SERVICE:
I served this Subpoena by handing a copy to _____ on _____, 2007.

INVESTIGATOR

NOT VALID FOR SERVICE ON NEWS MEDIA WITHOUT ORDER OF COURT

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

00430

```
TVCI                        CLERK OF THE CIRCUIT COURT OF COOK COUNTY    09,24/2007 14:3
MAYWSB6Y                        TRIMS - CASE INQUIRY                          GASA175

   JT 4   AGENCY 340 NORTHLAKE P.D.        TWNSHP        OFFICER KEY/STAR M/0015
TICKET # Y J411172  6 OF  6 TYPE TR   COMPAN CRIM #                       ATTY
S/L S CHARGE 11501A2  DRVG UNDER INFLU OF ALCOHOL   AMENDED N SPEED      ZONE
COURT DIV N MUST APPR Y  PAYABLE N  REPORTBL Y    ACCIDENT TYPE/#  PD  006045
MAJR CASE Y WARRANT STATUS ____ AMOUNT _____    SWORN REPORT #

GALVEZ                JEAN          P   DOB 03/29/1988 SEX M  HT 5'09" WT 14
33 KINGARTHUR          2          |ISSUED  08/03/2006 |CRT DIV RESP _____
NORTHLAKE         IL 60164 0000   |RECEIVD 08/08/2006 |CONT/PAYMENT _____
POSTED: ORIG  DB __  CURRENT __ __|INIT    08/11/2006 |FTP EXP
CDL N  DL # G 41247588091 ____ IL  EXP **** CALC DL # _ _____
CMV N HAZMT N VEH TYP AU MK/MDL CHEV          PLT # 2662571  ST IL YR 200
ORIG BOND # D 7996345  STATUS ____ AMT   300.00 BND CRD _____

TCKT DISP DATE 09/04/2007  CURR DISP 205  NOLLE PROSEQUI
INITIAL CRT DT 09/19/2006  TIME 0130P ROOM 0106  VIP _ |**** CASH TOTALS ***
NXT COURT DATE _____  TIME _____ ROOM _____ ADAS _ |AMT PAID        0.0(
   RETURN DATE _____                       OTHER _ |BALANCE DUE     0.0(
LAST TICKET IN CASE                  NEW TICKET: _____  NEXT SCREEN: ____
PF: 1-HELP 2-MENU 3-RETURN 4-SWORN REPORT 5-TICKET ACTIVITY 6-MANAGEMENT VIEW
   9-NAME SRCH  10-DL SRCH  11-PREVIOUS TICKET  12-NEXT TICKET      CLR-EXIT
```

EXHIBIT
11

00431

VTA                    CLERK OF THE CIRCUIT COURT OF COOK COUNTY    09.24/2007 14:2
AYWSB6Y                        TRIMS - TICKET ACTIVITY                      GASA175
                                                              PAGE   1 OF   2 _

N OPTIONS - (PLACE X NEXT TO CHOICE, SYSTEM DEFAULTS WHEN NO SELECTION MADE
        ACTIVITY VIEW: _ COURT ACTIVITY ONLY--> DEFAULT    _ ALL ACTIVITY
        DATE SEQUENCE: _ OLDEST TO NEWEST-----> DEFAULT    _ NEWEST TO OLDES


DISTRICT 4  AGENCY 340 NORTHLAKE P.D.    TICKET # YJ411172  6 OF  6
  GALVEZ          JEAN          P        CHARGE # 11501A2
                                              DRVG UNDER INFLU OF ALCO

