**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL RASIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 104 |
| | ) | |
| | ) | Judge Darrah |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| CITY OF NORTHLAKE, CHIEF | ) | |
| DENNIS A. KOLETSOS, individually, and the | ) | |
| CITY OF NORTHLAKE POLICE AND FIRE | ) | |
| COMMISSION, Roberta Larson, Manuel Ferra, | ) | |
| And Gary Merchant, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**
**OF PLAINTIFF'S RESPONSE TO DEFENDANT DENNIS A. KOLETSOS' MOTION**
**TO DISMISS HIMSELF FROM COUNTS I AND II OF PLAINTIFF'S COMPLAINT**

**PLEASE TAKE NOTICE** that on March 4, 2008, there was filed with the Clerk of the
United States District Court, Northern District of Illinois, Eastern Division, Plaintiff's Response
to Defendant Dennis A. Koletsos' Motion to Dismiss Himself from Counts I and II of Plaintiff's
Complaint, a copy of which is attached and hereby served upon you.

Dated: March 4, 2008                          Respectfully submitted,


Alejandro Caffarelli, #06239078              DANIEL RASIC
Jessica J. Fayerman, #06286140
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150                  By: /s/ Alejandro Caffarelli
Chicago, IL  60601                               Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231
Email  info@caffarelli.com
Web    www.caffarelli.com

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RASIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 104 |
| | ) | |
| | ) | Judge Darrah |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| CITY OF NORTHLAKE, CHIEF | ) | |
| DENNIS A. KOLETSOS, individually, and the | ) | |
| CITY OF NORTHLAKE POLICE AND FIRE | ) | |
| COMMISSION, Roberta Larson, Manuel Ferra, | ) | |
| And Gary Merchant, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT DENNIS A. KOLETSOS' MOTION TO DISMISS HIMSELF FROM COUNTS I AND II OF PLAINTIFF'S COMPLAINT

Plaintiff Daniel Rasic ("Rasic"), by and through his attorneys Caffarelli & Siegel Ltd., responds to Defendant Dennis A. Koletsos' ("Koletsos") motion to dismiss himself from Counts I and II of Rasic's Complaint as follows. Note that Defendant Koletsos has not sought to dismiss this entire matter, nor has he sought to dismiss himself from the entire Complaint. Rather, Koletsos seeks only to dismiss himself from Counts I and II of Rasic's Complaint, alleging Family and Medical Leave Act ("FMLA") interference and retaliation, respectively.

Koletsos argues that unlike private individuals, public individuals purportedly are not liable for their actions under the FMLA. In the alternative, Koletsos argues that even if there is individual liability for public persons under the FMLA, the actions he took against Rasic should be shielded because Koletsos is purportedly entitled to immunity. Both of these arguments are contrary to plain language of the FMLA itself as well as established case law. As such, Koletsos' motion is without merit and should be denied.

**FACTS**

Plaintiff Daniel Rasic worked as a police officer in the City of Northlake, Illinois from 1999 until approximately November of 2007.  (Compl. ¶ 4.)  His supervisor was Defendant Chief Dennis Koletsos.  In May of 2007, Rasic informed Defendants that he would require time off pursuant to the FMLA for the birth of his child.  (Compl. ¶ 9.)  Defendants approved Rasic's request for FMLA leave and Rasic began his leave in July of 2007.  Approximately one month after his FMLA leave began, Rasic's father was required to several unexpected surgeries, including hip replacement surgery.  The surgeries were potentially life-threatening, due to Rasic's father's medical history and old age.  (Compl. ¶ 11.)  Rasic requested Defendants to extend his FMLA so that he could take care of his father and his newborn baby, which Defendants approved.  (Compl. ¶¶ 12-13.)

