Westlaw.

Slip Copy　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1
Slip Copy, 2008 WL 111019 (N.D.Ind.), 13 Wage & Hour Cas.2d (BNA) 445
**(Cite as: Slip Copy)**

Barnes v. LaPorte County
N.D.Ind.,2008.
Only the Westlaw citation is currently available.
United States District Court,N.D. Indiana,South Bend Division.
Kimberly BARNES, Plaintiff,
v.
LAPORTE COUNTY, et al., Defendants.
**No. 3:07-CV-297 CAN.**

Jan. 7, 2008.

Andrew G. Jones, Gibbons Jones PC, Indianapolis, IN, Philip J. Gibbons, Jr., Gibbons Jones PC, Indianapolis, IN, for Plaintiff.
Shaw R. Friedman, Friedman & Associates PC, Laporte, IN, John W. Bowers, Theisen Bowers & Associates LLC, Fort Wayne, IN, for Defendants.

**OPINION AND ORDER**

CHRISTOPHER A. NUECHTERLEIN, United States Magistrate Judge.
*1 On October 16, 2007, Defendant Teresa Shuter (Shuter) filed a motion to dismiss. On November 5, 2007, Plaintiff Kimberly Barnes (Barnes) filed a response in opposition to Shuter's motion. For the following reasons, Shuter's motion is **DENIED.**

**I. PROCEDURE**

On June 27, 2007, Barnes filed her complaint in this Court against LaPorte County and Shuter. Shuter is the Auditor of LaPorte County, but Barnes has sued Shuter in her individual capacity. Barnes claims that the Defendants inappropriately terminated her employment in violation of the Family Medical Leave Act (FMLA). Although Barnes held the position of payroll administrator in the LaPorte County Auditor's Office, both her wages and benefits were paid by LaPorte County.

On October 16, 2007, Shuter filed a motion to dismiss her from this lawsuit. Shuter claims that she is not an "employer" for liability purposes under the FMLA. On November 5, 2007, Barnes filed her response in opposition to this motion, claiming that Shuter was an "employer" for FMLA purposes, and on November 15, 2007, Shuter filed her reply in support of her motion. This Court may rule on this motion pursuant to the parties' consent and 28 U.S.C. § 636(c).

The issue this Court must resolve is whether Shuter, the LaPorte County Auditor, is considered an "employer" for FMLA liability.

**II. ANALYSIS**

A. *Fed.R.Civ.P. 12(b) Standard*

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); *Challenger v. Ironworkers Local No. 1,* 619 F.2d 645, 649 (7th Cir.1980). In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court accepts all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true. *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7th Cir.1999). A party's claims are subject to dismissal only if it is clear that he can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir.1999). The Court is not required to accept the plaintiffs' legal conclusions. *Fries v. Helsper,* 146 F.3d 452, 456 (7th Cir.1998), *cert. denied* 525 U.S. 930 (1998).

B. *Shuter's Motion to Dismiss*

The sole basis for Shuter's motion to dismiss is

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy  Page 2
Slip Copy, 2008 WL 111019 (N.D.Ind.), 13 Wage & Hour Cas.2d (BNA) 445
**(Cite as: Slip Copy)**

her argument that she does not qualify as an "employer" for purposes of FMLA liability. If Shuter is not an "employer" under the FMLA, then she is not liable in her individual capacity and must be dismissed from this case.

The FMLA defines the term "employer" as follows:
(4) Employer
(A) In general
The term "employer"-
(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calender year:
*2 (ii) includes-
(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
(II) any successor in interest of an employer:
(iii) includes any "public agency", as defined in section 203(x) [FN1] of this title; and

   FN1. Under 29 U.S.C. § 203(x),
"Public agency" means the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including the United States Postal Service and Postal Regulatory Commission), a State, or a political subdivision of a State; or any interstate governmental agency.

(iv) includes the Government Accountability Office and the Library of Congress.
(B) Public Agency
For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4).

The 7th Circuit has not definitively answered whether a public agency employee, such as an Auditor like Shuter, is an employer for liability purposes under the FMLA, and the other circuits which have addressed the issue are split. The Sixth Circuit and the Eleventh Circuit found that a public official is not an employer for FMLA purposes, but the Fifth Circuit and Eighth Circuit have reached the opposite conclusion. *Compare Mitchell v. Chapman,* 343 F.3d 811, 832 (6th Cir.2003) and *Wascura v. Carver,* 169 F.3d 683, 687 (11th Cir.1999) with *Modica v. Taylor,* 465 F.3d 174 (5th Cir.2006) and *Darby v. Bratch,* 287 F.3d 673, 681 (8th Cir.2002).[FN2] Consequently, this Court is faced with an issue of first impression in this Circuit, and an issue that other circuits have resolved differ- ently.

   FN2. It appears that a majority of district courts that have addressed the issue have found public officials individually liable under the FMLA. *See e.g. Cantley v. Simmons,* 179 F.Supp.2d 654, 656 (S.D.W.Va.2002); *Keene v. Rinaldi,* 127 F.Supp.2d 770, 778 (M.D.N.C.2000); *Kilvitis v. County of Luzerne,* 52 F.Supp.2d 403, 412-13 (M.D.Pa.1999).

