UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RASIC, ) | | |
| Plaintiff, ) | | |
| v. ) | | Case No. 08 C 104 |
| ) | | |
| CITY OF NORTHLAKE, CHIEF ) | | Judge Darrah |
| DENNIS A. KOLETSOS, individually, and ) | | |
| the CITY OF NORTHLAKE POLICE AND ) | | Magistrate Judge Schenkier |
| FIRE COMMISSION, Roberta Larson, ) | | |
| Manuel Ferra, and Gary Merchant, ) | | |
| ) | | |
| Defendants. ) | | |

**KOLETSOS REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

**I.    Koletsos Is Entitled To Qualified Immunity—It Is
Appropriate To Determine The Immunity Issue Now.**

In light of plaintiff's response, we believe it makes sense to reply first to the qualified immunity issue. The thrust of plaintiff's argument against immunity is procedural—that the Court should not resolve qualified immunity issues when the proposed vehicle for such resolution is a 12(b)(6) Motion to Dismiss. Answering Mem. at 8-11; Alvarado v. Litcher, 267 F.3d 648, 651 (7th Cir. 2001). This simplistic suggestion makes no sense in the context of the present case because Koletsos' immunity does not depend on any underlying facts.

There is no per se rule that qualified immunity issues cannot be decided on a Motion to Dismiss. To the extent there is a rule, it is observed in the breach. The Seventh Circuit regularly adjudicates qualified immunity issues on appeal from a grant or denial of a motion to dismiss. Vose v. Kliment, 506 F.3d 565 (7th Cir. 2007); Riley v. Blagojevich, 425 F.3d 357, 359 (7th Cir. 2005) (denial of "defendants' motion to dismiss, which asserted qualified immunity (and so the denial, though interlocutory, was an appealable order)"). The policy behind qualified immunity is

to protect public officials not simply from liability, but from the rigors of litigation and the chilling affects caused by years of uncertainty as to potential personal exposure. Belcher v. Norton, 497 F.3d 742, 750 (7th Cir. 2007) ("qualified immunity protects an official from suit"). That's why qualified immunity issues are to be resolved as soon as possible, a resolution which permits interlocutory appeals. Jabobs v. City of Chicago, 215 F.3d 758, 775 (7th Cir. 2000), Easterbrook concurring ("claims of immunity often justify dismissing a complaint in advance of discovery").

So there is no hard and fast rule as to the procedural vehicle used to bring forward a qualified immunity claim. Alvarado, supra, Jacobs v. City of Chicago, 215 F.3d 758 (7th Cir. 2000). Both recognize that the appropriate vehicle for adjudicating qualified immunity depends on the nature of the claim. A claim involving disputed facts (for example, an excessive force case, or a procedural due process case where the scope and extent of the process provided are disputed), is usually inappropriate for a qualified immunity resolution through a motion to dismiss. Plaintiff is not required to plead all of the facts in support of his claim; the facts need to be fleshed out at least by way of some preliminary discovery; in such case, the appropriate vehicle for adjudicating qualified immunity is a Rule 56 motion for summary judgment.

On the other hand, certain cases lend themselves to a speedier determination as to the underlying issue of law. Jacobs (at 765, n.3). When the inquiry is legal, "a court may properly address this purely legal question under Rule 12(b)(6)." As a result of the Supreme Court's decision in Garcetti v. Ceballos, 547 U.S. 410 (2006), there has been and will continue to be litigation over the threshold issue of whether public employees are making statements pursuant to their official duties, in which case the Constitution "does not insulate their communications from employer discipline." 547 U.S. at 421-422. This threshold inquiry lends itself to a

qualified immunity determination via a motion to dismiss.  This is precisely the manner in which the Seventh Circuit recently handled the issue in <u>Vose v. Kliment</u>, 506 F.3d 565 (7th Cir. 2007). The District Court denied defendant's motion to dismiss based on qualified immunity.  The individual defendants appealed.  The Seventh Circuit held that the individual defendants "are entitled to qualified immunity."  506 F.3d at 571.

The present case is tailor-made for a qualified immunity determination at the motion to dismiss stage.  The issue of Koletsos' entitlement to qualified immunity has nothing to do with what he did, and everything to do with who he is.  The issue for qualified immunity purposes is whether a reasonable public official would have known that he was subject to FMLA liability based upon activities taken pursuant in an employee discipline context.  As both plaintiff and defendant have observed, neither the Supreme Court nor the Seventh Circuit has weighed in on whether an individual public employee is subject to FMLA liability.  There is a Circuit split on this issue.  The only scholarly analysis to date strongly argues against an interpretation allowing individual liability.  Sperino, "Under Construction: Questioning Whether Statutory Construction Principles Justify Individual Liability Under the Family and Medical Leave Act," 71 <u>Mo.L.Rev.</u> 71 (Winter 2006).

The leading case allowing individual liability also approved qualified immunity for the individual employee of the public agency primarily responsible for plaintiff's discharge.  <u>Modica v. Taylor</u>, 465 F.3d 174, 187-8 (5th Cir. 2006).  <u>Modica</u> holds:

> Humphrey asserts that the rights and protections defined by the FMLA were not clearly established in 2003, therefore she should not be subject to personal liability for her decision to discharge Modica….  As evidenced by the discussion above, individual public employee liability is a subject of much debate among the courts of appeals.  [Citations]  In the absence of a prior ruling by the Supreme Court, this Court or a consensus among our sister Circuits, we cannot say that the law was clearly established in 2003 when these events giving rise to Modica's allegations occurred.  [Citations]  Therefore, Humphrey is entitled to qualified

3

>immunity against Modica's FMLA claim because it was not clearly established that public employees are subject to individual liability under FMLA when Humphrey terminated Modica's employment….

