# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Daniel Rasic,                  )
                               )
            Plaintiff,     )    No.    08 C 104
                                 )
    v.                      )
                                 )
City of Northlake, Chief Dennis Koletsos, )
individually, and the City of Northlake   )
Police  and Fire Commission, Roberta    )
Larson, Manuel Ferra, and Gary Merchant, )
                               )
         Defendants.    )

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Dennis Koletsos, defendant in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from an order denying Dennis Koletsos' Motion to Dismiss on the basis of qualified immunity entered in this action on the 27th day of June, 2008.

                                   /s/ John B. Murphey

                       Attorney for Defendant Dennis Koletsos

                       Address: Rosenthal, Murphey & Coblentz
                                   30 N. LaSalle Street, Suite 1624
                                   Chicago, Illinois 60602
                                   (312) 541-1070
                                   (312) 541-9191 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Alejandro Caffarelli | Leslie Quade Kennedy |
| Jessica Judith Fayerman | Mark H. Sterk |
| Caffarelli & Siegel Ltd. | Michael Joseph Hayes, Jr. |
| Two Prudential Plaza | Michael J. McGrath |
| 180 North Stetson Avenue | Odelson & Sterk, Ltd. |
| Suite 3150 | 3318 West 95th Street |
| Chicago, Illinois 60601 | Evergreen Park, Illinois 60805 |

    /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorney for Dennis Koletsos
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:    08cv104

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Daniel Rasic (appellee) | | Dennis A. Koletsos (appellant) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Alejandro Caffarelli | Name | John B. Murphey |
| Firm | Caffarelli & Siegel, Ltd. | Firm | Rosenthal, Murphey, Coblentz & janega |
| Address | Two Prudential Plaza 180 North Stetson Ave., Suite 3150 Chicago, IL 60601 | Address | 30 North LaSalle Street Suite 1624 Chicago, IL 60602 |
| Phone | (312) 540-1230 | Phone | (312) 541-1070 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Schenkier | Date Filed in District Court | 1/7/08 |
| Court Reporter | B. Wilson (5885) | Date of Judgment | 7/1/08 |
| Nature of Suit Code | 790 | Date of Notice of Appeal | 7/24/08 |

COUNSEL:          Appointed ☐          Retained ☒          Pro Se ☐

FEE STATUS:          Paid ☒          Due ☐          IFP ☐

                   IFP Pending ☐          U.S. ☐          Waived ☐

Has Docketing Statement been filed with the District Court Clerk's Office?          Yes ☒          No ☐

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

          Granted ☐          Denied ☐          Pending ☐

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).    Rev 04/01**

Additional Counsel

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

# UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Daniel Rasic, | ) | |
| | ) | Appeal from the United |
| Plaintiff, | ) | States District Court for |
| | ) | Northern District of Illinois, |
| v. | ) | Eastern Division |
| | ) | The Honorable Sidney I. Schenkier |
| City of Northlake, Chief Dennis Koletsos, | ) | United States Magistrate Judge |
| individually, and the City of Northlake | ) | |
| Police and Fire Commission, Roberta | ) | No.    08 C 104 |
| Larson, Manuel Ferra, and Gary Merchant, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT-APPELLANT'S DOCKETING STATEMENT

Defendant-Appellant, Dennis Koletsos, by and through his attorneys, John B. Murphey and Rosenthal, Murphey & Coblentz, hereby submits his Docketing Statement pursuant to Circuit Rule 3 of the United States Court of Appeals for the Seventh Circuit and states as follows:

The district court's jurisdiction was founded on 28 U.S.C. § 1331 and 29 U.S.C. § 2617 for the claims Plaintiff-Appellee alleged based on Defendants' interference with Plaintiff's rights and retaliation for exercising those rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615, *et seq.*  The district court's jurisdiction was also founded on Plaintiff's petition for administrative review of the City of Northlake Police and Fire Commission's decision to terminate Plaintiff-Appellee's employment pursuant to the district court's supplemental jurisdiction under 28 U.S.C. § 1367(a) and the Administrative Review Law of the State of Illinois, 735 ILCS 5/3.  Venue was vested in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

This appeal is taken from an order denying Defendant-Appellant Dennis Koletsos' motion to dismiss on the basis of qualified immunity.  On April 14, 2008, the parties consented to have United States Magistrate Judge Sidney I. Schenkier conduct any and all proceedings in this matter pursuant to 28 U.S.C. § 636(c).  On June 27, 2008, Judge Schenkier entered an order denying Defendant-Appellant Dennis Koletsos' motion to dismiss.   On July 24, 2008, Defendant-Appellant filed a Notice of Appeal to the Court of Appeals of the Seventh Circuit.

An interlocutory appeal of a denial of a motion to dismiss on the basis of qualified immunity falls within the collateral order doctrine and is a final judgment subject to an immediate appeal.  See Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16 (1985); see also Bherens v. Pellitier, 516 U.S. 299, 307, 116 S.Ct. 834, 839 (1996); Fairley v. Fermaint, 482 F.3d 897, 900 (7th Cir. 2007).  An order denying dismissal of a complaint on the basis of qualified immunity is an issue of law and immediately appealable to the Court of Appeals.  Id. at 528; Behrens, 516 U.S. at 311.

