**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DANIEL RASIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 104 |
| ) | |
| ) | |
| v. ) | Magistrate Judge Schenkier |
| ) | |
| CITY OF NORTHLAKE, CHIEF ) | |
| DENNIS A. KOLETSOS, individually, and the ) | |
| CITY OF NORTHLAKE POLICE AND FIRE ) | |
| COMMISSION, Roberta Larson, Manuel Ferra, ) | |
| And Gary Merchant, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF HIS RESPONSE TO DEFENDANTS' 56.1(a)(3) STATEMENT OF FACTS**

As summarized in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, Defendants' 56.1(a)(3) Statement of Facts contains 211 discrete and unrelated fact statements, a significant portion of which are argumentative. Responding to 211 statement of facts as well as determining how to respond to the numerous argumentative statements in Defendants' own 56.1(a)(3) statement caused a significant and undue amount of time and expense for Plaintiff.

Despite Defendants' own violations and the unique challenge that responding to 211 facts and arguments posed for Plaintiff, Defendants have now taken issue with the manner in which Plaintiff has responded to that unique challenge. Defendants' motion is without merit and should be denied because: 1.) Defendants have not alleged the existence of any prejudice that resulted from Plaintiff's alleged violations of the Local Rules in their response to Defendants' statement of facts; 2.) Plaintiff's submission is in compliance with the Local Rules and this Court's

Standing Order in any event; and 3.) the entirety of Plaintiff's submission was necessary to properly and completely respond to Defendants' own violations of the Local Rules.

## A.    Defendants Have Not Alleged Any Prejudice from Plaintiff's Submission

It is axiomatic that motions to strike are "generally disfavored," and will be denied unless the portion of the pleading at issue is prejudicial. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.3d 1286, 1294 (7th Cir. 1989); Tektel, Inc. v. Maier, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992). Prejudice generally results when the material challenged either confuses the issue or places an undue burden on the responding party. Cumis Ins. Soc., Inc. v. Peters, 983 F.Supp. 787, 798 (N.D. Ill. 1997). At no point in Defendants' motion to strike do they allege that they were in any way prejudiced by any portion of Plaintiff's submission. For this reason alone, Defendants' motion to strike should be denied.

Likewise, as a matter of logic, the prejudice that results when a party is required to respond to allegedly improper matter does not exist here because Defendants are not required to file a reply to Plaintiff's response to their motion for summary judgment. As such, Defendants cannot claim that they incurred any "undue burden" as a result of any purportedly improper material in Plaintiff's submission. To the contrary, as discussed in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, Plaintiff was prejudiced by Defendants' violations of the Local Rules because he was required to file a response to Defendants' 211 facts and arguments. If anything, this leads to the conclusion that Defendants are the parties from whose submissions material should be stricken.

**B.     Plaintiff's Submission Complies with the Local Rules and was Necessary to Respond to the Improper Nature of Defendants' Own Submission**

Even assuming that Defendants have suffered the requisite prejudice as a result of Plaintiff's submission, which they have not and which they have not even alleged, Plaintiff's submission complies with the Local Rules in any event. Further, each and every alleged "impropriety" enumerated by Defendants constitute nothing more than Plaintiff's efforts to respond to Defendants' own numerous violations of the Local Rules. For these reasons, Defendants' motion should be denied.

In Paragraph 10, Defendants complain that Plaintiff inserts clarifying material into some of his admissions of Defendants' 211 facts and arguments. Defendants have an ethical duty of candor to the Court, which implies a duty not to mislead and to take purported "facts" out of context. (N.D. Ill. Rule of Professional Conduct 85.53.3). In every instance in which Plaintiff added clarifying material, it was to correct misleading implications and arguments by Defendants and to assist in placing fact statements in their proper context. Since Defendants' ethical duty of candor requires them to refrain from making misleading statements to the Court, their objections to Plaintiff's clarifying statements are misplaced.

Defendants' complaints contained in Paragraph 11 of their motion are equally misplaced. In this paragraph, Defendants complain that some of Plaintiff's responses to their 211 fact statements contain objections. This complaint is particularly illogical because in each such instance, Plaintiff points out to the court the instances in which Defendants' purported fact statements are legal conclusions, and not fact statements at all. Since Defendants have the responsibility to refrain from attempts to "pass off" legal conclusions as facts, their objection to Plaintiff's identification of those improper conclusions is again misplaced.

Defendants' objections to Plaintiff's submission in Paragraph 12 of their motion are completely illogical on their face.  The substance of Defendants' complaints in this Paragraph is that some of Plaintiff's responses to their fact statements are not "short."  As discussed above, Defendants' submission contains 211 discrete and unrelated fact statements and arguments, all of which are packed into 79 paragraphs.  Some paragraphs contain as many as five separate fact statements in each one.  If Plaintiff has to respond to as many as five discrete allegations in one numbered paragraph, it stands to reason that some of Plaintiff's numbered paragraph will be rather long.  For this reason, Defendants' objections in Paragraph 12 of their motion are without merit.

Plaintiff disagrees with the contention in Paragraph 13 that some of Plaintiff's responses are improperly argumentative.  Again, as part of their ethical duty of candor, Defendants have the obligation not to mislead the court.  In each of the responses enumerated by the Defendants in Paragraph 13, Plaintiff has attempted to correct a misleading statement contained in Defendants' submission or to place the evidence in its proper context.  Moreover, even assuming that Plaintiff's responses are argumentative, which they are not, Defendants' own statement of facts contains a high percentage of argument.  Such paragraphs were identified in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

**C.    Conclusion**

For all of the above reasons, Defendants' motion to strike should be denied.  Although the Court informed the parties in open court that it was not its preference to receive motions to strike, Defendants have expended even more taxpayer dollars and have done so anyway.  Defendants have not alleged any prejudice resulting from Plaintiff's submission, and therefore it stands to reason that this motion was only filed to be vexatious to Plaintiff and to delay the

disposition of the parties' cross-motions for summary judgment.  For this reason, Plaintiff respectfully requests that this honorable Court deny Defendants' motion to strike, award Plaintiff his fees and costs in having to respond to this motion, and award Plaintiff any other relief it may deem just and proper.

Dated:  July 31, 2009                                        Respectfully Submitted,

                                                             DANIEL RASIC

Alejandro Caffarelli #06239078
Jessica J. Fayerman #06286140
Caffarelli & Siegel Ltd.                           /s/   Alejandro Caffarelli
Two Prudential Plaza                               One of Plaintiff's Attorneys
180 N. Stetson, Suite 3150
Chicago, Illinois 60601
(312) 540-1230
(312) 540-1231

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, Plaintiff's Response to Defendants' Motion to Strike, to be served upon the parties listed below via the electronic filing system of the United States District Court for the Northern District of Illinois, on July 31, 2009.

Mark H. Sterk
Michael J. Hayes, Jr.
Michael McGrath
Leslie Q. Kennedy
Odelson & Sterk, Ltd.
3318 West 95th Street
Evergreen Park, IL 60805

John B. Murphey
Yancey L. Pinkston, Jr.
Rosenthal, Murphey & Coblentz
30 N LaSalle Street, Ste. 1624
Chicago, IL 60602


Courtesy copies delivered the same day via hand delivery to the chambers of Magistrate Judge Schenkier.


    /s/ Alejandro Caffarelli
Alejandro Caffarelli
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 N. Stetson, Suite 3150
Chicago, IL 60601