IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL RASIC,                                )
                                             )
            Plaintiff,                       )
                                             )   No. 08 C 0104
vs.                                          )
                                             )   Magistrate Judge Schenkier
CITY OF NORTHLAKE,                           )
CHIEF DENNIS A. KOLETSOS, individually,      )
and the CITY OF NORTHLAKE POLICE AND         )
FIRE COMMISSION, Roberta Larson,             )
Manuel Ferra, and Gary Merchant,             )
                                             )
            Defendants.                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this lawsuit on January 7, 2008, alleging interference with his rights under the Family and Medical Leave Act ("FMLA"), and retaliation against him for exercising rights under the FMLA. The complaint also included a supplemental Illinois state law claim for administrative review concerning the decision by the City of Northlake Police and Fire Commission to terminate Mr. Rasic's employment.

On September 25, 2009, this Court granted defendants' summary judgment on Mr. Rasic's claim for interference with his rights under the FMLA, but held that his claim for retaliation under the FMLA presented a triable jury case (doc. # 75). In that ruling, the Court deferred consideration of the administrative review claim pending the outcome of the trial on the FMLA retaliation claim.

After a three-day trial, on April 28, 2010, a jury found in favor of Mr. Rasic and against defendants on his claim of FMLA retaliation, awarding him $174,000.00 in damages. In an opinion dated August 24, 2010, this Court denied defendants' motions for judgment as a matter of law and

for a new trial, affirmed the jury verdict and damages award, and added to that award an equal amount of liquidated damages. The Court also awarded plaintiff front pay and prejudgment interest, which brought the total judgment amount to $460,887.32 (doc. # 179). On September 14, 2010, by agreement of the parties, the Court relinquished jurisdiction of the supplemental state law administrative review claim, and entered final judgment on the rulings on Mr. Rasic's claims under the FMLA (*Id.*). Defendants have appealed the judgment in favor of Mr. Rasic on the FMLA retaliation claim (doc. # 165). Mr. Rasic has not crossed-appealed the judgment in favor of the defendants on the FMLA interference claim.

The sole issue remaining before this Court is plaintiff's motion for an award of attorneys' fees and related non-taxable expenses (doc. # 169). In that motion, Mr. Rasic seeks an award of a total of $306,406.00, consisting of $304,755.00 in attorneys' fees and $1,651.00 in costs. Defendants do not challenge the costs that Mr. Rasic seeks. In addition, defendants do not challenge the reasonableness of the hourly rates claimed by Mr. Rasic's attorneys; nor do they dispute the fact that Mr. Rasic's attorneys actually billed the total number of hours for which they seek compensation. Rather, defendants' sole challenge is that they contend Mr. Rasic's attorneys spent too much time in prosecuting the case, and that the fee request should be reduced by at least one third (Defs.' Comb. Resp. at 6).

For the reasons set forth below, we agree with Mr. Rasic that defendants have failed to establish a sound basis to reduce the fee request by one-third. However, we do find that certain specific reductions in the fees requested are in order. We therefore grant Mr. Rasic's motion for attorneys' fees and related non-taxable expenses, but in the reduced amount of $278,891.00.

**I.**

In assessing plaintiff's fee request, we are guided by certain well-established principles. We begin with the "lodestar" analysis: that is, the number of hours reasonably expended by plaintiff's attorneys multiplied by their reasonable hourly rates. *People Who Care v. Rockford Board of Education*, 90 F.3d 1307, 1310 (7th Cir. 1996). The lodestar calculation is the "starting point for any award of attorney's fees." *Duetchak v. Central States, Southeast and Southwest Areas Pension Fund*, 932 F.2d 591, 596 (7th Cir. 1991). The Court may then adjust the lodestar calculation based on various factors, including the degree of success plaintiff obtained, *see, e.g. Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999), and the relationship between the lodestar amount and the damages awarded. *See, e.g., Moriarty v. Svec*, 233 F.3d 955, 967-68 (7th Cir. 2000) (while there is no rule "requiring that a reasonable attorney's fee be no greater than some multiple of the damages claimed or recovered, . . . proportionality concerns are a factor in determining what a reasonable attorney's fee is").

**II.**

In aid of their request that Mr. Rasic's fee petition be reduced by at least one-third, defendants offer three general arguments, none of which we find persuasive.