DISPOSITION/ACTIVITY
DATE    CL ROOM CODE - - - - - - DESCRIPTION - - - - - - -  AMT PAID   JUDG
09192006 4 0106 902 CONTINUED-PROS.    11/28/2006 CL 4 RM 0106          1684
11282006 4 0106 901 CONTINUED-DEFN.    01/16/2007 CL 4 RM 0106          1529
12192006            ADDED TO DOCKET    12/19/2006 CL 4 RM 0106
01162007 4 0106 900 CONTINUED - O/C    02/20/2007 CL 4 RM 0106          1684
02202007 4 0106 902 CONTINUED-PROS.    03/20/2007 CL 4 RM 0106          1868
03202007 4 0106 902 CONTINUED-PROS.    04/17/2007 CL 4 RM 0106          1524
04172007 4 0106 901 CONTINUED-DEFN.    05/15/2007 CL 4 RM 0106          1680
05152007 4 0106 903 CONTINUED-AGRMT    07/10/2007 CL 4 RM 0106          1915
07102007 4 0106 900 CONTINUED - O/C    08/07/2007 CL 4 RM 0106          1956
LAST TICKET IN CASE                    NEW TICKET: _____  NEXT SCREEN: ____
PF: 1-HELP 2-MENU 3-RETURN 4-SWORN REPORT 5-CASE INQUIRY 6-MGMT VIEW 7-PAGE UP
    8-PAGE DOWN  9-NAME SRCH  10-DL SRCH  11-PREV TICK  12-NEXT TICK  CLR-EXIT

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

9/24/2007 14:2
GASA175
PAGE  2 OF  2

TRIMS - TICKET ACTIVITY

TA .
.YWSB6Y

OPTIONS - (PLACE X NEXT TO CHOICE, SYSTEM DEFAULTS WHEN NO SELECTION MADE
     ACTIVITY VIEW: _ COURT ACTIVITY ONLY--> DEFAULT        _ ALL ACTIVITY
     DATE SEQUENCE: _ OLDEST TO NEWEST-----> DEFAULT        _ NEWEST TO OLDES'

ISTRICT 4   AGENCY 340 NORTHLAKE P.D.      TICKET # YJ411172   6 01  6
GALVEZ          JEAN        P            CHARGE # 11501A2
                                             DRVG UNDER INFLU OF ALCO

ISPOSITION/ACTIVITY
                - - - - - DESCRIPTION - - - - - - - -   AMT PAID   JUDGI
ATE   CL ROOM CODE                                                1956
8072007 4 0106 900 CONTINUED - O/C    09/04/2007 CL 4 RM 0106      1956
9042007 4 0106 205 NOLLE PROSEQUI

                                    NEW TICKET: _____   NEXT SCREEN: ___
PF: 1-HELP 2-MENU 3-RETURN 4-SWORN REPORT 5-CASE INQUIRY 6-MGMT VIEW 7-PAGE UP
    8-PAGE DOWN  9-NAME SRCH  10-DL SRCH  11-PREV TICK  12-NEXT TICK  CLR-EXIT

# City of Northlake

## Police Department

### Committed to Excellence

JEFFREY T. SHERWIN
MAYOR

DENNIS A. KOLETSOS
CHIEF OF POLICE

**TO:**     **All Sworn Personnel**

**FROM:**   **Chief Koletsos**

**DATE:**   **March 11, 2002**

**RE:**     **COURT APPEARANCES**

Recently, several officers did not appear in Criminal Court or Traffic Court. Some of these officers received a subpoena to do so. This apparently has been an ongoing practice that I have been unaware of. This is an unacceptable practice and will not continue.

One of the primary responsibilities of a police officer is to attend court when scheduled. It is not an officer's decision to go or not go depending on how he/she feels, what type of case it is, or whether the officer has no cases on the docket that day. Unless instructed by the State's Attorney's office, officers will be in court.

A new General Order will be forthcoming regarding this practice. All officers who failed to go to court on March 5th received written reprimands. In the future, this will not be the case. Swift and harsh punishment will be the result in the next incidence of an officer deciding on his/her own not to appear for any scheduled court date. The new General Order will outline new procedures and court officers as well as new court verification procedures. Until that order becomes effective, the following order will take its place and also be in force until I rescind it in writing.

**ORDER:**

Effective March 12th, 2002, all sworn officers **will attend** their regularly scheduled Traffic Court dates as well as misdemeanor court dates. All officers will honor all subpoenas received unless directed to do otherwise by the State's Attorney, Chief of Police or his designee.