On or about July 23, 2007, while Rasic was still out on leave, Koletsos called him at home.  Per typical Police procedures, the telephone call was recorded and later transcribed. During the telephone call, Koletsos asked Rasic "when he was planning to come back to work." (Comp. ¶ 17.)  As Rasic had previously apprised Defendants, he responded that he was planning on returning from his pre-approved FMLA leave on September 1, 2007.  (Compl. ¶ 18.)  In response, Koletsos attempted to induce him to return to work prior to his scheduled return date. Specifically, Koletsos responded that "yeah, well, we need you back before that, so start making some plans, okay?"  (Compl. ¶ 19.)  Koletsos likewise stated that "I'm not letting you take off the summer anymore like this, Dan, okay.  Everybody else has kids.  You need to start making some plans to come back, okay."  (Compl. ¶ 21.)

When Rasic tried to remind Koletsos that he was also on FMLA leave because of his father's serious medical condition, Koletsos responded that "everybody – you know, a lot of

people are dealing with elderly parents that are sick and terminally ill…you got to come to work though, you know.  I mean, you know, you're going to be off all summer here.  It's a busy summer.  We got a lot of people filling in for you and stuff.  You got to start thinking of the department too, you know, okay?"  (Compl. ¶ 23.)  Despite Defendants' prodding to do so, Rasic asserted his FMLA rights and declined to return to work before the scheduled completion of his approved FMLA leave.  (Compl. ¶ 24.)

The day after the telephone conversation between Rasic and Koletsos, Koletsos asked a sergeant to call Rasic again at home in order to induce him to return to work.  (Compl. ¶ 25.) Although Koletsos had not mentioned anything about it the day before, the sergeant told Rasic that he had allegedly received a subpoena to appear in court.  Id.  According to City rules, appearing in court on a subpoena constitutes an official "return to duty."  Id.  Defendants had been in the possession of the subpoena for weeks but did not present it to Rasic until the day after Koletsos' initial call to Rasic demanding that he return.  (Compl. ¶ 26.)

Court appearances are routinely and often rescheduled if an officer is otherwise unavailable for any other reason.  (Compl. ¶ 27.)  The usual procedures for Northlake police officers is that an officer who cannot attend court pursuant to a subpoena should contact the department and the state's attorney to indicate that he or she cannot attend.  (Compl. ¶ 28.) Pursuant to this procedure, Rasic contacted both the department and the state's attorney to indicate that he could not attend the court date because he was on FMLA leave.  (Compl. ¶ 29.) He also informed both the department and the state's attorney that he believed his FMLA rights were being violated and that the subpoena had been presented to him pretextually.  (Compl. ¶ 30.)  Pursuant to City and police department rules, an officer has the right to refuse a request without consequence if he or she believes that it is an unlawful order.  (Compl. ¶ 31.)

After Rasic asserted his FMLA rights in this manner and while he was still out on leave, Rasic was suspended and was scheduled for a disciplinary hearing in front of the Police and Fire Commission for a termination hearing.  Although Rasic attempted to present the FMLA as a "defense" to the Charges against him, it was not allowed and Rasic ultimately was terminated. (Compl. ¶ 33.)  Rasic subsequently brings this three-count Complaint for FMLA interference, FMLA retaliation, and an administrative review of the decision to terminate his employment pursuant to this Court's supplemental jurisdiction over related state-law claims.

## ARGUMENT

Defendant Koletsos argues that he should be dismissed from the lawsuit because unlike private individuals, public individuals are not responsible for their actions under the FMLA.  In the alternative, even if public employees are individually liable under the FMLA, Defendant argues that his actions should be shielded because he is allegedly immune.  Both of these arguments are without merit.