This Court must begin with the language of the statute. When the language of a statute is plain and unambiguous, the Court's only function is to "enforce it according to its terms."*Greenfiled Mills, Inc. v. Macklin,* 361 F.3d 934, 954 (7th Cir.2004). Here, a fair reading of the plain language of 29 U.S.C. § 2611(4) indicates that Shuter may be individually liable. Even though there is a separate provision in 29 U.S.C. § 2611(4) regarding public agencies, this Court does not find that the separate provision is provided to distinguish liability for public entities. Rather, the provision is specifically included so that it is clear that Congress is abrogating the States' 11th Amendment immunity with the FMLA.[FN3] Furthermore, subheadings (i) through (iv) are separated with an "and", which suggests that all of the sections are applicable to the general definition of what constitutes an "employer." The statute does not distinguish the public sector from

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2008 WL 111019 (N.D.Ind.), 13 Wage & Hour Cas.2d (BNA) 445  
**(Cite as: Slip Copy)**

Page 3

the private sector. When subsection (ii) states that "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer," the plain meaning of the provision is that an individual who acts on behalf of the county is an "employer" for purposes of FMLA liability. Consequently, if Shuter, as the Auditor of LaPorte County, acted on behalf of the county in all of her actions, she would be included as a liable entity. As stated by the *Darby* court, "the plain language of the statute decides the question."*Darby*, 287 F.3d at 681.

> FN3. This Court notes that some courts, such as the 1 st Circuit, has found portions of the FMLA to be an invalid abrogation of the States 11th Amendment immunity. *See Laro v. New Hampshire*, 259 F.3d 1, 17 (1st Cir.2001). However, neither party has raised such an argument, and as a result, this Court will presume that the 11th Amendment immunity abrogation is valid.

Furthermore, this conclusion is buttressed by the definition of "employer" from a statute very similar to the FMLA, the Fair Labor Standards Act (FLSA). Both the FLMA and the FLSA use the same language to define employer. The FLSA defines "employer" as "any person who acts, directly or indirectly, in the interest of the employer."29 U.S.C. § 2611(4)(A)(ii)(I). In construing this definition, the 7th Circuit in *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir.2001) found that a public official could be sued in his individual capacity under the FLSA. The *Luder* court specifically rejected the 11th Circuit's reasoning in *Wascura* where the 11th Circuit found that a public official could not be individually liable under the FMLA. *Id.* Based on *Luder* and the similarity of the FLSA and FMLA, this Court is persuaded that the 7th Circuit would similarly find that a FMLA suit can be maintained against a public official in her individual capacity.

*3 Finally, Shuter attempts to argue that she as Auditor of LaPorte County is entitled to qualified immunity. In determining whether an official is entitled to qualified immunity, a plaintiff must first allege the deprivation of an actual constitutional right that is clearly established. *Doyle v. Camelot Care Centers, Inc.*, 305 F .3d 603, 615 (7th Cir.2002). Even then, "[w]hether an official may be held personally liable ... turns on the objective reasonableness of the action, assessed in light of the legal rules that were clearly established at the time taken."*Id.* at 620.

A complaint is generally not dismissed under Fed.R.Civ.P. 12(b)(6) on qualified immunity grounds because an immunity defense depends on facts of the case. *See Alvarado v. Litsher*, 267 F.3d 648, 651. If Shuter were arguing that Barnes's complaint against her should be dismissed because Shuter is entitled to qualified immunity, Shuter would be fighting an uphill battle. However, Shuter fails to sufficiently make this argument in her motion. Shuter recites the standard for qualified immunity, but then Shuter merely concludes that "[t]his is the type of standard under which the FMLA should be applied to elected officials."Shuter does not assert that Barnes has failed to assert the deprivation of a constitutional right. Shuter does not explain how Barnes's complaint establishes that Shuter's actions were objectively reasonable, nor does Shuter even explain how or if the law was clearly established at the time Shuter took her actions. Shuter does not even discuss her actions in light of the qualified immunity doctrine. Simply put, Shuter's argument is underdeveloped and insufficient. As a result, Shuter has waived her qualified immunity argument as a basis for a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *See Boyd v. Owen*, 481 F.3d 520, 524-25 (7th Cir.2007); *Gates v. Towery*, 507 F.Supp.2d 904, 924 (N.D.Ill.2007) ("[A]ny arguments that are ... underdeveloped are deemed waived.").

In summary, Shuter is a liable entity under the FMLA. Also, Shuter's claim of qualified immunity as a basis for dismissal is underdeveloped and, as a consequence, waived. Shuter's motion is **DENIED**.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2008 WL 111019 (N.D.Ind.), 13 Wage & Hour Cas.2d (BNA) 445  
**(Cite as: Slip Copy)**

Page 4

### III. CONCLUSION

The plain language of the FMLA establishes that the Auditor of LaPorte County may be individually liable if the Auditor acts as an employee or supervisor of the County. Shuter may or may not be entitled to qualified immunity, but Shuter has failed to adequately establish that qualified immunity exists as a basis for dismissal.[FN4] Shuter's motion to dismiss is **DENIED.**[Doc. No. 18.].

> FN4. This Court is not finding that Shuter has waived the qualified immunity affirmative defense, but only that Shuter has not sufficiently articulated that it constitutes a basis for dismissal. Consequently, Shuter may assert the qualified immunity defense at a later stage of this litigation.

**SO ORDERED.**

N.D.Ind.,2008.  
Barnes v. LaPorte County  
Slip Copy, 2008 WL 111019 (N.D.Ind.), 13 Wage & Hour Cas.2d (BNA) 445

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.