The law on this issue is no less murky now than it was in 2003. The conclusion is therefore inescapable that Koletsos is entitled to qualified immunity on the FMLA claim.[1]

There would be no logic in failing to address this issue now. Because the issue here is an issue of law relating to capacity, there are no facts which need to be vetted by way of the normal Rule 56 summary judgment process. The only "fact" which Koletsos would bring forward on a summary judgment motion is the self-evident one—the employer of Rasic is the City of Northlake. Koletsos is an employee of the City. Koletsos is not the employer. Requiring the formality of pleading an affirmative defense, then instantly filing a summary judgment motion devoid of any facts, would just result in this matter ending up in the identical posture it is today.

It is appropriate for this Court to decide the qualified immunity issue now. Because the law was not clearly established at the time of Rasic's termination decision that an individual public employee participating in a termination decision is subject to FMLA liability, Koletsos is entitled to qualified immunity. If plaintiff urges this Court to follow the holding of Modica, supra, he must accept the bitter with the sweet, and concede Koletsos' entitlement to immunity from suit on the FMLA claim.

## II.   The Merits—Logic Compels The Conclusion That Individual Public Employees Should Not Be Subject To FMLA Liability.

In light of the split in authority, it is not particularly productive for us to simply repeat the arguments set forth in our opening brief. There are obviously arguments going both ways. We believe it will be of some assistance to the Court if it has the extensive Sperino article. Accordingly, we attach a copy of this Law Review article to our reply brief as **Exhibit 1**.

---

[1] Contrary to plaintiff's "undeveloped defense" argument, there is nothing further to develop on this pure legal issue.

4

We believe simple logic supports the non-liability conclusion.  FMLA is a non-discrimination provision similar to Title VII.  In Williams v. Banning, 72 F.3d 552, 553, the Seventh Circuit "squarely held that Title VII of the Civil Rights Act of 1964 does not impose individual liability on supervisory employees of an employer."  Carr v. City of East Chicago Indiana, 2007 WL 4287570 (N.D. Ind. 2007).  As the Carr court notes, the Seventh Circuit concluded that all statutory reference to "agents" of an employer "was to insure that courts would impose respondeat superior liability on employers for the acts of their agents."  To say the least, it seems incongruous that Congress would limit liability to the employer under all of Title VII while exposing individual employees to liability in the case of an FMLA violation.

The remedies allowed under FMLA are even more limited than that allowed under Title VII.  29 U.S.C Section 2617.  The remedies consist first of lost wages and related employment benefits.  Section 2617(a)(1)(A)(i)(I).  Second, the employee may recover interest on these damages.  Section 2617(a)(1)(A)(ii).  Third, the employee may recover liquidated damages equal to the amount of compensatory damages.  Section 2617(a)(1)(A)(iii).  Fourth, an employee may be entitled to equitable relief, including reinstatement or promotion.  Section 2617(a)(1)(B).  All of these forms of relief are typical Title VII damages and are damages that are limited to the employer.  Koletsos doesn't pay Rasic his wages; the City does.  Koletsos has no ability to effectuate an equitable order; only the City does.

In a Section 1983 action the remedies which plaintiffs most often seek against individual defendants include recovery for emotional distress and punitive damages.  Neither emotional distress damages nor punitive damages are recoverable under FMLA.  Rodgers v. City of Des Moines, 435 F.3d 904, 908-9 (8th Cir. 2006); Rosanio v. Taco Bell, 303 F.Supp.2d 878 (N.D. Oh. 2004); Johnson v. Honda, 221 F.Supp.2d 853, 858 (S.D. Oh. 2002).  As the Supreme Court noted

5

in <u>Nevada Department of Human Resources v. Hibbs</u>, 538 U.S. 721, 739-40 (2003), "the cause of action under the FMLA is a restricted one: the damages recoverable are strictly defined and measured by actual monetary losses."  The defined monetary losses all stem from wages and related forms of compensation provided, not by a fellow employee, but rather by the corporate employer.  Perhaps more than anything, FMLA's limited remedies argue against individual liability.

If Koletsos is dismissed from the litigation, plaintiff loses nothing.  All forms of FMLA relief are available to him.  The punitive damages he seeks against Koletsos are not available.  <u>Carroll v. Potter</u>, 2007 WL 3342298 (W.D. Ky. 2007) at *3 ("punitive damages . . . are not recoverable under the FMLA.").  There is no principled policy reason to keep an individual employee as a defendant in an FMLA action when all of the relief operates solely against the employer.

Accordingly, Koletsos respectfully submits that he be dismissed as a defendant to the FMLA Count.

                                        Dennis Koletsos

                                        By:    /s/ John B. Murphey
                                                  His Attorney

JOHN B. MURPHEY
ARDC#1992635
Rosenthal, Murphey & Coblentz
30 N. LaSalle St., Suite. 1624
Chicago, Illinois 60602
Tel. (312) 541-1072
Fax (312) 541-9191

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Alejandro Caffarelli | Mark H. Sterk |
| Jessica Judith Fayerman | Michael Joseph Hayes, Jr. |
| Caffarelli & Siegel Ltd. | Michael J. McGrath |
| Two Prudential Plaza | Odelson & Sterk, Ltd. |
| 180 North Stetson Avenue | 3318 West 95th Street |
| Suite 3150 | Evergreen Park, Illinois 60805 |
| Chicago, Illinois 60601 | |

        /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorney for Dennis Koletsos
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191

G:\rmcj\Northlake\Rasic Federal Litigation\Reply Mem.doc