Unless the plaintiff's allegations state a claim of a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.  Id. at 526.  The entitlement is an immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.  Id.  This entitlement includes a right to avoid discovery if matters are sufficiently clear at the outset of the suit.  Fairley, 482 F.3d at 900.  An order refusing to dismiss the complaint conclusively rejects a defendant's claim of freedom from discovery.  Id.

Judge Schenkier's decision is "final" and 28 U.S.C. § 1291 allows the aggrieved party to appeal from every final decision.  Id.  Under 28 U.S.C. § 1291, the Court of Appeals of the

Seventh Circuit has jurisdiction of appeals from interlocutory orders of a district court denying a

motion to dismiss on the basis of qualified immunity.  See, Mitchell, 472 U.S. at 530.


_____/s/ John B. Murphey_____

Attorney for Defendant-Appellant Dennis Koletsos

Address: Rosenthal, Murphey & Coblentz
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
(312) 541-1070
(312) 541-9191 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Alejandro Caffarelli | Leslie Quade Kennedy |
| Jessica Judith Fayerman | Mark H. Sterk |
| Caffarelli & Siegel Ltd. | Michael Joseph Hayes, Jr. |
| Two Prudential Plaza | Michael J. McGrath |
| 180 North Stetson Avenue | Odelson & Sterk, Ltd. |
| Suite 3150 | 3318 West 95th Street |
| Chicago, Illinois 60601 | Evergreen Park, Illinois 60805 |

    /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorney for Dennis Koletsos
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191

Order Form (01/2005)

Case 1:08-cv-00104   Document 38   Filed 07/25/2008   Page 9 of 29
Case 1:08-cv-00104   Document 33   Filed 06/27/2008   Page 1 of 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 104 | **DATE** | 6/27/2008 |
| **CASE TITLE** | Rasic vs. City of Northlake | | |

ENTER MEMORANDUM OPINION AND ORDER (attached). Mr. Koletsos's motion to dismiss (doc. # 16) is denied. Mr. Koletsos shall file his answer to the complaint by 07/18/08.

■ [ For further detail see separate order(s).]                                    Docketing to mail notices.

U.S. DISTRICT COURT
CLERK
2008 JUN 27  PM 1:17
FILED-EDI

| | Courtroom Deputy Initials: | mm |
|---|---|---|

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DANIEL RASIC,                                    )
                                                 )
            Plaintiff,                           )
                                                 )          No. 08 C 0104
vs.                                              )
                                                 )          Magistrate Judge Schenkier
CITY OF NORTHLAKE,                               )
CHIEF DENNIS A. KOLETSOS, individually,          )
and the CITY OF NORTHLAKE POLICE AND             )
FIRE COMMISSION, Roberta Larson,                 )
Manuel Ferra, and Gary Merchant,                 )
                                                 )
            Defendants.                           )

## MEMORANDUM OPINION AND ORDER

Daniel Rasic, a former employee of the police department of the City of Northlake, has

brought a three-count complaint against the City of Northlake ("Northlake"), Chief of the City of

Northlake Police Dennis A. Koletsos in his individual capacity, and the City of Northlake Police and

Fire Commission, Roberta Larson, Manuel Ferra, and Gary Merchant (collectively, "the

Commission"), arising out of alleged violations of Mr. Rasic's rights under the Family and Medical

Leave Act of 1993 ("FMLA"), 29 U.S.C. §2615 *et seq.* In Count I, Mr. Rasic alleges that the

defendants interfered with his FMLA rights by trying to induce him to return to work prior to the

expiration of his approved leave pursuant to the FMLA. In Count II, Mr. Rasic alleges that the

defendants retaliated against him for exercising his FMLA rights by terminating his employment

while he was on approved FMLA leave. In Count III (which is brought solely against Mr. Koletsos

and the Commission), Mr. Rasic petitions for an administrative review of the Commission's decision

to terminate his employment pursuant to this Court's supplemental jurisdiction. *See* 28 U.S.C. §
1367.

Presently before the Court is Mr. Koletsos' motion to dismiss Counts I and II against him for
lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), for failure to state a claim against him,
Fed.R.Civ.P. 12(b)(6), and on the ground that he is entitled to qualified immunity (doc. # 16). For
the reasons set forth below, we deny Mr. Koletsos's motion to dismiss.[1]

## I.

We set forth the relevant allegations of the complaint, which we assume to be true solely for
the purpose of this motion. *Jackson v. E.J. Brach Corp.*, 176 F. 3d 971, 977-78 (7th Cir. 1999). Mr.
Rasic began working as a police officer for the City of Northlake Police Department in 1999 (Compl.
¶ 8). During the period of Mr. Rasic's employment, Mr. Koletsos served as the Chief of the City of
Northlake Police Department (*Id.* ¶ 6). In May 2007, Mr. Rasic informed defendants that he would
need time off work for the birth of his child, pursuant to the FMLA (*Id.* ¶ 9). Defendants approved
Mr. Rasic's FMLA leave request, and Mr. Rasic took leave beginning in July 2007 (*Id.* ¶ 10).
Mr. Rasic's child was born with the umbilical cord wrapped around her neck and required extended
hospitalization after her birth (*Id.* ¶ 14). In addition, during Mr. Rasic's FMLA leave, his father
required several unexpected surgeries which were potentially life-threatening due to his father's
advanced age and prior medical history (*Id.* ¶ 11). When Mr. Rasic asked to extend his FMLA leave
so he could care for his father and his newborn child, his request was granted (*Id.* ¶¶ 12-13).