*First*, defendants argue that the Court should consider the fact that Mr. Rasic has a contingency fee arrangement with his attorneys as a factor in reducing the fee requests (Defs.' Comb. Resp. at 6). Defendants do not suggest what level of reduction is warranted by that fact, but instead argue generally that the fee award "should not be used to afford plaintiff or his counsel a windfall where an agreement between the parties as to an amount of reasonable compensation has been reached by them" (*Id.*).

Mr. Rasic has disclosed that the contingent fee agreement provides that his attorneys will receive the greater of their hourly fees incurred or 40 percent of the gross recovery. Since Mr. Rasic's gross recovery, including front pay, is $460,887.32, 40 percent of that recovery would result in a contingency fee payment of $184,354.93, which is less than the amount plaintiffs' attorneys seek in their motion. However, a contingency fee arrangement does not serve as an automatic ceiling on the amount of a statutory fee award. *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989); *see also Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 439 (7th Cir. 2004) (observing that the contingency fee "percentage specified in [a] contract should not cap such awards"); *Webb v. James*, 967 F.Supp. 320, 325 (N.D. Ill. 1997) (awarding $89,987.25 in attorneys' fees to plaintiff, which substantially exceeded the $20,000.00 contingency fee payment that otherwise would have resulted from plaintiff's recovery).

Moreover, we fail to see how an award of statutory fees in this case that exceeds the amount that plaintiff's counsel would receive by a contingency fee award would result in a windfall either to plaintiff or counsel. The contingency fee arrangement clearly contemplated different scenarios: some in which a percentage of gross recovery would apply (for example, in the situation of a settlement), and some in which plaintiff's counsel would receive an award based on hourly fees. Since the contingency fee agreement contemplates that Mr. Rasic's attorneys will receive the ***greater*** of their hourly fees incurred or 40 percent of the gross recovery, there is no unanticipated "windfall" in awarding hourly fees here.

*Second*, defendants argue that billing records of Mr. Rasic's counsel are so vague and so frequently used "block billing" that plaintiff has failed to meet the burden of providing records sufficient to support the reasonableness of the time spent (Defs.' Mem. at 5). Our review of the time

4

records of Mr. Rasic's attorneys leads us to disagree with this criticism. Block billing (that is, the bundling of different tasks into one consolidated time entry) is permissible, even if not favored. *Farfaras v. Citizens Bank and Trust Co. of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006). The relevant inquiry is not whether block billing was used, but whether the time records are sufficient to allow an opposing party to determine whether there are objections, and sufficient to allow the Court to resolve those objections. Here, while certain of the time entries could and should have been more specific, they provide enough detail to satisfy that requirement.

Indeed, defendants' specific objections to the expenditure of time by Mr. Rasic's attorneys proves the point. Defendants challenge the amount of time that plaintiffs' counsel spent on nine particular tasks during the conduct of the litigation (Defs.' Comb. Resp. Mem. at 3-4). Those categories of time comprise 412 hours: more than one-third of the total number of hours that plaintiffs' counsel devoted to the case. If there were other entries that – according to defendants – reflect an excessive expenditure of time, there is no reason defendants could not have raised those as well.

### III.

That brings us to defendants' objection to the amount of time plaintiff's counsel spent on nine particular tasks in the case. We address each of those in turn.

### A.

Defendants claim that plaintiffs' counsel should not have spent 9.25 hours in drafting correspondence to Mr. Rasic in December 2007, shortly before the onset of the lawsuit. Time spent on preparatory matters "before the formal commencement of litigation" is time reasonably spent on the litigation, and can be included in a subsequent fee award. *Webb v. Board of Education of Dyer*

*County, Tennessee*, 471 U.S. 234, 250 (1985). The four-page memorandum at issue advised Mr. Rasic of "litigation options." Carefully advising the client about litigation options prior to taking the significant step of filing a complaint is a prudent expenditure of time. In this case, the expenditure of 9.25 hours for that task approaches, but does not cross, the outer edge of reasonableness. Accordingly, we will not reduce any of the time billed for this activity.

**B.**

Defendants challenge the expenditure by plaintiff's counsel of 16.5 hours in July 2008 to review administrative transcripts for deposition preparation. The hearing record consists of 350 pages of testimony and more than 30 exhibits. The persons who testified at the administrative hearing included many key witnesses who later testified at the trial of this case. Moreover, we note that plaintiff's counsel during this trial were not the same attorneys who represented him at the administrative hearing. In these circumstances, we do not find 16.5 hours to be an excessive amount of time to carefully review transcripts and exhibits that would prove central in this lawsuit.