EXHIBIT

tabbies

12

55 E. NORTH AVENUE • NORTHLAKE, IL 60164
EMERGENCY NO. (708) 344-2128 • NON-EMERGENCY NO. (708) 531-5755 • FAX (708) 344-2323

00434

All officers must sign off their receipt of this memo and return it no later than one (1) day after receiving it while being scheduled as a regular duty day. I will not send you another notice to turn in your acknowledgements

Dennis A. Koletsos
Chief of Police

DAK:lr
Encl.

# ACKNOWLEDGEMENT

I have read and fully understand the memo from Chief Koletsos dated March 11, 2002 regarding Court Appearances and have no questions as to the contents or purpose of this memo.


_____
Department Member Signature


_____
Print Name


_____
Badge Number


_____
Date of Signature

# City of Northlake

## Police Department

Committed to Excellence



JEFFREY T. SHERWIN
MAYOR

DENNIS A. KOLETSOS
CHIEF OF POLICE

**TO:**     All Sworn Personnel

**FROM:**   Chief Dennis A. Koletsos

**DATE:**   July 25, 2003

**RE:**     COURT ATTENDANCE

Recently, several officers did not attend their scheduled court date and several others were late. I have indicated in past memos the importance of attending court and also being on time. This latest Department embarrassment will not go unnoticed. However, until a new court attendance order is prepared and the new system is put in place, you are each ordered to attend every scheduled traffic court date you have regardless of whether or not you have any cases scheduled. Criminal court dates shall be attended when you have cases assigned.

In the past, officers have been suspended for missing court after being warned and/or reprimanded. This is Department policy which shall continue. Attending court is one of your primary responsibilities as a police officer! You do not have a choice.

Dennis A. Koletsos
Chief of Police

DAK:lr



EXHIBIT
13

55 E. NORTH AVENUE • NORTHLAKE, IL 60164
EMERGENCY NO. (708) 344-2128 • NON-EMERGENCY NO. (708) 531-5755 • FAX (708) 344-2323

00437

# City of Northlake

## Police Department

Committed to Excellence



JEFFREY T. SHERWIN
MAYOR

DENNIS A. KOLETSOS
CHIEF OF POLICE

**TO:**      Bill Kabler, Finance Director

**FROM:**    Chief Dennis A. Koletsos

**DATE:**    May 22, 2007

**RE:**      FAMILY MEDICAL LEAVE – OFFICER DAN RASIC

I have attached a request for family medical leave from Officer Rasic to begin on or near July 15th, 2007. Once we know when, I will provide you with an update for his file.

Dennis A. Koletsos
Chief of Police

DAK:lr
Encl.



EXHIBIT

14

55 E. NORTH AVENUE ● NORTHLAKE, IL 60164
EMERGENCY NO. (708) 344-2128 ● NON-EMERGENCY NO. (708) 531-5755 ● FAX (708) 344-2323

00438

Employer Response to Employee
Request for Family or Medical Leave
*(Optional Use Form – See 29 CFR § 825.301)*

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



(Family and Medical Leave Act of 1993)

OMB No.: 1215-0181
Expires: 07/31/04

Date:  15 May 2007

To:  Dan Rasic
*(Employee's Name)*

From:  Norman Nissen, Jr. / Deputy Chief of Police
*(Name of Appropriate Employer Representative)*

Subject: REQUEST FOR FAMILY/MEDICAL LEAVE

On  May 14, 2007  , you notified us of your need to take family/medical leave due to:
*(Date)*

☒ The birth of a child, or the placement of a child with you for adoption or foster care; or

☐ A serious health condition that makes you unable to perform the essential functions for your job; or

☐ A serious health condition affecting your ☐ spouse, ☐ child, ☐ parent, for which you are needed to provide care.