## I.      KOLETSOS IS AN "EMPLOYER" FOR PURPOSES OF THE FMLA

Defendant concedes both that individuals are generally liable under the FMLA and that the language of the FMLA itself states that "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer" constitutes an employer for purposes of liability under the FMLA.  (Def. Mem. of Law at 2, citing 29 U.S.C. § 2611(4)). Defendant likewise concedes that there is no case law in the Seventh Circuit or indeed in this jurisdiction holding that public individuals, unlike other individuals, are not liable under the FMLA.  (Def. Mem. of Law at 3.)  In fact, the Seventh Circuit has been silent on this issue. Nonetheless, Defendant asks this Court to depart from the actual, unambiguous language of the statute – that any person who acts in the interest of an employer may be liable under the FMLA –

to create a new exemption for public employees from the law.  Defendant's argument is

untenable.  Indeed, Defendant's request to use a "straightforward statutory analysis" to reach the

opposite conclusion of the plain language of the statute – i.e. to conclude that the words "any

person" do not actually mean "any person" –  is illogical.

      The Seventh Circuit has yet to directly address this issue.  As Defendant further

concedes, however, the Fifth and Eight Circuits have both held that due to the plain reading of

the language of the FMLA, public employees may be sued in their individual capacities.  <u>See</u>,

<u>e.g.</u>, <u>Modica v. Taylor</u>, 465 F.3d 174 (5th Cir. 2006); <u>Darby v. Bratch</u>, 287 F.3d 673, 681 (8th

Cir. 2002).  Moreover, according to the analysis of another district court under the Seventh

Circuit's jurisdiction, the majority of district courts throughout the country have found that

public officials are liable under the FMLA.  <u>Barnes v. LaPorte County</u>, No. 3:07-CV-297 CAN,

2008 WL 111019 at *2 (N.D. Ind. Jan 7, 2008), <u>citing</u> <u>Cantley v. Simmons</u>, 179 F.Supp.2d 654,

656 (S.D. W.Va. 2002); <u>Keene v. Rinaldi</u>, 127 F.Supp.2d 770, 778 (M.D.N.C. 2000); <u>Kilvitis v.

County of Luzerne</u>, 52 F.Supp.2d 403, 412-413 (M.D. Pa. 1999).  As such, multiple courts in a

variety of jurisdictions have held that there is public individual liability for under the FMLA.

      In this case, Defendant argues that since the term "public agencies" is one of the

definitions of "employer" contained within the statute, public individual liability must be

foreclosed.  Defendant effectively requests this Court to ignore the "any individual" language

contained in the same section of the statute.  This logic was soundly rejected by the very recent

case of <u>Barnes v. LaPorte County</u>, No. 3:07-CV-297 CAN, 2008 WL 111019 at *2 (N.D. Ind.

Jan 7, 2008), the only case within the Seventh Circuit's jurisdiction to have precisely addressed

the issue in Defendant's motion.

In <u>Barnes</u>, a former county employee sued both the county and the county auditor in her individual capacity, alleging that that the plaintiff had been terminated in violation of the FMLA. <u>Barnes</u>, 2008 WL 111019 at *1.  The county auditor moved to dismiss herself from the case, on the purported grounds that there is no public individual liability under the FMLA and on the alternative grounds that she had qualified immunity, an issue which is discussed in the following section of this brief.  <u>Id.</u>  The District Court for the Northern District of Indiana denied the defendant's motion on both grounds.

In holding that there is in fact public individual liability under the FMLA, the <u>Barnes</u> court specifically rejected the argument that Defendants have made in this case – namely, that the existence of a "public agency" definition in the statute forecloses public individual liability. Specifically, the court stated that "when the language of a statute is plain and unambiguous, the Court's only function is to 'enforce it according to its terms.'"  <u>Id.</u> at *2, <u>citing</u> <u>Greenfield Mills, Inc. v. Macklin</u>, 361 F.3d 934, 954 (7th Cir. 2004).  The court then held that a "plain reading of the statute" indicated that the county auditor could be individually liable.  <u>Id.</u>  With regard to Defendant's argument in the instant case, the <u>Barnes</u> court held that:

> Even though there is a separate provision in 29 U.S.C. § 2611(4) regarding public agencies, this Court does not find that the separate provision is provided to distinguish liability for public entities.  Rather, the provision is specifically included so that it is clear that Congress is abrogating the States' 11th Amendment immunity with the FMLA. Furthermore, subheadings (i) through (iv) are separated with an "and", which suggests that all of the sections are applicable to the general definition of what constitutes an "employer."…When subsection (ii) states that "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer," the plain meaning of the provision is that an individual who acts on behalf of the county is an "employer" for purposes of FMLA liability.