---

[1]Pursuant to 28 U.S.C. § 636(c) and the consent of all parties (doc. # 26), on April 17, 2008 the case was
assigned to this Court for all proceedings, including the entry of final judgment (doc # 29).

While on FMLA leave, Mr. Rasic complied with the defendants' requirements by calling weekly to inform the defendants about the status of his leave (Compl. ¶ 15). During a telephone call on July 23, 2007, Mr. Koletsos asked Mr. Rasic when he was planning to return to work (*Id.* ¶ 17). Mr. Rasic responded that he was planning to return on September 1, 2007 (*Id.* ¶ 18). Mr. Koletsos responded, "yeah, well we need you back before that, so start making some plans, okay?" (*Id.* ¶ 19). Mr. Koletsos stated that he would not let Mr. Rasic take the summer off, noting that "[e]verybody else had kids," and that he needed to make plans to come back to work (*Id.* ¶ 21). When Mr. Rasic responded that he was on leave to care for his child and his father, Mr. Koletsos stated that many people also had to deal with elderly parents who were sick or terminally ill, that a lot of people were filling in for Mr. Rasic, and that Mr. Rasic had to start thinking about the good of the police department (*Id.* ¶ 23). Mr. Rasic continued to insist on exercising his FMLA rights, and told Mr. Koletsos that he would not return to work prior to the completion of his scheduled FMLA leave (*Id.* ¶ 24).

The next day, July 24, 2007, defendants allegedly asked a police sergeant to call Mr. Rasic and demand that he return to work for the allegedly pretextual reason that Mr. Rasic had received a subpoena to appear in court (Compl. ¶ 25). According to Northlake rules, appearing on a subpoena constitutes an official "return to duty" (*Id.* ¶ 25). However, according to Mr. Rasic, court appearances in Northlake are routinely rescheduled if an officer is unavailable for any reason, as long as the officer contacts the police department and the state's attorney to inform them of the need to reschedule (*Id.* ¶¶ 27-28). Mr. Rasic contacted the state's attorney office and stated that because he was on FMLA leave, he would need to reschedule his court appearance (*Id.* ¶ 29). Mr. Rasic also informed the police department and the state's attorney that he believed having to appear on the

3

scheduled court date would violate his FMLA rights and was therefore an unlawful order (Compl. ¶ 30). Pursuant to Northlake and police department rules, if an officer believes a request is an unlawful order he or she may refuse to comply with it, without suffering consequences (*Id.* ¶ 31).

Thereafter, prior to his scheduled return from FMLA leave, Mr. Rasic was suspended (Compl. ¶ 32). Mr. Rasic appeared before the Commission for a disciplinary hearing, at which the Commission refused to consider his FMLA defense to the disciplinary charge and terminated Mr. Rasic's employment (*Id.* ¶ 34).

## II.

Mr. Rasic's FMLA claims against Mr. Koletsos are based on his contention that "... [Mr.] Koletsos is an 'employer' within the meaning of the FMLA" (Compl. ¶ 6). In his motion to dismiss, Mr. Koletsos asserts that the FMLA claims must be dismissed on the ground that employees of public agencies are not subject to individual liability under FMLA. Mr. Koletsos argues that as a result, the complaint must be dismissed because it fails to state a cognizable claim, Fed.R.Civ.P. 12(b)(6), and for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2). Mr. Koletsos further argues that if a claim against him is cognizable under the FMLA, then it nonetheless should be dismissed on the basis of qualified immunity. We address each argument in turn.

## A.

The FMLA provides a private cause of action against employers who violate the substantive provisions of the Act. *See* 29 U.S.C. §2617(a). The FMLA provides a detailed definition of the word "employer":

(4) Employer

(A) In general

The term "employer"-

(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes-

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer;

(iii) includes any "public agency", as defined in section 203(x) of this title,[2] and

(iv) includes the General Accounting Office and the Library of Congress.

(B) Public Agency. For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. §2611(4) (1994).

In considering whether Mr. Koletsos may be sued individually under the FMLA, we must begin with the text of the statute itself. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). Generally, statutory text should be interpreted according to its plain meaning, unless such a literal reading of the text would "compel an odd result" or would demonstrably contravene

---

[2]The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(x), which states that "public agency" means "the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including the United States Postal Service and Postal Regulatory Commission), a State, or a political subdivision of a State; or any interstate governmental agency."

5

legislative intent or statutory purpose. *Public Citizen v. United States Dep't of Justice*, 491 U.S. 440, 454 (1989); *Ron Pair*, 489 U.S. at 242.