**C.**

Defendants criticize the expenditure by plaintiff's counsel of 28.75 hours in August and November 2008 to prepare for a Rule 30(b)(6) deposition and a motion to compel. The Rule 30(b)(6) deposition notice covered 24 specific areas of inquiry. The individual designated by defendants as the 30(b)(6) witness was Police Chief Dennis Koletsos, one of the defendants and the central actor in the dispute that gave rise to this lawsuit. In considering the reasonableness of the time spent, we also take into consideration that the delay in the deposition from August to November (at defendants' behest) caused more time to be spent on this task than otherwise would have been the case. In all these circumstances, we find that the expenditure of 28.75 hours in preparation for

the deposition of Chief Koletsos both individually and as a Rule 30 (b)(6) witness was within the range of reasonableness, and so decline to reduce any of the hours billed for that activity.

**D.**

Early in the case, defendants sought to dismiss Chief Koletsos as a defendant in the lawsuit on the ground, among others, of qualified immunity. In an Opinion dated June 27, 2008, the Court denied that motion. Defendants pursued an interlocutory appeal of that denial (which they later voluntarily dismissed).

During the pendency of the interlocutory appeal, the Seventh Circuit scheduled a mandatory settlement conference, which took place on September 19, 2008. Mr. Rasic's attorneys spent 29 hours to prepare for and attend that conference. Defendants challenge that amount of time as excessive, pointing out that they spent only 5.75 hours in preparing for and attending the same settlement conference.

Here, we agree that the expenditure of 28.75 hours for the settlement conference exceeded what was reasonable. We do not reach this conclusion based on the mere fact that defendants spent only 5.75 hours in preparing for and attending the same settlement conference. Perhaps the small amount of time defendants devoted to that task was insufficient. And, we agree with plaintiff's observation that "[s]ignificant time spent preparing for a settlement conference is both reasonable and necessary" (Pl.'s Reply Mem. at 9). But, we disagree that nearly 29 hours for what was plainly a brief settlement conference was reasonable or necessary. By the time of that settlement conference, plaintiff's counsel should have been well-versed in FMLA law, the facts of the case as they knew them, and the potential verdict value in the case. We reduce this amount of time by 10 hours, at the rate of $220.00 an hour (reflecting the hourly rate billed by associates who devoted 17.25 hours to

7

the preparation, and leaving unchanged the 11.5 hours that plaintiff's lead counsel devoted to this task). That results in a reduction of $2,200.00 to the fee request.

E.

As part of this Court's standing order on motions for summary judgment, a party who wishes to seek summary judgment must – prior to filing a motion – serve a short letter on opposing counsel setting forth the undisputed facts and governing law which that party asserts warrants summary judgment. In this case, defendants challenge the 21.25 hours that plaintiff's counsel spent during March 2009 in drafting a summary judgment letter in response to the one sent by defendants.

In assessing this objection, we note that defendants say that they spent 10.75 hours preparing the letter, which was six pages long. Plaintiff spent 21.25 hours in drafting a 12-page response. We note that a significant portion of plaintiff's letter was devoted to discussing an issue on which Mr. Rasic did not prevail: the FMLA interference claim. We find it appropriate to reduce the amount of time devoted to this task to reflect plaintiff's lack of success on the FMLA interference claim, an issue which reflects an expenditure of time that would not have otherwise been devoted to the letter. *See Merriweather v. Family Stores of Indiana, Inc.*, 103 F.3d 576, 583 (7th Cir. 1996) (a plaintiff is not entitled to compensation for work performed on unsuccessful claims that are unrelated to the plaintiff's prevailing claim) (citations omitted). We therefore reduce the amount of time devoted to this task by seven hours. Since substantial time was devoted to this task both by Mr. Caffarelli and Ms. Fayerman at different billing rates, we use a blended rate to reflect the amount

of time that they collectively devoted to this task, which results in an average hourly rate of $250.00.[1]
That results in a reduction of $1,750.00 in the amount sought by Mr. Rasic's counsel.

### F.

Defendants challenge the request by Mr. Rasic's counsel for 164 hours of time devoted to briefing the motions for summary judgment. At first blush, this amount of time is not disproportionate to the amount of time spent by defense counsel, which defendants concede was 145 hours (Defs.' Comb. Resp. at 4).