You notified us that you need this leave beginning on  birth of child (7/15/2007)and that you expect
*(Date)*
leave to continue until on or about  (3) three weeks
*(Date)*

Except as explained below, you have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period for the reasons listed above. Also, your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work, and you must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from leave. If you do not return to work following FMLA leave for a reason other than: (1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA, leave; or (2) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

This is to inform you that: *(check appropriate boxes; explain where indicated)*

1. You are ☒ eligible             for leave under the FMLA.

2. The requested leave ☒ will          be counted against your annual FMLA leave entitlement.  Rolling 12 month period.

3. You ! ; ☒ will not be required to furnish medical certification of a serious health condition. If required, you must furnish certification by _____ *(insert date)* (must be at least 15 days after you are notified of this requirement), or we may delay the commencement of your leave until the certification is submitted.

4. You may elect to substitute accrued paid leave for unpaid FMLA leave. We ☒ will          . require that you substitute accrued paid leave for unpaid FMLA leave. If paid leave will be used, the following conditions will apply: *(Explain)*  All accrued time to be used before unpaid leave is granted in the following order: Sick time
                    Holiday time
                    Vacation time

Form WH-381
Rev. June 1997      00439

5. (a) If you normally pay a portion of the premiums for your health insurance, these payments will continue during the period of FMLA leave. Arrangements for payment have been discussed with you, and it is agreed that you will make premium payments as follows: (Set forth dates, e.g., the 10th of each month, or pay periods, etc. that specifically cover the agreement with the employee.)

   Deductions from checks as currently taking place.

   (b) You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work. We ☐ ☒ will not pay your share of health insurance premiums while you are on leave.

   (c) We ☒ will not do the same with other benefits (e.g., life insurance, disability insurance, etc.) while you are on FMLA leave. If we do pay your premiums for other benefits, when you return from leave you ☒ will ☐ will not be expected to reimburse us for the payments made on your behalf.

6.    You ☒ will not be required to present a fitness-for-duty certificate prior to being restored to employment. If such certification is required but not received, your return to work may be delayed until certification is provided.

7. (a) You ☒ are not a "key employee" as described in § 825.217 of the FMLA regulations. If you are a "key employee:" restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us as discussed in § 825.218.

   (b) We ☒ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us. (Explain (a) and/or (b) below. See §825.279 of the FMLA regulations.)

8.    While on leave, you ☒ will         : be required to furnish us with periodic reports every  Monday
   _____ (indicate interval of periodic reports, as appropriate for the particular leave situation) of your status and intent to return to work (see § 825.309 of the FMLA regulations). If the circumstances of your leave change and you are able to return to work earlier than the date indicated on the reverse side of this form, you ☒ will         : be required to notify us at least two work days prior to the date you intend to report to work.

9.    You ☒ will not be required to furnish recertification relating to a serious health condition. (Explain below, if necessary, including the interval between certifications as prescribed in §825.308 of the FMLA regulations.)

This optional use form may be used to satisfy mandatory employer requirements to provide employees taking FMLA leave with written notice detailing specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. (29 CFR 825.301(b).)

Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

Public Burden Statement

We estimate that it will take an average of 5 minutes to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

DO NOT SEND THE COMPLETED FORM TO THE OFFICE SHOWN ABOVE.

00440

# City of Northlake

## Police Department

Committed to Excellence

JEFFREY T. SHERWIN
MAYOR

DENNIS A. KOLETSOS
CHIEF OF POLICE



**TO:**      Debi Rail, Records Supervisor

**FROM:**    Chief Dennis A. Koletsos

**DATE:**    July 13, 2007

**RE:**      OFFICER RASIC – FMLA

Officer Rasic's Family Medical Leave will be extended past his scheduled return of August 11th, 2007. Effective August 11th he will not be paid for any remaining leave he takes.

Please provide me a copy of Officer Rasic's accrued time off. Also, calculate a copy of the report deducting his accrued time for his current leave since it began. His time will be deducted from accrued time in the following order.