<u>Barnes</u>, 2008 WL 111019 at *2.

Moreover, it is well established in the Seventh Circuit and elsewhere that the FMLA is an analogue to the Fair Labor Standards Act ("FLSA") and that the FLSA allows for individual public liability.  Id.  Specifically, the FMLA and FLSA use exactly the same language to define "employer."  When faced with an interpretation of the same issue in the context of the same language in the FLSA, the Seventh Circuit found that a public official could be sued in his or her official capacity.  Id., citing Luder v. Endicott, 253 F.3d 1020, 1022 (7th Cir. 2002).  As such, it would be inconsistent with Seventh Circuit precedent for a court to conclude that the FMLA – which contains the exact same definition of "employer" as the FLSA – does not allow for public individual liability while the FLSA does.

For the above compelling reasons, Defendant's request for this Court to depart from a plain reading of the language of the FMLA and to ignore established precedent interpreting this same language is without merit.  There is an absence of case law both in the Seventh Circuit and in the Northern District of Illinois addressing this issue.  However, the reasoning in Barnes, decided by a court bound by Seventh Circuit precedent, is exactly on point for the instant issue and is persuasive.  As such, Defendant's motion to dismiss on this basis should be denied.

## II.     DEFENDANT'S ACTIONS SHOULD NOT BE SHIELDED ON THE BASIS OF QUALIFIED IMMUNITY

Defendant's motion argues that even if there is liability for public individuals under the FMLA, Koletsos' actions should be shielded from scrutiny in this case because he, purportedly, has qualified immunity.  Like Defendant's first argument, this argument is without merit. Notably, Defendant does not even allude to the typical requirements for the qualified immunity defense, or assert that he meets such element.  Rather, he simply claims that he was unaware that the FMLA could apply to him and asks the Court to exempt him on that basis alone.  This argument is without merit.

Even assuming _arguendo_ that the Defendant has truly argued that he should be dismissed from the suit due to qualified immunity, which he has not, such a qualified immunity argument would fail. As a general rule, a complaint is generally not dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on qualified immunity grounds.  Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (denying defendant's motion to dismiss on qualified immunity grounds).

In so ruling, the Seventh Circuit noted that:

> Because an immunity defense depends upon the facts of the case, dismissal at the pleading stage is inappropriate: "[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity.  As noted in Jacobs' concurrence, "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal…and when defendants do assert immunity it is essential to consider facts in addition to those in the complaint.

Id. at 651-52, citing Jacobs v. City of Chicago, 215 F.3d 758, 765, 775 (7th Cir. 2000).  As such, the Seventh Circuit has established that it is virtually a _per se_ rule that a claim should rarely, if ever, be dismissed on qualified immunity grounds pursuant to Fed. R. Civ. P. 12(b)(6).

Moreover, the Barnes case is also instructive with regard to refuting Defendant's qualified immunity argument.  In Barnes, in addition to arguing that there is no individual public liability under the FMLA – which the court soundly rejected – the defendant also moved to dismiss on the grounds that she was entitled to qualified immunity.  The Barnes court reiterated that seeking to dismiss based on qualified immunity at the motion to dismiss stage is an "uphill battle."  Barnes, 2008 WL 111019 at *3.  The court further denied the defendant's argument on the basis that it had not been sufficiently developed in her brief.  Id.  Specifically, the court noted that the defendant had merely recited the standard for qualified immunity and asserted the conclusion that she was entitled to it.  Id.