A plain reading of subsection (4)(A)(ii)(I) supports the proposition that individuals acting "directly or indirectly, in the interest of an employer to any of the employees of such employer" fall within the statutory definition of an employer, and thus may be subject to individual liability under the FMLA. That proposition finds further support in the applicable regulations, which state that "[t]he definition of 'employer' in section 3(d) of the Fair Labor Standards Act (FLSA), 29 U.S.C. 203(d), similarly includes any person acting directly or indirectly in the interest of an employer in relation to an employee. As under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA." *See* 29 C.F.R. § 825.104(d). The applicable regulations thus clearly state that employees of private employers may be individually liable. However, the regulations are silent as to whether employees of public employers may be individually liable.[3]

On that question, there exists a split among the Circuits on the question of whether the statutory language extends a right of action against individuals who are public, rather than private, employees. The Fifth and Eighth Circuits have held that public agency employees may be individual defendants under the FMLA, while the Sixth and Eleventh Circuits have held that individual employees of public agencies may not be sued under the FMLA. *Compare Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006) (holding that public employees may be held individually liable under

---

[3]We recognize that in *Mitchell v. Chapman*, 343 F.3d 811, 832 (6th Cir. 2003), the court stated that "the example of individual liability provided in the regulations exclusively pertains to the corporate setting, thereby evincing an intent to limit such liability to the private sector." With respect, we disagree that the selection of a private employer *example* in the regulations constitutes a *sub silentio* statement that individual employee liability does not apply with respect to public employers.

6

FMLA) and *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) (same) *with Wascura v. Carver*, 169

F. 3d 683, 685-7 (11th Cir. 1999) (holding that there is no individual liability for public employees

under FMLA) and *Mitchell v. Chapman*, 343 F.3d 811, 829-30 (6th Cir. 2003), *cert. denied* 524 U.S.

937 (2004) (same). A majority of district courts outside these circuits which have weighed in on the

issue have held that public employees may be subject to individually liable under the FMLA. *See*

*Sheaffer v. County of Chatham*, 337 F.Supp.2d 709 (M.D.N.C., 2004); *Cantley v. Simmons*, 179

F.Supp.2d 654 (S.D. W. Va., 2002); *Morrow v. Putnam*, 142 F.Supp.2d 1271 (D. Nev. 2001);

*Kilvitis v. County of Luzerne*, 52 F.Supp.2d 403 (M.D. Pa. 1999); *Meara v. Bennett*, 27 F.Supp.2d

288 (D. Mass. 1998). *But see Carter v. Rental Uniform Serv. Of Culpeper, Inc.*, 977 F.Supp. 753,

759 (W.D.Va. 1997); *Frizzell v. Southwest Motor Freight, Inc.* 906 F.Supp. 441, 449 (E.D.Tenn.

1995). Since the Seventh Circuit has not spoken to this issue, we are left to choose the interpretation

of the FMLA that is most faithful to the statutory language Congress chose to employ.

In our view, a plain reading of the text of the FMLA leads to the conclusion that supervisory

government employees may qualify as "employers" under the FMLA, and thus can be sued

individually. Subparagraph (4)(A)(ii)(I) defines employer to include "any person who acts, directly

or indirectly, in the interest of an employer to any of the employees of such employer." On its face,

this language includes supervisory personnel whose responsibilities involve acting "in the interest

of the employer to any of the employees" of the employer. Indeed, even cases that decline to

recognize individual liability under the FMLA for public sector employees agree that individual

liability may be imposed on private sector employees. *E.g., Mitchell*, 343 F.3d at 828; *Wascura*, 169

F.3d at 686-87.

7

The next clause of Section 2611(4), subparagraph (4)(A)(iii), states that the definition of "employer" also includes "any public agency." The statutory language including public agencies within the definition of employer does not set forth any limitations on that inclusion. Specifically, the language does not exclude from the definition of a public agency "employer" those persons employed by a public agency who act "in the interest of the employer to any of the employees" of that employer. To the contrary, the physical structure of Section 2611(4) supports the proposition that both subsections 4(A)(ii)(I) (creating individual liability) and 4(A)(iii) (applying the FMLA to public agencies) are inseparable parts of the definition of "employer." The *Sheaffer* court explained that "[t]he em dash after the word 'employer' [in paragraph 4(A)] suggests that all four subparagraphs of paragraph (4)(A) modify the word employer," so that employer " 'means' what is provided for in subparagraph (i) and 'includes' what is provided for in subparagraphs (ii), (iii), and (iv)." 337 F.Supp.2d at 728. We agree with that statutory reading, and thus hold that under the FMLA, liability may be imposed on employers of public agency employees who act, "directly or indirectly, in the interest of an employer to any employees of" that employer. And, Mr. Koletsos does not argue that, as Chief of Police, he does not meet that standard.

In so holding, we acknowledge – but do not find persuasive – a contrary statutory interpretation offered by some decisions. For example, in *Mitchell,* the Sixth Circuit held that public employees cannot be sued individually under the FMLA. In so holding, the appeals court rejected the view that all four subparts of subparagraph 4(A) can be read together in defining an "employer." According to *Mitchell,* clause (ii) (stating that the term "employer" includes individual(s)) and clause (iii) (stating that the term "employer" includes public agencies) are "separate and distinct." 343 F.3d at 830. The *Mitchell* court found support for this interpretation in the absence of "any punctuation

demonstrating an interrelationship between clauses (ii)-(iv). *Id.* We do not agree with this structural reading of the statute. Clause (i) states what an "employer" means, and clauses (ii)-(iv) state that this meaning "includes" each of the subclauses. Thus, the structure of the section makes clear that the definition of employer includes both the individuals who acts in the interest of an employer with respect to employees, and public agencies. The structure does not lead us to conclude that the individual liability provision applies only to private employers.