However, we again take into consideration that Mr. Rasic did not succeed at summary judgment on his FMLA interference claim. To the contrary, defendants obtained summary judgment on that claim, a summary judgment that has been reduced to a final judgment and is not part of the appeal of the final judgment that is now before the Seventh Circuit. A substantial and discrete portion of the briefing was devoted to the FMLA interference claim. We find it appropriate to deduct that time from Mr. Rasic's fee request, as it reflects time that would not have been spent in the briefing but for the pursuit of the failed FMLA interference claim. We reduce the amount of time sought by Mr. Rasic's counsel for the summary judgment briefing by 41 hours, one-fourth of the total spent on the briefing. At an average hourly rate of $266.00, that results in a reduction in the requested fees of $10,906.00.[2]

---

[1] Mr. Caffarelli spent 5.25 hours on the task at the rate of $340.00 an hour, while Ms. Fayerman spent 16 hours on the task at the rate of $220.00. That resulted in a total expenditure of time of 21.25 hours and a total fee of $5,305.00, which results in an average hourly rate of $250.00 an hour ($5,305.00 divided by 21.25).

[2] In the summary judgment briefing, Mr. Caffarelli spent 63 hours at $340.00 an hour and Ms. Fayerman spent 101 hours at $220.00 an hour. That resulted in a total of 164 hours at a total fee of $43,640.00, which results in an average hourly rate of $266.00 ($43,640.00 divided by 164).

9

## G.

Defendants challenge the request by plaintiff's counsel for 8.75 hours expended in September 2008 in preparing a motion to reconsider the Court's grant of summary judgment for defendants on the FMLA interference claim. The motion was denied, and plaintiff has not appealed the adverse final judgment of the FMLA interference claim. In these circumstances, we find it appropriate to exclude this time from the fees awarded to plaintiff's counsel. At Mr. Caffarelli's hourly rate of $340.00, the elimination of this 8.75 hours of time results in a reduction in the requested fee award by $2,975.00.

## H.

Defendants challenge 62 hours spent by plaintiff's counsel in February and April 2010 for trial preparation and exhibit review. In their objection, defendants do not disclose the amount of time that they spent on those tasks (Defs.' Comb. Resp. at 4). Based on the Court's knowledge of the scope of the exhibits and witnesses identified in the final pretrial order, jury instructions, and other necessary trial preparation matters, we see no basis to reduce this category of time requested by plaintiff's counsel.

## I.

Finally, defendants challenge 72.5 hours of time devoted by plaintiff's attorneys to research and draft four motions *in limine* and responses to seven motions *in limine*. By contrast to the 72.5 hours spent by plaintiff's counsel, defense counsel spent 18.25 hours briefing the same motions *in limine*.

The Court is familiar with the motions *in limine* that were briefed. Most of the motions and responses were quite short, and cited little if any case law. All eleven motions were decided in oral rulings from the bench, which were summarized in a minute order (doc. # 114). One can debate whether 18.25 hours was sufficient time to spend on those eleven motions *in limine*, but in our judgment, there is not doubt that 72.50 hours was far too much time to spend on those motions *in limine*. We reduce that amount by approximately half, 36 hours. At an average billing rate of $269.00 per hour, that results in a reduction to plaintiff's requested fee of $9,684.00.[3]

## IV.

With these reductions, plaintiff's attorneys' fees and costs award total $278,891.00, reflecting a reduction in the requested fee award of $27,515.00. That award is not out of line with the recovery that plaintiff achieved of $460,887.32. In so finding, we take into consideration that this was a hotly contested case, which carried a substantial risk that the plaintiff would not prevail before the jury. We also note that defendants do not argue that plaintiff's requested fee award is disproportionate to the success achieved in the case. We find no reason to exercise our discretion to reduce the award based on proportionality or on the degree of success achieved.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for attorneys' fees and related non-taxable expenses (doc. # 169) is granted, but in the reduced amount of $278,891.00, which consists of

---

[3] Mr. Caffarelli spent 29.25 hours on the motions *in limine* at $340.00 an hour, and Ms. Peeters spent 43 hours on the motions *in limine* at $220.00 an hour. This resulted in a total expenditure of 72.25 hours and a fee of $19,405.00, which comes to an average hourly rate of $269.00 ($19,405.00 divided by 72.25).

11

$277,240.00 in attorneys' fees and $1,651.00 in costs. This award reflects a total reduction of $27,515.00 in the amount of attorneys' fees requested by Mr. Rasic's counsel.

          **ENTER:**

          *[signature]*
          **SIDNEY I. SCHENKIER**
          **United States Magistrate Judge**

**Dated: December 20, 2010**