- Sick Time
- Holiday Time
- Vacation Time



Dennis A. Koletsos
Chief of Police

DAK:kk


cc: Deputy Chief

EXHIBIT
1.5

55 E. NORTH AVENUE • NORTHLAKE, IL 60164
EMERGENCY NO. (708) 344-2128 • NON-EMERGENCY NO. (708) 531-5755 • FAX (708) 344-2323

00441

# CONFIDENTIAL

**TO:**      **FILE – Officer Rasic**

**FROM:**    **Chief Dennis A. Koletsos**

**DATE:**    **July 13, 2007**

**RE:**      **FMLA**

On Friday, July 13th, 2007, I received a voicemail message from Officer Rasic advising me that he was requesting an extension of his Family Medical Leave time, because of continued family medical problems.

I called his residence on July 13th at approximately 12:00 p.m. to advise him that the department would grant the extension. However, effective August 11th, when his initial three (3) week leave expired, he would be on unpaid leave and will also have to pay his insurance costs.

cc: Deputy Chief

# City of Northlake

## Police Department

Committed to Excellence



JEFFREY T. SHERWIN
MAYOR

DENNIS A. KOLETSOS
CHIEF OF POLICE

**TO:**       **Officer Dan Rasic**

**FROM:**     **Chief Dennis A. Koletsos**

**DATE:**     **July 13, 2007**

**RE:**       **FAMILY MEDICAL LEAVE REQUEST**

I received your request today, via a phone message, for an extension of your previously approved Family Medical Leave, which began on July 6th, 2007 and is scheduled to end on August 11th, 2007.

Pursuant to the Family Leave Medical Leave Act of 1993, you are eligible for this requested leave. The following conditions will exist for the extension of this leave:

-   This leave will be counted against your FMLA leave entitlement.
-   Your leave extension will not be paid. You will not be required to utilize accrued benefit time.
-   You will be required to reimburse the City for all health insurance premiums paid by the City for you while on leave.
-   Once you return, you will be notified of the cost of insurance premiums paid on your behalf by the City.
-   Failure to make the necessary reimbursement payments may result in the cancellation of your insurance.

I have enclosed a copy of your notification for your requested extension of FMLA leave. As noted, you will be required to make notification to the Chief of Police and Deputy Chief of Police each Monday by 11:00 a.m., while on leave of your status and potential return date.

If you have any questions, please call.

Dennis A. Koletsos
Chief of Police

DAK:kk

cc:  Deputy Chief Nissen
     Bill Kabler

**EXHIBIT**
**16**

Enclosure

G0443

Employer Response to Employee
Request for Family or Medical Leave
*(Optional Use Form – See 29 CFR § 825.301)*

U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division



(Family and Medical Leave Act of 1993)

Date: *July 13th 2007*

OMB No.: 1215-0181
Expires : 07/31/04

To: *Ofc. Daniel Rasic*
(Employee's Name)

From: *Chief Dennis Koletsos*
(Name of Appropriate Employer Representative)

---

Subject: REQUEST FOR FAMILY/MEDICAL LEAVE

On *July 13th, 2007* , you notified us of your need to take family/medical leave due to:
(Date)

☒ The birth of a child, or the placement of a child with you for adoption or foster care; or

☐ A serious health condition that makes you unable to perform the essential functions for your job; or

☒ A serious health condition affecting your ☐ spouse, ☐ child, ☒ parent, for which you are needed to provide care.

You notified us that you need this leave beginning on *August 11th, 2007* and that you expect
(Date)

leave to continue until on or about *Unknown* .
(Date)

Except as explained below, you have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period for the reasons listed above. Also, your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work, and you must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from leave. If you do not return to work following FMLA leave for a reason other than: (1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; or (2) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.

---

This is to inform you that: *(check appropriate boxes, explain where indicated)*

1. You are ☒ eligible ☐ not eligible for leave under the FMLA.

---

2. The requested leave ☒ will ☐ will not be counted against your annual FMLA leave entitlement.

---

3. You ☐ will ☒ will not be required to furnish medical certification of a serious health condition. If required, you must furnish certification by _____ *(insert date)* (must be at least 15 days after you are notified of this requirement), or we may delay the commencement of your leave until the certification is submitted.