In this case, Defendant does not even allege the elements of a qualified immunity defense nor does he even make an attempt to argue that he meets those elements.  In a sense, Defendant ignores the concept of qualified immunity and attempts to argue something else entirely.  Specifically, Defendant argues that he should be exempt from FMLA liability because he did not know that he could be subject to it.  Defendant rhetorically asks, "would a reasonable public offer in Chief Koletsos' shoes know that he was subject to individual liability under FMLA…?"  (Def. Mem. of Law at 5.)  Defendant then answers its own question in the negative.  This is the very essence of a conclusion, which was rejected in <u>Barnes</u> as insufficient to dismiss based on qualified immunity grounds.

Further, Defendant's rhetorical question does not imply that he should not be liable based on qualified immunity grounds – rather, it implies more that Defendant should not be liable because he did not know about the FMLA when he made the decisions at issue in the case.  It is axiomatic that ignorance of the law is no defense to breaking it.  Defendant's attempts to ask the court to make an exception in his case are unavailing.

Regardless of whether Defendant's argument that he should be exempt from the FMLA because he was unaware that it could apply to him is tenable, Defendant's argument regarding qualified immunity is underdeveloped – indeed, it is non-existent – and should be denied and deemed waived.  The Seventh Circuit has established that under these circumstances, any undeveloped arguments are deemed waived.  <u>Boyd v. Owen</u>, 481 F.3d 520, 524-25 (7th Cir. 2007); <u>Gates v. Towery</u>, 507 F.Supp.2d 904, 924 (N.D. Ill. 2007).  In <u>Barnes</u>, 2008 WL 111019, the court noted that in order to properly present a qualified immunity defense, the defendant would have at least needed to argue that the plaintiff had failed to allege the deprivation of a constitutional right and that the defendant's actions were objectively reasonable.  <u>Id.</u>  In light of

the defendant's failure to raise these points, the court found that the defendant's qualified immunity argument had been waived.  Id.  In this case, Defendant has likewise failed to make any arguments concerning either of these elements, and its qualified immunity argument should therefore be deemed waived.

For the above compelling reasons, defendant's motion to dismiss himself from Counts I and II on qualified immunity grounds should be denied.  First, it is well established that a 12(b)(6) motion is rarely, if ever, the proper vehicle for resolving a qualified immunity issue in light of the myriad issues involved.  Second, Defendant has not even argued that he is entitled to qualified immunity – rather, he simply argues that he did not know that the FMLA could apply to him and should therefore be exempt.  Not only is this argument without merit, but Defendant's underdeveloped argument with respect to qualified immunity renders it waived.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss himself from Counts I and II of Rasic's Complaint should be denied.  The plain language of the FMLA as well as the wealth of interpreting case law establishes that there is individual liability for public officials under the FMLA.  It is equally well established that qualified immunity defenses should not be presented at the motion to dismiss stage.  Finally, Defendant has not even argued the elements of a qualified immunity defense, thereby waiving any such argument.  For these reasons,

Plaintiff respectfully requests this honorable Court to deny Defendant's motion and to retain

Defendant as a party to Counts I and II of this lawsuit.

Dated:  March 4, 2008                      Respectfully Submitted,

                                           DANIEL RASIC

Alejandro Caffarelli #06239078
Jessica J. Fayerman #06286140
Caffarelli & Siegel Ltd.                   /s/ Alejandro Caffarelli
Two Prudential Plaza                       One of Plaintiff's Attorneys
180 N. Stetson, Suite 3150
Chicago, Illinois 60601
(312) 540-1230
(312) 540-1231

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Plaintiff's Response to Defendant Dennis A. Koletsos' Motion to Dismiss Himself from Counts I and II of Plaintiff's Complaint, to be served upon the parties listed below via the electronic filing system of the United States District Court of Northern District of Illinois on March 4, 2008.

Mark H. Sterk
Michael J. Hayes, Jr.
Michael McGrath
Leslie Q. Kennedy
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805

John B. Murphey
Yancey L. Pinkston, Jr.
Rosenthal, Murphey & Coblentz
30 N LaSalle Street, Ste. 1624
Chicago, IL 60602

   /s/ Alejandro Caffarelli   
Alejandro Caffarelli
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601