Nor are we persuaded by the *Mitchell* court's statement that "… the commingling of clauses (i)-(iv) into the term employer yields an interpretation that renders other provisions of the statute superfluous as well as creates several oddities." *Mitchell*, 343 F.3d at 830. The *Mitchell* court stated that "commingling" the public agency provision in clause (iii) with the definition of "employer" in clause (i) and the individual employee liability provision in clause (ii) would render superfluous the statutory definition of "public agency." *Id.* at 830-31. The *Mitchell* court explained that public agencies are deemed (without proof) to be engaged in commerce and are covered employers without regard to the number of employees, whereas to be covered under clause (i), private employers must be shown to engage in commerce and to employee 50 or more people. *Id.* For this reason, the *Mitchell* court concluded that applying clause the individual employee liability of clause (ii) in the context of a public agency in clause (iii) "cannot be sustained." *Id.* at 831.

We disagree. The fact that the statute expressly defines private and public employers differently with respect to the number of persons they employee and their involvement in commerce does not render superfluous either definition. As the Fifth Circuit noted, *Mitchell* fails to recognize that "… section 2611(4)(B) is not superfluous under this reading, it relieves plaintiffs of the burden of proving that a public agency is engaged in commerce." *See Modica*, 465 F.3d at 186. The fact

9

that the statute draws no express distinction between public and private employers with respect to individual employee liability supports, rather than undermines, the interpretation we adopt today.

We also disagree with the *Mitchell* court's conclusion that "commingling" clauses (ii) and (iv) leads to an "untenable" result." 343 F.3d at 831. The court observed that clause (ii) includes both the individual employee liability language and a provision stating that the definition of employer includes any successor in interest of the employer, while clause (iv) provides that the General Accounting Office and the Library of Congress are included within the definition of an employer. *Id.* The *Mitchell* court stated it would be "an exercise in absurdity" to think there would ever be a successor in interest to those long-standing federal entities. *Id.* However, we do not consider it an absurdity for Congress to address, in one statutory section, an event such as successorship that might apply to one type of employer and not to another. We do not see this as compelling evidence that Congress intended to create individual employee liability for one category of employer and not for another.[4]

Finally, the Eighth Circuit has observed that opinions that hold public employees may not be individually liable under the FMLA fail to explain why employers in the public sector should be treated differently from employers in the private sector. *Darby* 287 F.3d at 681 (citing *Morrow v. Putnam*, 142 F.Supp.2d 1271, 1275 (D. Nev. 2001)). To be sure, one may debate the utility of subjecting any employees who "act in the interest of an employer" with respect to employees to individual claims of liability under the FMLA. Some may argue that this kind of exposure to

---

[4]We also are not persuaded by the *Mitchell* court's observation that the way in which the FMLA defines individual liability and public agencies is different in the FLSA (and more clear) than it is in the FMLA. 343 F.3d at 831-32. As we have explained, we are satisfied that the language and structure of the FMLA create individual employee liability for public agency employees. The fact that the FMLA does so by employing somewhat different language than used in the FLSA does not establish otherwise.

10

personal liability is at best duplicative because it adds nothing to the claim against the employer

(punitive damages are not available under the FMLA, *Cianci v. Pettibone Corp.*, 152 F.3d 723, 728

−29 (7th Cir. 1998)), and at worst opens the doors to strike suits against employers.[5] On the other

hand, one might conclude that exposing individual supervisors to suit will better encourage

compliance with the FMLA, by creating a strong incentive for those who deal most closely with non-

supervisory employees to hew to the requirements of the statute. Congress, however, has made its

choice: it plainly has chosen to subject individual employees who "act in the interest of the

employer" with respect to employees to personal liability. We find no evidence in the statutory

language or structure that Congress meant to do so only for private, and not public, employees. We

therefore hold that Mr. Koletsos is not exempt from suit merely due to his status as a public

employee.

Because Mr. Koletsos's moved for dismissal for failure to state a claim and for lack of

personal jurisdiction solely on the ground that the FMLA does not provide a cognizable claim against

him, our holding that the FMLA provides a private right of action against individual public

employees leads us to deny Mr. Koletsos's motion to dismiss under Rules 12(b)(2) and 12(b)(6).

**B.**

Finally, Mr. Koletsos seeks dismissal on the ground of qualified immunity. It is well-settled

that "[p]ublic officials performing discretionary functions are entitled to qualified immunity from

civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[5]We note that the Seventh Circuit has held that suits cannot be brought against public agency employees in their individual capacity when such a suit "*demonstrably* has the *identical* effect as a suit against the state," on the ground that it is barred by the Eleventh Amendment. *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001). However, there is no similar Eleventh Amendment bar to suits against the state under the FMLA. *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 740 (2003). Thus, there is no Eleventh Amendment bar to suits against public agency employees in their individual capacity under the FMLA, even if the suit would have the identical effect as a suit against the state.

11

rights of which a reasonable person would have known." *Gustafson v. Jones*, 117 F.3d 1015, 1020-21 (7th Cir. 1997), (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Qualified immunity serves to create a zone in which public officials may act "with independence and without fear of consequences." *Mitchell v. Forsythe*, 472 U.S. 511, 525 (1985) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Qualified immunity seeks to eliminate the "consequences" of liability for money damages as well as "the general costs of subjecting officials to the risks of trial – distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Mitchell*, 472 U.S. at 526, (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982)). Qualified immunity thus shields public officials from awards of damages and from the burdens of the litigation process.