---

4. You may elect to substitute accrued paid leave for unpaid FMLA leave. We ☐ will ☒ will not require that you substitute accrued paid leave for unpaid FMLA leave. If paid leave will be used, the following conditions will apply: *(Explain)* *LEAVE TO BE UNPAID )*

Form WH-381
Rev. June 1997   00444

5. (a) If you normally pay a portion of the premiums for your health insurance, these payments will continue during the period of FMLA leave. Arrangements for payment have been discussed with you, and it is agreed that you will make premium payments as follows: *(Set forth dates, e.g., the 10th of each month, or pay periods, etc. that specifically cover the agreement with the employee.)*

(b) You have a minimum 30-day *(or, indicate longer period, if applicable)* grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, *provided we notify* you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work. We ☐ will ☐ will not pay your share of health insurance premiums while you are on leave.

(c) We ☐ will ☐ will not do the same with other benefits *(e.g., life insurance, disability insurance, etc.)* while you are on FMLA leave. If we do pay your premiums for other benefits, when you return from leave you ☒ will ☐ will not be expected to reimburse us for the payments made on your behalf.

6. You ☐ will ☒ will not be required to present a fitness-for-duty certificate prior to being restored to employment. If such certification is required but not received, your return to work may be delayed until certification is provided.

7. (a) You ☐ are ☒ are not a "key employee" as described in § 825.217 of the FMLA regulations. If you are a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us as discussed in § 825.218.

(b) We ☐ have ☒ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us. *(Explain (a) and/or (b) below. See §825.279 of the FMLA regulations.)*

8. While on leave, you ☒ will ☐ will not be required to furnish us with periodic reports every M̲o̲n̲d̲a̲y̲ ̲ ̲ ̲ ̲ ̲ ̲
b̲y̲ ̲1̲1̲:̲0̲0̲ ̲P̲M̲ *(indicate interval of periodic reports, as appropriate for the particular leave situation)* of your status and intent to return to work (see § 825.309 of the FMLA regulations). If the circumstances of your leave change and you are able to return to work earlier than the date indicated on the reverse side of this form, you ☐ will ☐ will not be required to notify us at least two work days prior to the date you intend to report to work.

9. You ☐ will ☒ will not be required to furnish recertification relating to a serious health condition. *(Explain below. If necessary, including the interval between certifications as prescribed in §825.308 of the FMLA regulations.)*

This optional use form may be used to satisfy mandatory employer requirements to provide employees taking FMLA leave with written notice detailing specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. (29 CFR 825.301(b).)

Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

## Public Burden Statement

We estimate that it will take an average of 5 minutes to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

DO NOT SEND THE COMPLETED FORM TO THE OFFICE SHOWN ABOVE.

TO _____  DATE 2-23-07

( ) Please see me        ( ) Memo File
( ) Copies               ( ) Personnel Jacket
( ) For your information  ( ) Disseminate
( ) Please Handle        ( ) Other

Comments: _Spoke with Ken Bo_

_7-23-07 @ABK 12:10 PM_

_advised him to neg file_

_Next he call to Cert math_

Signature _____



EXHIBIT
17
tabbies

# Northlake Police Department

## Vacation Sick Personal Time Tracking, 1/1/2007 - 7/16/2007, Daniel

### Q Holiday Rasic

Page: 2

| Date | Description | Amount | | Earned | | | |
|---|---|---|---|---|---|---|---|
| _1/2007 | | | | | | | |
| 01/01/2007 | Personal Time Earned | | 2.00 Days | | 3.63 | 29.00 | |
| 01/01/2007 | Personal Time Taken | 3.00 Hours | | | 3.25 | 26.00 | |
| 01/07/2007 | Personal Time Taken | 1.00 Day | | | 2.25 | 18.00 | |
| 06/22/2007 | Personal Time Earned | | 18.00 Hours | | 4.50 | 36.00 | |
| 01/01/2007 | Q Holiday Earned | | 12.00 Days | | 15.00 | 120.00 | |
| 01/01/2007 | Q Holiday Taken | 2.00 Days | | | 13.00 | 104.00 | |
| 01/20/2007 | Q Holiday Taken | 4.00 Hours | | | 12.50 | 100.00 | |
| 01/21/2007 | Q Holiday Taken | 1.00 Day | | | 11.50 | 92.00 | |