A qualified immunity inquiry is focused on "the objective legal reasonableness of the action, not the state of mind or good faith of the officials in question" *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996) (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). "When defendants raise qualified immunity as an affirmative defense, the court must engage in a two-party inquiry: (1) determine whether plaintiff has asserted a violation of a federal constitutional right and (2) determine whether the constitutional standards implicated were clearly established at the time in question" *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995). Once a defendant pleads qualified immunity, plaintiff has the burden to demonstrate the existence of a clearly established right. *Abel v. Miller*, 824 F.2d 1522, 1534 (7th Cir. 1987). A plaintiff need not show a case on point, but may meet the burden by referencing closely analogous case law which demonstrates that the allegedly violated constitutional or statutory right was clearly established when the alleged violation took place.

12

*Grossmeyer v. McDonald,* 128 F.3d 481, 495 (7th Cir. 1997) (citing *Anderson v. Creighton,* 438 U.S. 635, 640 (1987)).

In his motion, Mr. Koletsos does not argue that the conduct alleged – if proven – would fail to show a violation of a clearly established right. Rather, he claims that what was not clearly established was that he could be personally liable if he engaged in conduct that violated the FMLA. This argument is flawed, because it disregards the nature of the qualified immunity analysis. The two-part standard for qualified immunity asks whether the constitutional right allegedly violated was clearly established at the time of the alleged violation; it does not ask whether it was clearly established that the person who engaged in the conduct could be sued individually.

We recognize that at least one court has granted qualified immunity on this ground, *see Modica,* 465 F.3d at 187-88, but we part company with *Modica* on this point. The purpose of qualified immunity is to give public officials freedom to act – but, only so long as their actions do not violate a clearly established right. It would be a misuse of qualified immunity to apply the doctrine to insulate a public employee from suit where he does not dispute that his acts (if proven) would violate a clearly established right, but only quarrels about whether he should have to answer for his conduct personally or whether instead that responsibility should be borne only by his employer. Accordingly, Mr. Koletsos's motion to dismiss on the basis of qualified immunity is denied.

13

## CONCLUSION

For the foregoing reasons, Mr. Koletsos' motion to dismiss (doc. # 16) is denied.

Mr. Koletsos shall file his answer by July 18, 2008.

ENTER:

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

Dated:  **June 27, 2008**

14

# United States District Court
## Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:08−cv−00104
*Internal Use Only*

Rasic v. City of Northlake et al
Assigned to: Honorable Sidney I. Schenkier
Cause: 28:1331 Federal Question

Date Filed: 01/07/2008
Jury Demand: Plaintiff
Nature of Suit: 790 Labor: Other
Jurisdiction: Federal Question

**Plaintiff**

**Daniel Rasic**

represented by **Alejandro Caffarelli**
Caffarelli &Siegel Ltd
Two Prudential Plaza
180 North Stetson Avenue
Suite 3150
Chicago, IL 60601
(312) 540−1230
Email: a.caffarelli@caffarelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Judith Fayerman**
Caffarelli &Siegel Ltd.
Two Prudential Plaza
180 North Stetson Avenue
Suite 3150
Chicago, IL 60601
312 540 1230
Email: j.fayerman@caffarelli.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Northlake**

represented by **Leslie Quade Kennedy**
Odelson and Sterk, Ltd
3318 West 95th Street
Evergreen Park, IL 60406
(708) 424−5678
Email: lkennedy@odelsonsterk.com
*ATTORNEY TO BE NOTICED*

**Mark H. Sterk**
Odelson &Sterk, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805
(708) 424−5678
Email: msterk@odelsonsterk.com
*ATTORNEY TO BE NOTICED*

**Michael Joseph Hayes, Jr.**
Odelson &Sterk, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805
(708)424−5678
Email: mhayes@odelsonsterk.com
*ATTORNEY TO BE NOTICED*

**Michael J. McGrath**
Odelson &Sterk, Ltd.

3318 West 95th Street
Evergreen Park, IL 60805
(708) 424−5678
Email: mmcgrath@odelsonsterk.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dennis A Koletsos**                    represented by   **John B. Murphey**
*individually*                                           Rosenthal, Murphey, Coblentz &Janega
                                                         30 North LaSalle Street
                                                         Suite 1624
                                                         Chicago, IL 60602
                                                         (312) 541−1070
                                                         Email: jmurphey@rmcj.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Leslie Quade Kennedy**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Mark H. Sterk**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael Joseph Hayes, Jr.**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael J. McGrath**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Yancey Lewis Pinkston, Jr.**
                                                         Ross Dixon &Bell, LLP
                                                         55 West Monroe Street
                                                         Suite 3000
                                                         Chicago, IL 60603−5758
                                                         (312) 541−1070
                                                         Email: ypinkston@rmcj.com
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**City of Northlake Police and Fire**    represented by   **Leslie Quade Kennedy**
**Commission**                                           (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Mark H. Sterk**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael Joseph Hayes, Jr.**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Michael J. McGrath**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Roberta Larson**                       represented by   **Leslie Quade Kennedy**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Mark H. Sterk**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Joseph Hayes, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J. McGrath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Manuel Ferra**                    represented by   **Leslie Quade Kennedy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark H. Sterk**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Joseph Hayes, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J. McGrath**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gary Merchant**                    represented by   **Leslie Quade Kennedy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark H. Sterk**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Joseph Hayes, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J. McGrath**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/07/2008 | 1 | COMPLAINT filed by Daniel Rasic; Jury Demand. (lcw, ) (Entered: 01/08/2008) |
| 01/07/2008 | 2 | CIVIL Cover Sheet. (lcw, ) (Entered: 01/08/2008) |
| 01/07/2008 | 3 | ATTORNEY Appearance for Plaintiff Daniel Rasic by Alejandro Caffarelli. (lcw, ) (Entered: 01/08/2008) |
| 01/07/2008 | 4 | ATTORNEY Appearance for Plaintiff Daniel Rasic by Jessica Judith Fayerman. (lcw, ) (Entered: 01/08/2008) |
| 01/07/2008 | 5 | (Court only) RECEIPT regarding payment of filing fee paid on 1/7/2008 in the amount of $350.00, receipt number 2441776. (lcw, ) Modified on 1/8/2008 (lcw, ). (Entered: 01/08/2008) |