Employee Totals:

| | | |
|---|---|---|
| Vacation Earned = | 15.00 Days = | 120.00 Hours |
| Vacation Taken = | 9.00 Days = | 72.00 Hours |
| Vacation Ending Balance = | 7.00 Days = | 56.00 Hours |
| Sick Earned = | 6.00 Days = | 48.00 Hours |
| Sick Taken = | 17.31 Days = | 138.50 Hours |
| Sick Ending Balance = | 3.69 Days = | 29.50 Hours |
| Personal Time Earned = | 4.25 Days = | 34.00 Hours |
| Personal Time Taken = | 1.38 Days = | 11.00 Hours |
| Personal Time Ending Balance = | 4.50 Days = | 36.00 Hours |
| Q Holiday Earned = | 12.00 Days = | 96.00 Hours |
| Q Holiday Taken = | 3.50 Days = | 28.00 Hours |
| Q Holiday Ending Balance = | 11.50 Days = | 92.00 Hours |

tacr 7.0

00447

# Northlake Police Department
## Vacation Sick Personal Time    Q Holiday
### Tracking, 1/1/2007 - 7/16/2007, Daniel    Rasic

Page:   1

...c, Daniel    01-00606

Hire Date: **12/30/1999**

| Date | Occurrence Description | Amount Taken | Amount Earned | Balance (Days/Hours) | |
|------|------------------------|--------------|---------------|--------------|--------|
| /01/2007 | Vacation Earned | | 15.00 Days | 16.00 | 128.00 |
| /11/2007 | Vacation Taken | 1.00 Day | | 15.00 | 120.00 |
| /12/2007 | Vacation Taken | 1.00 Day | | 14.00 | 112.00 |
| /13/2007 | Vacation Taken | 1.00 Day | | 13.00 | 104.00 |
| /14/2007 | Vacation Taken | 1.00 Day | | 12.00 | 96.00 |
| /15/2007 | Vacation Taken | 1.00 Day | | 11.00 | 88.00 |
| /16/2007 | Vacation Taken | 1.00 Day | | 10.00 | 80.00 |
| /15/2007 | Vacation Taken | 1.00 Day | | 9.00 | 72.00 |
| /16/2007 | Vacation Taken | 1.00 Day | | 8.00 | 64.00 |
| /17/2007 | Vacation Taken | 1.00 Day | | 7.00 | 56.00 |
| /31/2007 | Sick Earned | | 1.00 Day | 16.00 | 128.00 |
| /28/2007 | Sick Earned | | 1.00 Day | 17.00 | 136.00 |
| /31/2007 | Sick Earned | | 1.00 Day | 18.00 | 144.00 |
| /30/2007 | Sick Earned | | 1.00 Day | 19.00 | 152.00 |
| /01/2007 | Sick Taken | 1.00 Day | | 18.00 | 144.00 |
| /04/2007 | Sick Taken | 1.00 Day | | 17.00 | 136.00 |
| /  ?007 | Sick Taken | 1.00 Day | | 16.00 | 128.00 |
| /0./2007 | Sick Taken | 1.00 Day | | 15.00 | 120.00 |
| /29/2007 | Sick Taken | 2.50 Hours | | 14.69 | 117.50 |
| /30/2007 | Sick Taken | 1.00 Day | | 13.69 | 109.50 |
| /31/2007 | Sick Earned | | 1.00 Day | 14.69 | 117.50 |
| /18/2007 | Sick Taken | 1.00 Day | | 13.69 | 109.50 |
| /19/2007 | Sick Taken | 1.00 Day | | 12.69 | 101.50 |
| /20/2007 | Sick Taken | 1.00 Day | | 11.69 | 93.50 |
| /25/2007 | Sick Taken | 1.00 Day | | 10.69 | 85.50 |
| /30/2007 | Sick Earned | | 1.00 Day | 11.69 | 93.50 |
| /06/2007 | Sick Taken | 1.00 Day | | 10.69 | 85.50 |
| /07/2007 | Sick Taken | 1.00 Day | | 9.69 | 77.50 |
| /08/2007 | Sick Taken | 1.00 Day | | 8.69 | 69.50 |
| /12/2007 | Sick Taken | 1.00 Day | | 7.69 | 61.50 |
| /13/2007 | Sick Taken | 1.00 Day | | 6.69 | 53.50 |
| /14/2007 | Sick Taken | 1.00 Day | | 5.69 | 45.50 |
| /15/2007 | Sick Taken | 1.00 Day | | 4.69 | 37.50 |
| /16/2007 | Sick Taken | 1.00 Day | | 3.69 | 29.50 |