| 01/07/2008 | 6 | SUMMONS Issued as to Defendants City of Northlake, Dennis A Koletsos, City of Northlake Police and Fire Commission. (lcw, ) (Entered: 01/08/2008) |
|---|---|---|
| 01/15/2008 | 7 | SUMMONS Returned Executed by Daniel Rasic as to City of Northlake on 1/14/2008, answer due 2/4/2008. (Caffarelli, Alejandro) (Entered: 01/15/2008) |
| 01/15/2008 | 8 | SUMMONS Returned Executed by Daniel Rasic as to City of Northlake Police and Fire Commission on 1/14/2008, answer due 2/4/2008. (Caffarelli, Alejandro) (Entered: 01/15/2008) |
| 01/15/2008 | 9 | SUMMONS Returned Executed by Daniel Rasic as to Dennis A Koletsos on 1/14/2008, answer due 2/4/2008. (Caffarelli, Alejandro) (Entered: 01/15/2008) |
| 01/15/2008 | 10 | MINUTE entry before Judge John W. Darrah : Status hearing set for 3/11/2008 at 09:00 AM. Mailed notice (lcw, ) (Entered: 01/16/2008) |
| 01/17/2008 | 11 | ATTORNEY Appearance for Defendants Gary Merchant, City of Northlake, Dennis A Koletsos, City of Northlake Police and Fire Commission, Roberta Larson, Manuel Ferra by Mark H. Sterk (Sterk, Mark) (Entered: 01/17/2008) |
| 01/17/2008 | 12 | ATTORNEY Appearance for Defendants Gary Merchant, City of Northlake, Dennis A Koletsos, City of Northlake Police and Fire Commission, Roberta Larson, Manuel Ferra by Michael J. McGrath (McGrath, Michael) (Entered: 01/17/2008) |
| 01/17/2008 | 13 | ATTORNEY Appearance for Defendants Gary Merchant, City of Northlake, Dennis A Koletsos, City of Northlake Police and Fire Commission, Roberta Larson, Manuel Ferra by Michael Joseph Hayes, Jr (Hayes, Michael) (Entered: 01/17/2008) |
| 01/30/2008 | 14 | ATTORNEY Appearance for Defendant Dennis A Koletsos by John B. Murphey (Murphey, John) (Entered: 01/30/2008) |
| 01/30/2008 | 15 | ATTORNEY Appearance for Defendant Dennis A Koletsos by Yancey Lewis Pinkston, Jr (Pinkston, Yancey) (Entered: 01/30/2008) |
| 02/05/2008 | 16 | MOTION by Defendant Dennis A Koletsos to dismiss *Counts I and II* (Murphey, John) (Entered: 02/05/2008) |
| 02/05/2008 | 17 | NOTICE of Motion by John B. Murphey for presentment of motion to dismiss 16 before Honorable John W. Darrah on 2/12/2008 at 09:00 AM. (Murphey, John) (Entered: 02/05/2008) |
| 02/05/2008 | 18 | MEMORANDUM by Dennis A Koletsos in support of motion to dismiss 16 (Murphey, John) (Entered: 02/05/2008) |
| 02/12/2008 | 19 | MINUTE entry before Judge John W. Darrah :Defendant's motion to dismiss 16 is entered and briefed as follows: response by 3/4/08, reply by 3/18/08. Status hearing set for 3/11/08 is re−set to 4/24/08 at 9:00 a.m. Defendant Northlake is granted leave to file their answer by the close of business on 2/15/08. Mailed notice(maf, ) (Entered: 02/12/2008) |
| 02/15/2008 | 20 | ANSWER to Complaint by City of Northlake, City of Northlake Police and Fire Commission (Attachments: # 1 Exhibit Administrative Review Record Part 1 of 18# 2 Exhibit Administrative Review Record Part 2 of 18# 3 Exhibit Administrative Review Record Part 3 of 18# 4 Exhibit Administrative Review Record Part 4 of 18# 5 Exhibit Administrative Review Record Part 5 of 18# 6 Exhibit Administrative Review Record Part 6 of 18# 7 Exhibit Administrative Review Record Part 7 of 18# 8 Exhibit Administrative Review Record Part 8 of 18# 9 Exhibit Administrative Review Record Part 9 of 18# 10 Exhibit Administrative Review Record Part 10 of 18# 11 Exhibit Administrative Review Record Part 10 of 18# 11 Exhibit |