cker.acr  7.0

00448

To:     Officer Rasic

From:   Deputy Chief Nissen

Re:     **FMLA leave**

Dear Officer Rasic:

Your recent messages have given me the impression you are using Family and Medical Leave Act absence for the care of your father. As you know your current approved leave continues for the remainder of the statutory allowed period for the birth of your child. You are allowed under the law to continue the leave for your child as is currently approved by the department.

If you are in fact now electing leave for the care of your father then please indicate so by contacting my office within the next 24 hours. This would normally require written notice but in this case a telephone message will suffice. I will provide the necessary forms and required certifications if you are in fact changing the reason for your leave. As it stands now, and unless otherwise notified, your expected date of return from leave would be October 22, 2007.

I hope your father recovers and is able to return home soon. As you know he is a good friend of many of us here at the police department and we hope he is doing better.

Yours truly,

Norman Nissen, jr.
Deputy Chief of Police

c:      Chief Koletsos

NOTE:
9/4/07 (9:20PM)

IN RESPONSE TO THIS MEMO, RASIC LEFT A MESSAGE
ON MY DEPARTMENT VOICE MAIL ADVISING ME THE
LEAVE WAS FOR HIS CHILD.



# ILLINOIS STATE POLICE
Division of Forensic Services
Westchester Forensic Science Laboratory
10001 Roosevelt Road
Westchester, Illinois 60154-2657
(708) 338-7800 (Voice) * 1-(800) 255-3323 (TDD)

Rod R. Blagojevich
*Governor*

September 28, 2006
**LABORATORY REPORT**

Larry G. Trent
*Director*

INVESTIGATIONS
MOWINSKI
NORTHLAKE POLICE DEPARTMENT
55 EAST NORTH AVENUE
NORTHLAKE IL 60164

Laboratory Case #W06-005921
Agency Case #A06-457

OFFENSE: Driving Under the Influence
SUSPECT: Jean Galvez

The following evidence was submitted to the Westchester Forensic Science Laboratory by Det. C. Mowinski #122 on August 15, 2006:

| **EXHIBIT** | **DESCRIPTION** | **FINDINGS** |
|---|---|---|
| 1A | Two tubes of blood | Ethanol 0.133 g/dL. |

Volatile analysis includes, but is not limited to, the following: Ethanol, Methanol, Acetone, Isopropanol, and Toluene.

## EVIDENCE DISPOSITION:
THE ABOVE EVIDENCE WILL BE RETAINED IN THE EVIDENCE VAULT FOR ONE YEAR AND THEN WILL BE DESTROYED UNLESS THE LABORATORY IS OTHERWISE NOTIFIED.

Section 5-9-1.9 of the Unified Code of Corrections (730ILCS) authorizes a criminal laboratory analysis fee of $150.00 to be imposed for persons adjudged guilty of an offense in violation of Section 11-501 of the Illinois Vehicle Code.

The above results relate only to the items tested.

Respectfully submitted,

*Laura LeDonne*

Laura LeDonne
Forensic Scientist

A06-457

CHIEF (19)