| | | |
|---|---|---|
| | | Administrative Review Record Part 11#_12 Exhibit Administrative Review Record Part 12 of 18#_13 Exhibit Administrative Review Record Part 13 of 18#_14 Exhibit Administrative Review Record Part 14 of 18#_15 Exhibit Administrative Review Record Part 15 of 18# 16 Exhibit Administrative Review Record Part 16 of 18#_17 Exhibit Administrative Review Record Part 17 of 18#_18 Exhibit Administrative Review Record Part 18 of 18)(McGrath, Michael) (Entered: 02/15/2008) |
| 02/15/2008 | 21 | NOTICE by City of Northlake, City of Northlake Police and Fire Commission re answer to complaint,,,,_20 (McGrath, Michael) (Entered: 02/15/2008) |
| 02/21/2008 | 22 | ATTORNEY Appearance for Defendants Gary Merchant, City of Northlake, Dennis A Koletsos, City of Northlake Police and Fire Commission, Roberta Larson, Manuel Ferra by Leslie Quade Kennedy (Kennedy, Leslie) (Entered: 02/21/2008) |
| 03/04/2008 | 23 | RESPONSE by Daniel Rasic to MOTION by Defendant Dennis A Koletsos to dismiss *Counts I and II* 16 (Attachments: #_1 Exhibit Exhibit A− Barnes v. LaPorte County)(Caffarelli, Alejandro) (Entered: 03/04/2008) |
| 03/14/2008 | 24 | REPLY by Dennis A Koletsos to response to motion_23 *to dismiss* (Attachments: #_1 71 Mo. L. Rev. 71)(Murphey, John) (Entered: 03/14/2008) |
| 04/14/2008 | 25 | REPORT of Rule 26(f) Planning Meeting by Gary Merchant, Daniel Rasic, City of Northlake, Dennis A Koletsos, City of Northlake Police and Fire Commission, Roberta Larson, Manuel Ferra (Caffarelli, Alejandro) (Entered: 04/14/2008) |
| 04/14/2008 | 26 | JOINT CONSENT by Gary Merchant, Daniel Rasic, City of Northlake, Dennis A Koletsos, City of Northlake Police and Fire Commission, Roberta Larson, Manuel Ferra to Exercise of Jurisdiction by a United States Magistrate Judge (Caffarelli, Alejandro) (Entered: 04/14/2008) |
| 04/15/2008 | 27 | MINUTE entry before Judge Honorable John W. Darrah:Parties having consented to the jurisdiction of Magistrate Judge Schenkier, the 4/24/08 status hearing before Judge Darrah is vacated. Mailed notice(maf, ) (Entered: 04/15/2008) |
| 04/16/2008 | 28 | MINUTE entry before Judge Honorable Sidney I. Schenkier: The matter is set for a status hearing with the magistrate judge on 04/29/08 at 9:00 a.m. Telephone notice (mmm, ) (Entered: 04/16/2008) |
| 04/17/2008 | 29 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Sidney I. Schenkier pursuant to Local Rule 73.1. Signed by Executive Committee on 04/17/08. (lcw, ) (Entered: 04/22/2008) |
| 04/23/2008 | 30 | REPORT of Rule 26(f) Planning Meeting by Gary Merchant, Daniel Rasic, City of Northlake, Dennis A Koletsos, City of Northlake Police and Fire Commission, Roberta Larson, Manuel Ferra (Caffarelli, Alejandro) (Entered: 04/23/2008) |
| 04/29/2008 | 31 | MINUTE entry before Judge Honorable Sidney I. Schenkier: Status hearing held and continued to 6/26/2008 at 09:00 AM. Rule 26(a)(1) disclosures are to be served by 5/5/08. Any motions for joinder of parties or amendments to pleadings are to be filed by 5/26/08. Discovery is to be completed by 8/25/08. Mailed notice (mmm, ) (Entered: 04/29/2008) |
| 06/26/2008 | 32 | MINUTE entry before the Honorable Sidney I. Schenkier: Status hearing held and continued to 8/28/2008 at 09:00 AM. Mailed notice (mmm, ) (Entered: 06/26/2008) |

| 06/27/2008 | <u>33</u> | MINUTE entry before the Honorable Sidney I. Schenkier: ENTER MEMORANDUM OPINION AND ORDER (attached). Mr. Koletsos's motion to dismiss (doc. #16) is denied. Mr. Koletsos shall file his answer to the complaint by 7/18/08. Mailed notice (ca, ) (Entered: 07/01/2008) |
|---|---|---|
| 06/27/2008 | <u>34</u> | MEMORANDUM Opinion and Order Signed by the Honorable Sidney I. Schenkier on 6/27/2008.(ca, ) (Entered: 07/01/2008) |
| 07/21/2008 | <u>35</u> | ANSWER to Complaint *and Affirmative Defenses* by Dennis A Koletsos(Murphey, John) (Entered: 07/21/2008) |
| 07/24/2008 | <u>36</u> | NOTICE of appeal by Dennis A Koletsos regarding orders <u>33</u> , <u>34</u> Filing fee $ 455, receipt number 07520000000002964462. (Murphey, John) (Entered: 07/24/2008) |
| 07/24/2008 | <u>37</u> | DOCKETING Statement by Dennis A Koletsos regarding notice of appeal <u>36</u> (Murphey, John) (Entered: 07/24/2008) |